UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:23-cv-13065-WGY |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS |
| vs. | ) ) | LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |
| MERCURY SYSTEMS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

## I. PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit on behalf of purchasers or acquirers of Mercury Systems, Inc. ("Mercury" or the "Company") common stock between December 7, 2020 and June 23, 2023, inclusive (the "Class Period") pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("1934 Act"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") instructs district courts to "appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Carpenters Pension Trust Fund for Northern California (the "Pension Trust Fund") respectfully submits that it is the presumptively most adequate plaintiff in this case because it filed a timely motion in response to a notice, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Robbins Geller Rudman & Dowd LLP and Grant & Eisenhofer P.A. should be approved as lead counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

Mercury is a technology company that produces component modules and subsystems for the aerospace and defense industries. In December 2020, Mercury Systems acquired Physical Optics Corporation ("POC"). The Company's common stock is publicly traded on the NASDAQ under the symbol MRCY.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Mercury Systems' serial acquirer strategy was not working and the Company was using improper revenue recognition practices such as

changing to long-term contracts to mask deteriorating organic growth; (ii) Mercury Systems' acquisition of POC caused POC to lose its small business accreditation, which prevented POC from winning contracts that made up a large portion of its historical business; (iii) Mercury Systems had at least twenty programs that were suffering and not performing well; and (iv) Mercury Systems' initiative to increase margins was not working and was in fact cutting into margins.

On July 26, 2022, Glasshouse Research initiated coverage of Mercury Systems with a strong sell report entitled "Roll-Up Mercury Systems Set to Unravel." ECF No. 1 at ¶53. The Glasshouse Report revealed that: (i) Mercury Systems overstated organic growth; (ii) the POC acquisition had been a "disaster" which was utilized to obscure Mercury Systems' financial results; (iii) the Company's highly touted strategic growth initiative "1MPACT" was a failure; and (iv) Mercury's management prematurely recognized revenue on significant projects to artificially boost both revenue and earnings unsustainably which also caused the Company's working capital and unbilled receivables to balloon far beyond industry norms. *Id.* On this news, the price of Mercury Systems common stock fell nearly 8%.

Then, on May 2, 2023, Mercury Systems reported its third quarter of 2023 financial results which revealed the Company forecast revenue to be in the range of $990.0 million to $1.01 billion (down from $1.01 billion to $1.05 billion), GAAP net loss of $19.0 million to $11.1 million (down from GAAP net income of $13.9 million to $24.8 million), adjusted EBITDA in a range of $160.0 million to $170.0 million (down from $202.5 million to $215.0 million), and adjusted EPS in a range of $1.36 to $1.50 per share (down from $1.90 to $2.08 per share). Mercury Systems also disclosed that approximately a dozen of its 300-plus active programs had been negatively affected by higher costs related to labor and supply chain inefficiencies. On this news, the price of Mercury Systems common stock fell more than 17%.

4886-9949-5332.v1

Thereafter, on June 23, 2023, Mercury Systems announced a series of changes to leadership and its Board of Directors, including changes to the positions of President and CEO, the appointment of a new independent director, and the identification of a second new independent director and a permanent CFO.  On this news, the price of Mercury Systems common stock fell nearly 10%.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's common stock, the Pension Trust Fund and other putative class members have suffered significant losses and damages

## III.   ARGUMENT

### A.   The Pension Trust Fund Should Be Appointed Lead Plaintiff

#### 1.   The Procedures Required by the PSLRA

The PSLRA established a procedure that governs the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  The PSLRA states that "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in connection with this case was published on *Business Wire*, a national, business-oriented newswire service, on December 13, 2023.  *See* Hess-Mahan Decl., Ex. A.[1]  Within 60 days after publication of

---

[1]   References to the "Hess-Mahan Decl., Ex. __ " are to the exhibits attached to the accompanying Declaration of Theodore M. Hess-Mahan in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel.

4886-9949-5332.v1

the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Pension Trust Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 2. The Pension Trust Fund Satisfies the Lead Plaintiff Requirements of the PSLRA

#### a. The Pension Trust Fund's Motion Is Timely

The December 13, 2023, statutory notice published in connection with the filing of the complaint advised putative class members of the pendency of the action, the claims asserted, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by February 12, 2024. *See* Hess-Mahan Decl., Ex. A.  By filing a motion by the statutory deadline, the Pension Trust Fund has satisfied the first statutory requirement for appointment as lead plaintiff.

