# Exhibit E



Cera LLP is a law firm which represents plaintiffs in complex litigation matters including class actions, often on a contingency fee basis, and is based in San Francisco, California, with an office in Boston, Massachusetts.  The Firm is devoted to the aggressive pursuit of its clients' legal objectives.  The Firm's practice consists primarily of complex business litigation with an emphasis on securities litigation, antitrust litigation, consumer litigation and copyright litigation.  University of San Francisco Law School chose Cera LLP as its Law Firm of the Year for 2023.

The Firm has had experience representing its clients in federal and state courts located across the nation.  The particular areas of the Firm's expertise include the following practice areas:

- Antitrust Litigation
- Securities Litigation
- Consumer Litigation
- Copyright Litigation
- Breach of Fiduciary Duties by Corporate Officers and Directors and General Partners
- Accountants' Liability
- Whistleblower Litigation
- Corporate Litigation

Among the Firm's recent leadership appointments include: *In re Caustic Soda Antitrust Litigation*, No. 19-cv-00385-EAQ-MJR (W.D.N.Y.) (antitrust); *In re Svenhard's Swedish Bakery*, No. 20-cv-0454-SI (D. Or.) (approved as Special Litigation Counsel to debtor); *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litig.*, No. 19-MD-02913-WHO (N.D. Cal.) (member of Steering Committee for indirect purchasers).  In June 2022, the Firm took a securities fraud class action to trial resulting in a jury verdict in favor of the class, finding 57% inflation in the stock at issue (*Gruber v. Gilbertson*, No. 16-cv-09727-JSR (S.D.N.Y.).

The Firm's clientele is diverse.  In the course of its practice, the Firm has served as counsel to a variety of individuals and business organizations including entrepreneurs, individual and corporate investors, and small to large businesses.  The Firm represents its clients on either a contingent fee or a negotiated fee basis depending on the specific circumstances and needs of the client.

Resume of Cera LLP
Page Two of Five

During the course of the Firm's work, its members have gained considerable knowledge of a number of varied industries.  They include but are not limited to the following: commodity chemicals; airlines; banking; retailing; insurance; commercial real estate; toys; communications; electronics; video games; medical imaging; savings and loan; finance leasing; capital equipment leasing; microcomputers; mainframe computers; independent power production; industrial chemicals; oil and gas; retail and institutional brokerage; municipal bonds; tax-advantaged investments; hedged fund investing and derivatives; food and beverage; food additives; animal feed; health care and e-commerce.

In addition, members of the Firm have acquired expertise in a number of different business disciplines including: corporate reorganizations; mergers and acquisitions; investment banking; economic modeling; accounting; auditing and damage analyses.

For over forty (40) years, the Firm and its predecessors have been involved in some of the most significant cases in the country.  These cases resulted in substantial recoveries, well in excess of $1 billion for the Firm's clients, and have established and built on basic principles for handling complex litigation.

## **Antitrust Litigation**

The Firm has significant antitrust litigation experience.  The Court in the *Rubber Chemicals Antitrust Litigation* found that it was undisputed that the Firm has "extensive experience and expertise in antitrust and other class actions, as well as other complex litigation, and have successfully prosecuted such cases in courts across the country." *In re Rubber Chemicals Antitrust Litigation*, 232 F.R.D. 346 (N.D. Cal. 2005).  The Firm has played a lead role in the following antitrust actions:

| | |
|---|---|
| *Titanium Dioxide Antitrust Litig.* ($163.5 million) (Baltimore) | *Cast Iron Soil Pipe Antitrust Litig.* ($30 million) (Chattanooga) |
| *Merced v. Barclays Antitrust Litig.* ($29 million) (New York) | *Methionine Antitrust Litig.* ($107 million) (San Francisco) |
| *EPDM Antitrust Litig.* ($99.3 million) (Connecticut) | *Rubber Chemicals Antitrust Litig.* ($320 million) (San Francisco) |
| *CR Antitrust Litig.* ($62 million) (Connecticut) | *Polyester Staple Antitrust Litig.* ($63.5 million) (Charlotte) |
| *Organic Peroxide Antitrust Litig.* ($37 million) (Washington, D.C.) | *High Pressure Laminates Antitrust Litig.* ($40.5 million) (New York) |

Resume of Cera LLP
Page Three of Five

| | |
|---|---|
| *Plastic Additives Antitrust Litig.* ($46.8 million) (Philadelphia) | *NBR Antitrust Litig.* ($35 million) (Pittsburgh) |
| *MCAA Antitrust Litig.* ($15.6 million) (Washington D.C.) | *Carbon Black Antitrust Litig.* ($20 million) (Boston) |
| *Ceramic Substrates Antitrust Litigation* ($17.3 million) (Detroit) | |

## **Securities Litigation**

The Firm also has significant experience in successfully litigating securities litigation cases.  Some of these cases in which the Firm has played a lead role include:

