UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:23-cv-13065-WGY <br><br> CLASS ACTION |
| Plaintiff, | ) ) ) ) | CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA'S MEMORANDUM OF LAW IN |
| vs. | ) ) ) | OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS |
| MERCURY SYSTEMS, INC., et al., | ) ) | |
| Defendants. | ) ) ) ) | |

4867-7229-9432.v1

## I.    PRELIMINARY STATEMENT

On February 12, 2024, three competing motions were filed by putative class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Carpenters Pension Trust Fund for Northern California ("Pension Trust Fund"); (2) University of Puerto Rico Retirement System; and (3) Wisconsin Laborers' Pension Fund.  *See* ECF 12, 14, 8, respectively.

Based on information contained in the submissions by the competing movants, the Pension Trust Fund is the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, the Pension Trust Fund possesses the largest financial interest in the relief sought by the class:

| Movant | Loss Suffered |
|---|---|
| Pension Trust Fund | $739,496 |
| University of Puerto Rico Retirement System | $439,874 |
| Wisconsin Laborers' Pension Fund | $67,821 |

*See* ECF 13-3, 17-3, 10-4.

Moreover, the Pension Trust Fund – a sophisticated retirement fund with experience serving as fiduciary and as lead plaintiff in securities litigation – satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  By contrast, neither of the competing movants can be appointed as lead plaintiff because they did not suffer the largest loss, nor can they rebut the presumption in the Pension Trust Fund's favor.  ***Recognizing this fact, both competing movants filed notices of non-opposition*** to the Pension Trust Fund's motion.  *See* ECF 19, 20.

Accordingly, the Pension Trust Fund respectfully requests that its unopposed motion be granted.

- 1 -

## II.    ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  "This presumption may be rebutted with **proof** by a member of the purported class that the person identified as the most adequate plaintiff either will not fairly and adequately represent the class or is subject to unique defenses." *Loc. No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 340 (D. Mass. 2014) (emphasis added) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)).

As demonstrated herein, the Pension Trust Fund is the presumptively "most adequate plaintiff" because it is the movant that has the largest financial interest and also satisfies the requirements of Rule 23.

### A.    The Competing Movants Cannot Trigger the PSLRA "Most Adequate Plaintiff" Presumption

"The PSLRA does not provide any method for determining the 'largest financial interest.'" *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at *2 (D. Mass. Dec. 13, 2006) (citation omitted).  To determine the largest financial interest, "[a]pproximate loss is generally considered 'the most important factor.'"  *Bowers v. Tesaro Inc.*, 2018 WL 2089358, at *1 (D. Mass. May 4, 2018) (citation omitted); *see also City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *1 (D. Mass. May 12, 2022) ("Most courts appoint whichever potential lead plaintiff has suffered the largest total loss.").  Here, the Pension Trust Fund's losses of $739,496.87

- 2 -

are larger than the losses of both competing movants ($67,821.64 and $439,874.21), combined. *See* ECF 13-3, 10-4 at 4, 17-3. Recognizing this fact, both competing movants have filed non-oppositions to the Pension Trust Fund's motion acknowledging that they do not possess the largest financial interest. *See* ECF 19 (Wisconsin Laborers' Pension Fund recognizing that it "does not have the 'largest financial interest in the relief sought by the class,' 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), and thereby does not oppose the competing motions."); ECF 20 ("UPR recognizes that it does not possess the largest losses among the movants to serve as Lead Plaintiff and, accordingly, does not oppose Carpenters Pension Trust Fund for Northern California's motion to serve as Lead Plaintiff.").

Pursuant to the PSLRA's sequential process, having identified the Pension Trust Fund as the movant with the largest financial interest, the Court proceeds by assessing whether the Pension Trust Fund "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. . . . Those findings need only be 'preliminary.'" *Loc. No. 8*, 52 F. Supp. 3d at 341 (citation omitted). The Pension Trust Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff. *See* ECF 12 at 4-6.

The Pension Trust Fund meets Rule 23's typicality requirement because its claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class," namely, it: (1) purchased Mercury Systems, Inc. common stock during the Class Period; (2) purchased Mercury Systems common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *Loc. No. 8*, 52 F. Supp. 3d at 341; ECF 12 at 4-6. Likewise, the Pension Trust Fund meets Rule 23's adequacy

- 3 -

4867-7229-9432.v1

requirement because its interests are clearly aligned with the interests of the other members of the class. *Id.* Indeed, the Pension Trust Fund – as a sophisticated institutional investor that has successful prior experience fulfilling the role of a PSLRA lead plaintiff – is a preferred candidate pursuant to the statute. *Leech*, 2006 WL 3690736, at *3 ("courts have recognized that the PSLRA favors the selection of large institutional investors as lead plaintiff"); *In re the Allstate Corp. Sec. Litig.*, No. 1:16-cv-10510, ECF 562 (N.D. Ill. Dec. 19, 2023) (Pension Trust Fund obtaining final approval of a $90 million settlement for investors as PSLRA lead plaintiff). Thus, the Pension Trust Fund has triggered the PSLRA's "most adequate plaintiff" presumption.

To rebut the strong presumption in favor of appointing the Pension Trust Fund as lead plaintiff, the PSLRA requires "proof" that the Pension Trust Fund "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render it incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Here, the competing movants cannot offer any such proof. Accordingly, the Court should grant the Pension Trust Fund's lead plaintiff motion and deny the competing motions.

4867-7229-9432.v1

## III.    CONCLUSION

None of the competing movants possess the largest financial interest.  Nor can any competing movant prove that the Pension Trust Fund is either inadequate or subject to unique defenses.  Consequently, none of the competing movants can trigger the PSLRA's most adequate plaintiff presumption.  Recognizing this fact, both competing movants filed notices of non-opposition to the Pension Trust Fund's motion.  As such, the Pension Trust Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve lead counsel.

DATED:  February 26, 2024                    Respectfully submitted,

                                             HUTCHINGS BARSAMIAN MANDELCORN, LLP
                                             THEODORE M. HESS-MAHAN, BBO #557109


                                             */s/Theodore M. Hess-Mahan*
                                             THEODORE M. HESS-MAHAN

                                             110 Cedar Street, Suite 250
                                             Wellesley Hills, MA  02481
                                             Telephone:  781/431-2231
                                             781/431-8726 (fax)
                                             thess-mahan@hutchingsbarsamian.com

                                             Local Counsel

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             DANIELLE S. MYERS
                                             MICHAEL ALBERT
                                             655 West Broadway, Suite 1900
                                             San Diego, CA  92101
                                             Telephone:  619/231-1058
                                             619/231-7423 (fax)
                                             dmyers@rgrdlaw.com
                                             malbert@rgrdlaw.com

                                             Proposed Lead Counsel for Proposed Lead Plaintiff

- 5 -

4867-7229-9432.v1

GRANT & EISENHOFER P.A.
DANIEL L. BERGER
CAITLIN M. MOYNA
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  646/722-8500
646/722-8501 (fax)
dberger@gelaw.com
cmoyna@gelaw.com

WEINBERG, ROGER & ROSENFELD, P.C.
EZEKIEL D. CARDER
1375 55th Street
Emeryville, CA  94608
Telephone:  510/337-1001
510/337-1023 (fax)
ecarder@unioncounsel.net

Additional Counsel

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 26, 2024.

*/s/Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan

4867-7229-9432.v1