#### b. The Pension Trust Fund Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, the Pension Trust Fund purchased 41,950 shares of Mercury Systems stock and suffered approximately $739,496 in losses under a last-in, first-out calculation.  *See* Hess-Mahan Decl., Exs. B, C.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Pension Trust Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

4886-9949-5332.v1

### c.      The Pension Trust Fund Satisfies Rule 23

Under the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. . . . Those findings need only be 'preliminary.'" *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014) (citation omitted).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class." *Local No. 8*, 52 F. Supp. 3d at 341. Here, the Pension Trust Fund meets this requirement because, just like all other class members, it purchased Mercury Systems common stock in reliance upon defendants' allegedly materially false and misleading statements and suffered damages thereby. Thus, the Pension Trust Fund's claims are typical of those of other class members since every claim arises out of the same course of events and is based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A plaintiff is "capable of adequately protecting the interests of the class" by "possess[ing] 'common interests and an absence of conflict with the class members[,] and . . . plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.'" *Local No. 8*, 52 F. Supp. 3d at 341 (citation omitted). Here, the Pension Trust Fund will adequately represent the class because its interest in the action is clearly aligned with the interests of the other members of the class. And, as a sophisticated institutional investor with experience serving as a lead plaintiff, the Pension Trust Fund is precisely the type of investor whose

- 5 -

participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). Indeed, the Pension Trust Fund is a multi-employer defined benefit pension plan that manages more than $5 billion in assets for the benefit of more than 50,000 plan participants.[2] Finally, as explained below, the Pension Trust Fund has selected experienced and qualified counsel, further evidencing its ability to fairly and competently represent the interests of the putative class.

The Pension Trust Fund therefore preliminarily satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.   The Court Should Approve Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). "'Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.'" *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at *4 (D. Mass. Dec. 13, 2006) (citation omitted). Robbins Geller and G&E are proposed lead counsel in this case.[3]

---

[2]   Additional information about the Pension Trust Fund, its governance, and finances are available at https://carpenterfunds.com/retirement/pension/.

[3]   For a detailed description of proposed lead counsel's track records, resources, and attorneys, please *see* https://www.rgrdlaw.com and https://gelaw.com. Paper copies of the Firms' resumes are available upon the Court's request, if preferred.

4886-9949-5332.v1

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See Brill v. Invivyd, Inc.*, No. 1:23-cv-10254-LTS (D. Mass.); *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.); *Young v. Commonwealth REIT*, No. 1:12-cv-12405-DJC (D. Mass.). Notably, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

G&E has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco Int'l Ltd. Sec. Litig.*, MDL No. 1:02-cv-01335 (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Sec. Litig.*, No. 1:02-cv-00910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Sec. Litig.*, No. 1:05-cv-08626 (S.D.N.Y.) ($422 million recovery); *In re Marsh & McLennan Cos. Sec. Litig.*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re Gen.*

4886-9949-5332.v1

*Motors Corp. Sec. Litig.*, MDL No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Sec. Litig.*, MDL No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery).

Moreover, G&E and Robbins Geller have a history of successfully prosecuting securities fraud class actions together, including having recently recovered $47 million on behalf of injured investors in *Deka Investment GMBH v. Santander Consumer USA Holdings Inc.*, No. 3:15-cv-02129-K (N.D. Tex.).

Based on these qualifications, Robbins Geller and G&E should be approved as lead counsel.

## IV.    CONCLUSION

The Pension Trust Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Trust Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve lead counsel.

DATED: February 12, 2024                Respectfully submitted,

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109

*/s/Theodore M. Hess-Mahan*
THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: 781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Local Counsel

- 8 -

4886-9949-5332.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

GRANT & EISENHOFER P.A.
DANIEL L. BERGER
CAITLIN M. MOYNA
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  646/722-8500
646/722-8501 (fax)
dberger@gelaw.com
cmoyna@gelaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

WEINBERG, ROGER & ROSENFELD, P.C.
EZEKIEL D. CARDER
1375 55th Street
Emeryville, CA  94608
Telephone:  510/337-1001
510/337-1023 (fax)
ecarder@unioncounsel.net

Additional Counsel

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 12, 2024.

*/s/Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan

- 9 -

4886-9949-5332.v1