*Gruber v. Gilbertson, et al. (Dakota Plains Holdings, Inc.)*
($14.2 million) (New York) (2022 trial verdict and settlement)

| | |
|---|---|
| *Tronox Securities Litig.* ($37 million) (New York) | *Pacific Lumber Sec. Litig.* ($140 million) (New York) |
| *Peregrine Systems, Inc. Sec. Litig.* ($117 million) (San Diego) | *Legato Systems Sec. Litig.* ($85 million) (San Jose) |
| *Hedged Investment Assoc. Sec. Litig.* ($50 million) (Denver) | *Nucorp Energy Sec. Litig.* ($54 million) (San Diego) |
| *Itel Corporation Sec. Litig.* ($40 million) (San Francisco) | *First Capital Holdings Sec. Litig.* ($47.5 million) (Los Angeles) |
| *Hallwood Realty Partners, L.P. Sec. Litig.* ($35.5 million) (San Francisco) | *Sonus Securities Litig.* ($40 million) (Boston) |
| *CBT Group PLC Sec. Litig.* ($32 million) (San Jose) | *American Energy Resources Sec. Litig.* ($33 million) (San Francisco) |
| *Rent-Way Sec. Litig.* ($30 million) (Erie, PA) | *Wickes Cos. Securities Litig.* ($32 million) (San Diego) |
| *Consolidated Capital Sec. Litig.* ($29.5 million) (San Francisco) | *Sun Microsystems Sec. Litig.* ($30 million) (San Jose) |
| *Diasonics Sec. Litig.* ($25 million) (San Jose) | *HPL Technologies, Inc. Sec. Litig.* ($25.5 million) (San Francisco) |
| *BearingPoint Securities Litig.* ($7.5 million) (Alexandria, VA) | *Textainer Equipment Partnership Litig.* ($10 million) (San Francisco) |

Resume of Cera LLP
Page Four of Five


The Firm is currently acting as counsel for plaintiffs in a number of other pending securities and antitrust actions, and has or is also currently representing plaintiffs in other class actions: *Juul Antitrust Litigation* (San Francisco), *Caustic Soda Antitrust Litigation* (Buffalo, New York) *Bearings Antitrust Litigation* (Detroit), *Shock Absorbers Antitrust Litigation* (Detroit), *Zinc Antitrust Litigation* (New York), *Capacitors Antitrust Litigation* (San Francisco), *Packaged Seafood Products Antitrust Litigation* (San Diego), *Chickens Antitrust Litigation* (Chicago), *Bulk Bleach Antitrust Litigation* (Charleston, SC), *VeriFone Securities Litigation* (San Jose), *Yuhe International Securities Litigation* (Los Angeles), *Wonder Auto Technology Securities Litigation* (New York), *Sino Clean Energy Securities Litigation* (Los Angeles), *China Intelligent Securities Litigation* (Los Angeles), *Wire Harness Antitrust Litigation* (Detroit), *Foreign Exchange Benchmark Rates Antitrust Litigation* (New York), *Brent Crude Futures Antitrust Litigation* (New York), *Aluminum Warehousing Antitrust Litigation* (New York), *Gold Futures Antitrust Litigation* (New York), *Municipal Derivatives Antitrust Litigation* (New York), *Blood Plasma Antitrust Litigation* (Chicago), *Compressors Antitrust Litigation* (Detroit), *Airfreight Shipping Surcharge Antitrust Litigation* (New York), *Sorbate Antitrust Litigation* (San Francisco), *Folding Carton Antitrust Litigation* (Chicago), *Corrugated Carton Antitrust Litigation* (Houston), *Sugar Antitrust Litigation* (San Francisco), *Beer Antitrust Litigation* (Honolulu), and the *Infant Baby Formula Antitrust Litigation* (Los Angeles).

## **Other Complex Business Litigation**

The Firm obtained a Ninth Circuit reversal of a decision in an ERISA action on behalf of an individual who alleged he was denied a retirement benefit now worth approximately Fifty Million Dollars. *Sender v. Franklin Resources, Inc.*, 660 F.App'x 379 (9th Cir. 2015). The Ninth Circuit oral argument may be viewed at
http://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000007711

Sizeable recoveries have been made in complex business cases as well. For example, the Firm recovered approximately three million dollars ($3,000,000) on behalf of two individuals in a business fraud case. In a major case involving breaches of trust and fiduciary duty, the Firm's effort caused a capital restructuring of a sizeable financial institution, thereby creating a substantial benefit to the Firm's clients and the financial institution (by the elimination of "management" stock), as well as a cash recovery of over one million dollars ($1,000,000).

The Firm also represented management shareholders of a then private biotechnology company where it was successful in recovering $2 million in stock, reconstituting the board, and imposing voting restrictions on certain significant shares which were held by investors hostile to management. The litigation was an important milestone in the Company's history and permitted the Company to complete a $76 million Initial Public Offering.

Resume of Cera LLP
Page Five of Five

The Firm has also handled the defense of major litigation.  In one situation, the Firm orchestrated the successful defense of a multi-million dollar claim asserted against numerous sophisticated individuals and a related Chapter 11 bankruptcy proceeding.  In another defense matter, we represented a publicly traded company and were successful in settling the case whereby plaintiffs agreed to pay our client (the defendant) over $2 million.  In a bankruptcy case, the Firm represented a major equity holder in connection with a Plan of Reorganization.

Proud of its prior achievements, the Firm continues to excel in its representation of diverse clients in a wide variety of complex business litigation scenarios.  The Firm is willing to take on representation, where appropriate, on a contingent fee arrangement.  As demonstrated by the results previously achieved, the Firm possesses the experience, qualifications and resources necessary to provide superior representation to all of its clients.  Attached are profiles of the principal attorneys of the Firm.

## PRINCIPAL ATTORNEYS OF THE FIRM

### SOLOMON B. CERA

Mr. Cera joined the Firm as an associate in 1983, became a partner in 1994, and managing partner in 2009. Over the course of his more than thirty-five (35) year career at the Firm, Mr. Cera has played a role in virtually all of the Firm's major cases and has led the litigation of a wide variety of securities, antitrust, and consumer fraud class actions in federal and state courts throughout the country that have resulted in significant recoveries for the Firm's clients. In overseeing the Firm's nationwide practice, Mr. Cera brings to bear his vast experience in litigating cases in numerous diverse industries and disciplines. These include high tech, software, oil and gas, executive compensation, commodity chemicals, accounting, tax advantaged investments, environmental liabilities, ERISA, hedge funds, agriculture, insurance, and workers compensation, among others.

Among the more significant cases in which Mr. Cera has played a leading role include the *Titanium Dioxide Antitrust Litigation*, No. 10-318 RDB (D. Md.). In 2014, the proceeds from a recovery of $163.5 million in this antitrust price fixing class action were distributed to hundreds of small, medium, and large businesses throughout the nation. The case was developed by the Firm and litigated intensively for three years, leading to the substantial cash recovery.

In approving the settlements, United States District Judge Richard D. Bennett stated:

> And Mr. Cera has aptly noted the high quality with great pride of the plaintiffs' trial team. . . . [O]n more than one occasion, you may have noticed quite a few law clerks and interns, not just from here to my left, but also in the courtroom, who were watching the outstanding lawyering that went on here. And I would be remiss if I didn't really comment upon the extraordinarily high level of professionalism that I found attended to these cases, that you make us all proud to be part of this profession in terms of quality of your representation. I mean that sincerely as to all of you. With all the level of cynicism at times as to our profession, of the frustration and sitting in rooms, and particularly younger lawyers here going through billions of documents and document review and discovery, there's still a place here for outstanding advocacy. . . . [I]t was a pleasure to preside over this case and see the quality of the lawyering I saw on both sides of the aisle. So you present the best of our profession.

Mr. Cera's excellent advocacy has been recognized by numerous courts. For example, in *Roberts v. Heim*, No. 84-8069 TEH (N.D. Cal.), Mr. Cera represented a class of approximately 3,000 investors who lost money in an oil and gas limited partnership investment. The Firm recovered $33 million in cash for the investors and obtained injunctions which barred collection from the limited partners on $500 million worth of promissory notes. In this same case, Mr. Cera obtained more than 10 judgments on behalf of his clients against various defendants for in excess

of $100 million each. In commenting on the Firm's representation of its clients in the case, the then Chief Judge of the United States District Court for the Northern District of California, the Honorable Thelton E. Henderson, stated as follows:

> [T]his action has been extraordinarily complex, resulting in over 300 orders by this court, several of which have been published, and many of which addressed difficult issues of first impression, and were eventually published . . . [T]hroughout this action, class counsel has demonstrated superior legal abilities, and has submitted to the court briefs, memoranda and oral argument of the highest quality . . . [C]ounsel's efforts have conferred substantial benefits on the class.

*Roberts v. Heim*, Case No. C84-8069 TEH, 1991 WL 427888 at \*6 (N.D. Cal. August 28, 1991).

In the *Peregrine Securities Litigation* No. C 02-870 (S.D. Cal.), Mr. Cera was instrumental in obtaining a recovery believed to be the largest cash payment from outside directors of a public company in class action securities litigation funded through personal assets and not insurance, payments of $55 million in cash out of a total settlement of $117 million.

In *Higley v. Donahue, et al.*, No. 93-CV-4288 (Denver District Court), Mr. Cera acted on behalf of the firm as co-lead counsel in an action in Colorado state court against several large, nationally known brokerage firms, based on their involvement in a hedged options trading scheme. A settlement with a value of $50 million was reached for the benefit of a class of approximately 800 investors in the space of 15 months.

In *Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000), Mr. Cera obtained reinstatement of a case against officers and directors, underwriters and accountants in a class action securities fraud case involving a disk drive manufacturer. The decision is important insofar as it approves the filing of securities law claims by purchasers in the aftermarket of an initial offering of securities, and further analyzes the statute of limitations in a way which benefits investors.

Throughout his career, Mr. Cera has served as a court-appointed lead counsel, co-lead counsel, and counsel for plaintiffs in a multitude of actions, applying his wealth of experience in complex civil litigation to deliver outstanding results for the Firm's clients and the classes of individuals and businesses who have incurred damages and which the Firm has represented. Mr. Cera is fiercely dedicated to achieving meaningful results for the Firm's clients, and is prepared to litigate cases aggressively from the initial investigation stage through trial. Mr. Cera strives at all times to present the highest quality written and oral advocacy on behalf of the Firm's clients.

Mr. Cera graduated from Pomona College, Claremont, California, and received his J.D. from the University of San Francisco School of Law where he was the recipient of the American Jurisprudence Award in corporations law for attaining the highest grade in the course, and was winner of the best oral advocate award in the law school's Moot Court competition. He is admitted to practice before the Supreme Court of the United States as well as a multitude of federal courts throughout the country, and is a member of the State Bar of California and the American Bar Association, including its Litigation Section. Mr. Cera has been designated with the highest

possible "AV" rating by Martindale-Hubbell, and has repeatedly been selected as a Northern California Super Lawyer.


## C. ANDREW DIRKSEN

Mr. Dirksen, who joined the Firm in April 2000, now manages the Firm's Boston office, which opened in 2014. He devotes his practice to litigation representing clients in complex multidistrict antitrust class action matters. He has assisted in recovering more than one billion dollars for clients and other class members, and has served as Co-Lead Counsel for the class plaintiffs on numerous cases, including:

**In re Titanium Dioxide Antitrust Litigation (D. Md.):** After more than a year of investigation by our firm, our client Haley Paint Company initiated this price-fixing litigation in February 2010 in the United States District Court for the District of Maryland before Judge Richard D. Bennett. Settlements of $163.5 million were obtained without the benefit of any governmental or regulatory investigation or proceeding. The last defendant settled on the Friday before trial was set to begin on Monday, September 9, 2013.

**In re Rubber Chemicals Antitrust Litigation (N.D. Cal.):** We recovered $320 million for our clients and class members (purchasers of several types of rubber chemical products directly from defendants) in this price-fixing case that was prompted by a Department of Justice grand jury investigation.

**In re EPDM Antitrust Litigation (D. Conn.):** After years of hard-fought litigation, $99 million was recovered for direct purchasers of EPDM, a synthetic rubber.

**In re Plastics Additives Antitrust Litigation (E.D. Pa.):** Recoveries of nearly $47 million were obtained for direct purchasers of organotin heat stabilizers, MBS and acrylic impact modifiers, acrylic processing aids, and epoxidized soybean oil.

**In re Methionine Antitrust Litigation (N.D. Cal.):** Settlements with defendants totaling $107 million were achieved for the benefit of direct purchasers of methionine, an animal feed additive.

Mr. Dirksen has represented plaintiffs in dozens of other antitrust actions in a variety of industries. His other matters include or have included: *In re Caustic Soda Antitrust Litig., In re Broiler Chicken Antitrust Litig., In re Capacitors Antitrust Litig., In re Packaged Seafood Products Antitrust Litig., In re Cast Iron Soil Pipe and Fittings Antitrust Litig., In re Foreign Exchange Benchmark Rates Antitrust Litigation, In re Urethane Antitrust Litig. (Polyether Polyols Cases), and In re Vehicle Carrier Services Antitrust Litigation.* Mr. Dirksen also has defended a company targeted by the California Attorney General's office in a civil antitrust investigation, and worked extensively on several of the firm's securities fraud matters, including *In re CBT Securities Litigation.*

Prior to attending law school, Mr. Dirksen worked in Washington, D.C., at a large firm as a paralegal on a variety of complex antitrust matters. He assisted in the defense of corporate clients involved in individual and class action antitrust litigation, as well as federal Department of Justice and state attorneys general grand jury investigations.

Mr. Dirksen is admitted to practice in all California and Massachusetts state courts; in the United States District Court for the Northern District of California; in the United States District Court for the District of Massachusetts; and in the Ninth Circuit Court of Appeals. Mr. Dirksen received his B.A. *magna cum laude* from Boston College and his J.D. from the University of San Francisco School of Law. During law school, he served as the Article Editor of USF's *Maritime Law Journal.* In law school, Mr. Dirksen interned in the Special Prosecution Unit of the San Francisco District Attorney's Office. After law school, Mr. Dirksen performed work for clients engaged in products liability, patent, and maritime litigation in both state and federal courts, until he joined the firm in 2000.

Mr. Dirksen is a member of the State Bar of California, the State Bar of Massachusetts, the Boston Bar Association, and the American Bar Association. He also serves on the Board of Directors of The Mockingbird Foundation, an all-volunteer-run 501(c)(3) charitable organization that has raised and distributed over $2,100,000 to music education programs for children and young adults nationwide.

## THOMAS C. BRIGHT

Mr. Bright joined the Firm in 2002.  Mr. Bright concentrates his practice on antitrust class action litigation involving price fixing and securities class action litigation involving fraud. He is also one of the Partners who oversees the firm's new matter department.

Mr. Bright handles a range of complex securities fraud cases where the firm is appointed Lead or Co-Lead Counsel, including:

**In re VeriFone Systems Securities Litigation (N.D. Cal.):**  The firm is representing an institutional investor in litigation alleging the Defendants made false and misleading statements regarding the company's growth and revenues.

**In re China Intelligent Lighting and Electronics, Inc. (C.D. Cal.):**  The firm is representing an institutional investor in litigation alleging the Offering Documents of the Company contained false and misleading statements.

**In re Tronox, Inc., Securities Litigation (S.D.N.Y.):**  Recovered $37 million on behalf of investors in a suit against a Company which had been spun-off from a parent corporation. The suit alleged that the Company, its parent corporation, parent's officers and general counsel, and parent's successor corporation were liable for false and misleading statements made about the spun-off company's environmental remediation liabilities and its reserves during and following the company's initial public offering.

**Gary Redwen v. Sino Clean Energy, Inc. (C.D. Cal.):**  Recovered $2 million for investors in a lawsuit alleging Defendants overstated their revenues, owned "ghost

factories," used strictly for show, which had no operations, and identified the existence of customers which were not doing any business with the Company.

**In re Wonder Auto Technologies, Inc. Securities Litigation. (S.D.N.Y.):** Recovered $3 million on behalf of investors in a case alleging Defendants made certain materially false and misleading statements and omissions about WATG's financial results, internal controls, and inventory accounting and, as a result, the prices of WATG securities were inflated.

Mr. Bright also played a key role in the following securities cases: *In re Aspeon, Inc. Securities Litigation*, No. 00-cv-995 (C.D. Cal.); *Jerome Feitelberg v. Credit Suisse First Boston LLC, et al*., No. 03-cv-817914 (Superior Court of Santa Clara); *In re HR Block Securities Litigation*, No. 06-cv-00236 (W.D. Missouri); *In re Peregrine Systems, Inc. Securities Litigation*, No. 02-cv-00870 (S.D. Cal.); and *In re Rent-Way Securities Litigation*, No. 00-cv-323 (W.D. Pa.).

Mr. Bright represents class representatives in antitrust cases, including:

**In re Air Cargo Shipping Services Antitrust Litigation (E.D.N.Y.)**:  The firm represents a freight forwarder serving as a class representative in a multi-district antitrust litigation stemming from an investigation by governmental authorities of worldwide price-fixing activity in the air cargo industry. At this time, recoveries in this case exceed $900 million.

**In re Processed Egg Products Antitrust Litigation, No. 08-md-02002 (E.D. Pa.)**:  The firm represents two direct purchaser class representatives in antitrust litigation alleging that producers fixed the price of whole eggs and egg products in the United States by controlling the aggregate supply of domestic eggs. To date, the recoveries in this case exceed $60 million.

**In re Bearings (E.D. Mich.)**:  The firm represents two direct purchasers of ball bearings serving as class representatives in a multi-district antitrust litigation alleging worldwide price-fixing activity in the automotive and industrial ball bearing industry.

**In re Polyester Staple Antitrust Litigation, No. 03-cv-1516 (W.D. North Carolina)**: Recovered $63.5 million on behalf of a class, which represented a little more than 100% of the damages. The firm was appointed Co-Lead Counsel in this multi-district antitrust litigation alleging a national price-fixing conspiracy in the textile industry. Mr. Bright played a lead role in preparing the case for trial and it settled successfully just before the trail began.

**In re Refrigerant Compressors Antitrust Litigation (E.D. Mich.)**:  Recovered $48.4 million in a multi-district antitrust litigation alleging a national price-fixing conspiracy in the refrigerant compressor industry.

**In re Parcel Tanker Shipping Svc Antitrust Litigation (D. Conn.)**:  The firm was appointed Co-Lead Counsel in a multi-district antitrust litigation alleging worldwide price-fixing activity in the parcel tanker industry. The case went to the Supreme Court of the United States where Mr. Bright was on the brief.

Before joining the firm in 2002, Mr. Bright worked for an antitrust, intellectual property and business litigation firm in San Francisco whose clients were small to medium-sized businesses including publicly listed companies.

Prior to his relocation to San Francisco, Mr. Bright engaged in complex business and insurance litigation for four years in the Southern California office of a national firm based in New York. In addition to litigating primarily commercial liability coverage disputes, tort, employment and business matters, Mr. Bright was an entertainment lawyer and assumed various roles in attorney fee matters, ranging from performing internal audits to serving as counsel in litigated matters.

After law school, he worked in the motor sports division of International Management Group, the country's largest sports agency.

Mr. Bright graduated from Vanderbilt University in Nashville, Tennessee with a Bachelor of Arts degree in History. He received his Juris Doctorate from the Pepperdine University School of Law in Malibu, California. During his final year of law school, he was an extern under Justice Mildred Lillie for the California Court of Appeals, Second Appellate District, Division Seven.

Mr. Bright is a member of the State Bar of California, the State Bar of New York and the District of Columbia Bar. Mr. Bright is also admitted to practice in the Southern District of California, Central District of California, Eastern District of California and Northern District of California.

### PAMELA A. MARKERT

Ms. Markert joined the Firm in 2006.  Ms. Markert specializes in complex multidistrict antitrust class action and securities class action and litigation. She also has experience in business, consumer and general liability matters representing clients ranging from individuals, partnerships and closely-held corporations to multinational companies. Cases in which Ms. Markert has played a key role include:

**Merced v. Barclays Bank PLC (S.D.N.Y.)**:  Recovered $29 million for individuals and entities who held contracts for electricity which settled against daily index prices that were allegedly manipulated at four western electricity hubs.

**Grand Strand Water & Sewer Authority v. Oltrin Solutions LLC et al. (D.S.C.)**: Recovered $2.2 million for purchasers of sodium hypochlorite in concentrations of at least 10% arising from alleged conspiracy to allocate bulk bleach markets in North Carolina and South Carolina.

**In re Bearings (E.D. Mich.)**:  The firm represents two direct purchasers of ball bearings serving as class representatives in a multi-district antitrust litigation alleging worldwide price-fixing activity in the automotive and industrial ball bearing industry.

**Sonus Networks, Inc. Securities Litigation (D. Mass.)**:  Recovered $40 million for shareholders in securities fraud action arising from false statements and omissions allegedly contained in company's publicly issued financial statements.

**Gianzero v. Wal-Mart Stores, Inc. et.al. (D. Colo.)**:  Obtained $8 million settlement involving Wal-Mart Stores, Inc., Claims Management, Inc., Concentra Health Services, Inc., and American Home Assurance Co. Claims arose from alleged dictation of medical care and treatment of Wal-Mart and Sam's Club employees who suffered workplace injuries and submitted workers' compensation claims in Colorado. Settlement also includes four-year injunction against Wal-Mart and CMI, and programmatic relief of four years duration as to Concentra.

**BearingPoint, Inc., Securities Litigation (E.D. Va.)**:  Recovered $7.5 million for shareholders in a securities fraud action arising from false statements and omissions allegedly contained in company's publicly issued financial statements and after the subsequent bankruptcy and liquidation of the company.

**Feyko v. Yuhe International Inc., et al. (C.D. Cal.)**:  Recovered $2.7 million for shareholders in a securities fraud action arising from false statements and omissions allegedly contained in company's publicly issued financial statements. Defendants included a company headquartered in the People's Republic of China and three of its officers; the company's independent auditor and three underwriters of its stock offering.

Ms. Markert has worked, or continues to work, on a number of antitrust and securities fraud cases including: *In re Juul Antitrust Litigation; In re Zinc Antitrust Litigation, In re Shock Absorbers Antitrust Litigation; In re Municipal Derivatives Antitrust Litigation; In re Processed Egg Products Antitrust Litigation; and In re Plasma-Derivative Protein Therapies Antitrust Litigation.*

Prior to her career in law, Ms. Markert worked at SunGard Financial Systems, Inc. providing technical direction to clients for a comprehensive investment accounting and portfolio management system for client portfolios totaling more than $27 billion. While at SunGard, she spent a year in Washington D.C. providing on-site client support for the capital markets division of the Resolution Trust Corporation.

Ms. Markert received a B.S. in Business Administration, Finance *cum laude* from California State University, Northridge, and a J.D. from Santa Clara University School of Law. She was an Articles Editor of the *Santa Clara Law Review* and her comment was published. Ms. Markert was honored as an Emery Academic Scholarship recipient at Santa Clara.

Ms. Markert is admitted to practice in the State of California, United States District Court for the Northern District of California, United States District Court for the Central District of California, United States District Court for the District of Colorado, United States District Court for the Eastern District of Michigan, Fourth Circuit Court of Appeals and the Ninth Circuit Court of Appeals.

Ms. Markert is a member of Queen's Bench Bar Association of the San Francisco Bay Area since 2000. She served as a Director during the years 2008, 2009, 2018 and 2019, and chaired the Bylaws Committee from 2008 through 2011.

## KENNETH A. FROST III

Kenneth has worked on some of the nation's largest complex litigation matters, including those involving antitrust, securities, and consumer protection issues.  Kenneth's antitrust experience has addressed federal and state-based actions.  On the federal side, Kenneth has litigated cases alleging violations of Sherman Act Section 1 (including price-fixing, market allocation, group boycott) and Section 2 (including monopolization, attempted monopolization, conspiracy to monopolize).  On the state side, he has litigated claims alleging violations of California's Cartwright Act.  Kenneth's securities practice has similarly included federal class-based litigation of PSLRA violations, as well as individual investor state-based actions.  Kenneth has also litigated class actions brought to enforce California's Unfair Competition Law, often in conjunction with the enforcement of other state or federal law.  His work has sought to provide relief for the alleged occurrence of such violations in a number of industries, including technology, finance, insurance, energy, oil and gas, transportation, shipping, medical device, prescription drugs, mechanics, automotive, food production, and commodity chemicals.  His work has benefitted thousands of class members throughout the United States.  In addition to federal and state judicial litigation, Kenneth's experience includes testing the suitability of arbitration when alleged harm occurs in the context of agreements containing arbitration-related provisions.

Kenneth's notable accomplishments at Cera LLP, at its predecessor firm, Gold Bennett Cera & Sidener, LLP, and while working elsewhere include:

Sampling of Antitrust Experience:

- *In re Rubber Chemicals Antitrust Litigation* (N.D. Cal.) (commodity chemicals): Efforts, including that associated with drafting motion for class certification, resulted in the recovery of $320 million for alleged harm stemming from price fixing of several classes of rubber chemical products.

- *Merced Irrigation District v. Barclays Bank PLC* (S.D.N.Y.) (energy trading):  As a contractor, Kenneth's work helped to recover $29 million on behalf of county irrigation district and class of similarly situated energy traders from defendant-bank, whose energy trading desk was alleged to have made a series of unprofitable trades designed to move one or more commonly-used energy indices in order to make improper profits from positions it held to take advantage of such index movements.  In addition to the benefit provided to the class, Kenneth's efforts resulted in one of the largest antitrust-based class representative incentive awards ever approved in the Southern District of New York.

- *In re Small Bearings Antitrust Litigation* (E.D. Mich.) (mechanics):  As a contractor, Kenneth's work helped, including efforts related to developing the allegations at issue, to recover $9.75 million on behalf of class of purchasers of small bearings (those bearing

diameters of 30 mm or less) in a price-fixing/market allocation matter.

- *In re Microsoft I-V Cases* (S.F. Cal. Super. Ct.) (technology):  In a California Cartwright Act matter as a contractor, discovery efforts helped to recover $1.1 billion on behalf of class of software purchasers.

Additional antitrust cases in which Kenneth has been involved include *In re Polychloroprene Rubber (CR) Antitrust Litig.* (D. Conn.) ($62 million recovery), *In re Plastic Additives Antitrust Litig.* (E.D. Pa.) ($46.9 million recovery), *In re Organic Peroxide Litig.* (Washington, D.C.) ($37 million recovery), and *In re Carbon Black Antitrust Litig.* (D. Mass.) ($20 million recovery).

Sampling of Securities Experience:

- *In re Peregrine Systems, Inc. Securities Litigation* (S.D. Cal.) (technology):  Efforts assisted in recovering $117 million for misleading financial statements.

- *In re Sonus Networks, Inc. Securities Litigation* (D. Mass.) (technology):  Efforts assisted in recovering $40 million on behalf of its client and other investor-class members for false statements included in publicly-filed financial statements.

- *In re Textainer Financial Services Corp.* (S.F. Super Ct.) (shipping services):  Efforts assisted in litigating state-based securities action through introductory (bench) trial issue segment resulted in a recovery of $10 million on behalf of client and class of limited partnership investors.

- *In re BearingPoint Securities Litigation* (E.D. Va.) (business consulting):  Despite bankrupt status, efforts assisted in recovering $7.5 million from publicly-traded management consultancy for making false statements and omissions in its financial statements.

Kenneth has also litigated on behalf of an individual investor alleging portfolio churning, twisting, breach of fiduciary duty, and improper replacement of pre-existing holdings with inferior and more expensive financial products.

Sampling of Consumer Protection Experience:

- *Winbery v. Americo Financial Life and Annuity Insurance Co.* (N.D. Cal.) (financial products):  Efforts assisted in recovering $2.8 million for class of public school teachers and other public school employees for insurance company's allegedly unlawful marketing and sale of life insurance policies as retirement investments in violation of IRS regulations and California's Unfair Competition Law.

Kenneth is a member of the bars of California and the District of Columbia.  He is also admitted to argue in federal court, including in the Northern District of California and the Ninth Circuit Court of Appeals.  Kenneth graduated from the University of San Francisco School of

Law.  During law school, Kenneth served as secretary and vice president of the school's intellectual property law association under the supervision of Professor J. Thomas McCarthy.  He also contributed to the USF Maritime Law Journal as a survey writer and technical editor.  During the summer before his third year of law school, Kenneth served as a judicial extern for the Marin County Superior Court.  Prior to attending law school, Kenneth worked as a research analyst for the Law & Economics Consulting Group (LECG) in Emeryville, California.  Kenneth graduated from Brown University in Providence, Rhode Island, with an A.B. in history where he also competed on the university's water polo team for Coach Ed Reed.

Kenneth is an enrolled Red Cross volunteer and has assisted voters as an Election Protection team member.

**Selected Published Decisions
In Which The Firm
Has Played A Significant Role**

1.      *In re Auto Parts Antitrust Litig.*,
        952 F.3d 377 (6th Cir. 2020)

2.      *Merced Irrigation Dist. v. Barclays Bank PLC*,
        165 F. Supp. 3d 122 (S.D.N.Y. 2016)

3.      *Merced Irrigation Dist. v. Barclays Bank PLC*,
        220 F. Supp. 3d 412 (S.D.N.Y. 2016)

4.      *In re Activision Securities Litigation*,
        (CCH) Fed.Sec.L.Rep. ¶92,397 (N.D.Cal. 1985)

5.      *In re Activision Securities Litigation*,
        621 F.Supp. 415 (N.D.Cal. 1985)

6.      *In re Activision Securities Litigation*,
        723 F.Supp. 1373 (N.D.Cal. 1989)

7.      *Adobe Systems, Inc. Securities Litigation*,
        Fed.Sec.L.Rep. (CCH) ¶95,873 (N.D.Cal. 1991)

8.      *Adobe Systems, Inc. Securities Litigation*,
        Fed.Sec.L.Rep. (CCH) ¶96,051 (N.D.Cal. 1991)

9.      *In re ASK Securities Litigation*,
        Fed.Sec.L.Rep. (CCH) ¶96,991 (N.D.Cal. 1992)

10.     *Businessland Securities Litigation*,
        Fed.Sec.L.Rep. (CCH) ¶96,059 (N.D.Cal. 1991)

11.     *In re BearingPoint Securities Litigation*,
        232 F.R.D. 534 (E.D. Va. 2006)

12.     *In re Carbon Black Antitrust Litigation*,
        2005 W.L. 102966 (D. Mass. 2005)

13.     *Colaprico v. Sun Microsystems. Inc.*,
        Fed.Sec.L.Rep. (CCH) ¶95,874 (N.D.Cal. 1991)

14.     *Colaprico v. Sun Microsystems, Inc.*,
        Fed.Sec.L.Rep. (CCH) ¶96,198 (N.D.Cal. 1991)

15.  *In re Consolidated Air West Securities Litigation,*
     73 F.R.D. 12 (N.D.Cal. 1977)

16.  *In re Consolidated Capital Securities Litigation,*
     (CCH) Fed.Sec.Rptr. ¶95,238 (N.D.Cal. 1990)

17.  *In re Daisy Systems Securities Litigation,*
     Fed.Sec.L.Rep. (CCH) ¶96,190 (N.D.Cal. 1991)

18.  *Desmond v. BankAmerica Corp.,*
     Fed.Sec.L.Rep. (CCH) ¶90,995 (N.D.Cal. 2000)

19.  *In re Diasonics Securities Litigation,*
     599 F.Supp. 447 (N.D.Cal. 1984)

20.  *Digital Microwave Corp. Securities Litigation,*
     Fed.Sec.L.Rep. (CCH) ¶97,044 (N.D. Cal. 1992)

21.  *Duval v. Gleason,*
     Fed.Sec.L.Rep. (CCH) ¶96,153 (N.D.Cal. 1991)

22.  *Eminence Capital, LLC v. Aspeon, Inc.,*
     316 F.3d 1048 (9th Cir. 2003)

23.  *Eza Charitable Trust v. Rent-Way, Inc.,*
     136 F.Supp.2d 435 (W.D. Pa. 2001)

24.  *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.,*
     681 F. Supp. 2d 141 (D. Conn. 2009).

25.  *In re Fortune Systems Securities Litigation,*
     604 F.Supp. 150 (N.D.Cal. 1984)

26.  *Gaillard v. Natomas Co.,*
     173 Cal.App.3d 410, 219 Cal.Rptr. 74 (1985)

27.  *Gaillard v. Natomas,*
     208 Cal.App.3d 1250 (1989)

28.  *In re Gap Stores Securities Litigation,*
     79 F.R.D. 283 (N.D.Cal. 1978)

29.  *In re Granite Partners, L.P.,*
     194 BR 318 (Bankr. S.D.N.Y. 1996)

30. *Green v. Occidental,*
    541 F.2d 1335 (9th Cir. 1976)

31. *Haley Paint Co. v. E.I. DuPont de Nemours and Co.,*
    804 F. Supp. 2d 419 (D.Md. 2011)

32. *In re: Zinc Antitrust Litig.,*
    No. 14-CV-3728 (KBF), 2016 WL 3167192 (S.D.N.Y. June 6, 2016*)*

33. *Hudson v. Capital Management, Inc.,*
    565 F.Supp. 615 (N.D.Cal. 1983)

34. *Hudson v. Capital Management Int'l., Inc.,*
    Fed.Sec.L.Rep. (CCH) ¶99,221 (N.D.Cal. 1982)

35. *Hudson v. Capital Management Int'l., Inc.,*
    Fed.Sec.L.Rep. (CCH) ¶99,222 (N.D.Cal. 1982)

36. *In re Itel Securities Litigation,*
    596 F.Supp. 226 (N.D.Cal. 1984)

37. *In re Itel Securities Litigation,*
    89 F.R.D. 104 (N.D.Cal. 1981)

38. *Joseph v. Wiles,*
    223 F.3d 1155 (10th Cir. 2000)

39. *Lilley v. Charren,*
    936 F.Supp. 708 (N.D.Cal. 1996)

40. *Marshall v. Holiday Magic,*
    550 F.2d 1173 (9th Cir. 1977)

41. *Masstor Systems Corporation Securities Litigation,*
    Fed.Sec.L.Rep. (CCH) ¶92,719 (N.D.Cal. 1986)

42. *Matrix Capital Management Fund, LP v. BearingPoint, Inc.*
    576 F.3d 172 (4th Cir. 2009)

43. *McFarland v. Memorex Corp.,*
    581 F.Supp. 878 (N.D.Cal. 1984)

44. *In re Memorex Securities Case,*
    61 F.R.D. 88 (N.D.Cal. 1973)

45.    *In re Nucorp Energy Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶99,158 (S.D.Cal. 1983)

46.    *In re Nucorp Energy Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶93,224 (S.D.Cal. 1987)

47.    *In re Plastic Additives Antitrust Litigation,*
       2004 WL 2743591 (E.D. Pa. 2004)

48.    *In re Pizza Time Theatre Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶92,53 7 (N.D.Cal. 1986)

49.    *In re Polyester Staple Antitrust Litig.,*
       No. 03-cv-1516, 2007 WL 2111380 (W.D. N.C. July 19, 2007)

50.    *Primavera Familienstiftung v. Askin,*
       173 F.R.D. 115 (S.D.N.Y. 1997)

51.    *In re Rent-Way Sec. Litig.,*
       209 F.Supp.2d 493 (W.D. Pa. 2002)

52.    *Roberts v. Heim,*
       Fed.Sec.L.Rep. (CCH) ¶94,393 (N.D.Cal. 1989)

53.    *Roberts v. Heim,*
       Fed.Sec.L.Rep. (CCH) ¶94,394 (N.D.Cal. 1989)

54.    *Roberts v. Heim,*
       Fed.Sec.L.Rep. (CCH) ¶95,430 (N.D.Cal. 1990)

55.    *Roberts v. Heim,*
       Fed.Sec.L.Rep. (CCH) ¶95,431 (N.D.Cal. 1990)

56.    *Roberts v. Heim,*
       Fed.Sec.L.Rep. (CCH) ¶96,094 (N.D. Cal. 1991)

57.    *Roberts v. Heim,*
       Fed.Sec.L.Rep. (CCH) ¶96,095 (N.D.Cal. 1991)

58.    *Roberts v. Heim,*
       Fed.Sec.L.Rep. (CCH) ¶96,221 (N.D.Cal. 1991)

59.    *Roberts v. Heim,*
       Case No. C 84-8069 TEH, 1991 WL 427888 (N.D.Cal. 1991)

60.    *Roberts v. Peat Marwick Mitchell & Co.,*
       857 F.2d 646 (9th Cir. 1988)

61.    *Rogers v. NationsCredit Financial Services Corp.,*
       Bankr. L. Rep. (CCH) ¶77,918 (N.D.Cal. 1999)

62.    *In re Rubber Chemicals Antitrust Litigation,*
       232 F.R.D. 346 (N.D. Cal. 2005)

63.    *In re Seagate Technology II Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶97,028 (N.D. Cal. 1992)

64.    *In re Technical Equities Federal Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶94,093 (N.D.Cal. 1988)

65.    *In re Titanium Dioxide Antitrust Litig.,*
       284 F.R.D. 328 (D.Md. 2012)

66.    *In re Titanium Dioxide Antitrust Litig.,*
       959 F. Supp. 2d 799 (D.Md. 2013)

67.    *In re Tronox, Inc. Sec. Litig.*
       262 F.R.D. 338 (S.D.N.Y. 2009)

68.    *In re Tronox, Inc. Securities Litigation,*
       2010 WL 2835545 (S.D.N.Y. June 28, 2010)

69.    *In re Tronox, Inc. Sec. Litig.*
       769 F. Supp. 2d 202 (S.D.N.Y. 2011)

70.    *In re Victor Technologies Securities Litigation,*
       102 F.R.D. 53 (N.D.Cal. 1984)

71.    *In re Victor Technologies Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶93,158 (N.D.Cal. 1987)

72.    *In re Worlds of Wonder Securities Litigation,*
       35 F.3d 1407 (9th Cir. 1994)

73.    *In re Worlds of Wonder Securities Litigation,*
       721 F.Supp. 1140 (N.D.Cal. 1989)

74.    *In re Worlds of Wonder Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶95,004 (N.D.Cal. 1990)

75.    *In re Worlds of Wonder Securities Litigation,*
       694 F.Supp. 1427 (N.D.Cal. 1988)

76.    *In re Worlds of Wonder Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶97,041 (N.D. Cal. 1992)

77.    *In re Worlds of Wonder Securities Litigation,*
       Fed.Sec.L.Rep. (CCH) ¶97,018 (N.D. Cal. 1992)

78.    *Zatkin v. Primuth,*
       551 F.Supp. 39 (S.D.Cal. 1982)

79.    *Zell v. Intercapital Income Securities, Inc.,*
       675 F.2d 1041 (9th Cir. 1982)