# EXHIBIT 2

# The Challenged Statements in the Amended Complaint ("AC") Are Actionable

The chart below ("Plaintiffs' Chart") responds to the chart attached as Exhibit A – Challenged Statements In The Complaint – to the Defendants' Motion to Dismiss the AC, dated May 24, 2024. ECF No. 65-1. Plaintiffs' Chart reproduces the information contained in Exhibit A and adds a fifth column that explains, contrary to Defendants' perfunctory claims otherwise, that Plaintiffs have adequately alleged falsity for each statement challenged in the AC.

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| 1. | *February 2, 2021 Earnings Call (Tab 13 at 6)*<br><br>**Mr. Aslett**: "[W]e're fully integrating the businesses we acquire to generate cost and revenue synergies over time. These synergies, combined with other areas of the plan, should produce attractive returns for our shareholders." | • <u>Mischaracterized</u>: The statement "we're fully integrating the businesses we acquire" indicates that Mercury was in the process of integrating acquisitions at the time the statement was made—it does not state that "Mercury had fully integrated every acquisition made by Mercury before and during the Class Period" as the Complaint suggests (AC ¶ 58) (*See* Argument § I.A.1)<br><br>• <u>Not Material Or Misleading</u>: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• <u>Not Adequately Alleged To Be False Or Misleading</u>: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | ¶ 169<br>¶ 170 | • <u>Properly Characterized</u>: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• <u>Material And Misleading</u>: This statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.)<br><br>• <u>Falsity Is Adequately Alleged</u>: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | | | A.1.a.) <br><br> • Present Or Historical Statement: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 2. | *May 4, 2021 Earnings Call (Tab 14 at 6)* <br><br> **Mr. Aslett:** "[W]e're fully integrating the businesses we acquire to generate cost and revenue synergies over time. These synergies, combined with other areas of the plan, should produce attractive returns for our shareholders." | • Mischaracterized: The statement "we're fully integrating the businesses we acquire" indicates that Mercury was in the process of integrating acquisitions at the time the statement was made—it does not state that "Mercury had fully integrated every acquisition made by Mercury before and during the Class Period" as the Complaint suggests (AC ¶ 58) (*See* Argument § I.A.1) <br><br> • Not Material Or Misleading: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2) <br><br> • Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | ¶ 171 ¶ 172 | • Properly Characterized: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.) <br><br> • Material And Misleading: This statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.) <br><br> • Falsity Is Adequately Alleged: This statement is based on the false premise that businesses were being fully |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | | | integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• Present Or Historical Statement: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 3. | *May 11, 2021 Goldman Sachs Industrials and Materials Conference (Tab 25 at 4)*<br><br>**Mr. Aslett:** "We've grown the business over the course of the last 5 years at 28% CAGR and 11% organically over that same period. Our EBITDA has actually grown faster than that as we've acquired and then fully integrated businesses, which is a core part of our strategy." | • Mischaracterized: The statement "we've acquired and then fully integrated businesses" indicates that Mercury had integrated some unspecified number of the businesses it had acquired at the time the statement was made—it does not state that "Mercury had fully integrated *every* acquisition made by Mercury before and during the Class Period" as the Complaint suggests (AC ¶ 58 (emphasis added)) (*See* Argument § I.A.1)<br><br>• Not Material Or Misleading: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• Not Adequately Alleged To | ¶ 173<br>¶ 174 | • Properly Characterized: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• Material And Misleading: This statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.) |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | | • Falsity Is Adequately Alleged: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• Present Or Historical Statement: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 4. | *June 2, 2021 William Blair Growth Stock Conference (Tab 26 at 5, 9)*<br><br>**Mr. Aslett:** "We're successfully acquiring and then fully integrating businesses that have allowed us to actually expand our addressable market as well as our capability set as well as our growth rate over time<br>..............................<br>What we do is we basically fully integrate the | • Mischaracterized: The statement "we're successfully acquiring and then fully integrating the businesses" indicates that Mercury was in the process of integrating acquisitions at the time the statement was made—it does not state that "Mercury had fully integrated every acquisition made by Mercury before and during the Class Period" as the Complaint suggests (AC ¶ 58) (*See* Argument § I.A.1)<br><br>• Not Material Or Misleading: The statement consists of optimistic remarks that would not have been | ¶ 175<br>¶ 176 | • Properly Characterized: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• Material And Misleading: This statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | business that we're acquiring, moving them to our own ERP applications or other business systems. So as the companies are integrated, we're reducing risk and reducing complexity as the company overall continues to grow. So it's a really important part of the strategy that we've executed." | material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• <u>Not Adequately Alleged To Be False Or Misleading</u>: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | | reasonable investor (*See* Argument § A.1.a.)<br><br>• <u>Falsity Is Adequately Alleged</u>: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• <u>Present Or Historical Statement</u>: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 5. | *August 3, 2021 Earnings Call (Tab 15 at 17)*<br><br>**Mr. Aslett:** "The actions that we took in— that we began to take in Q4 and Q1 was really about streamlining and optimizing the org structure, again, as a result of the cumulative acquisitions that we've done. We've been fully integrating them." | • <u>Mischaracterized</u>: The statement "we've been fully integrating" acquisitions indicates that Mercury was in the process of integrating acquisitions at the time the statement was made—it does not state that "Mercury had fully integrated every acquisition made by Mercury before and during the Class Period" as the Complaint suggests (AC ¶ 58) (*See* Argument § I.A.1)<br><br>• <u>Not Material Or Misleading</u>: The | ¶ 177<br>¶ 178 | • <u>Properly Characterized</u>: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• <u>Material And Misleading</u>: This statement is neither general nor optimistic, it is a |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• <u>Not Adequately Alleged To Be False Or Misleading</u>: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | | statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.)<br><br>• <u>Falsity Is Adequately Alleged</u>: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• <u>Present Or Historical Statement</u>: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 6. | *November 2, 2021 Earnings Call (Tab 16 at 7)*<br><br>**Mr. Aslett:** "[W]e're fully integrating the businesses we acquire to generate cost and revenue synergies over time. These synergies, combined with 1MPACT and other | • <u>Mischaracterized</u>: The statement "we're fully integrating the businesses we acquire" states that Mercury was in the process of integrating acquisitions at the time the statement was made—it does not state that "Mercury had fully integrated every acquisition made by Mercury before and during the Class Period" as the Complaint suggests (AC ¶ 58) (*See* | ¶ 179<br>¶ 180 | • <u>Properly Characterized</u>: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• <u>Material And</u> |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | areas of the plan, should produce attractive returns for our shareholders." | Argument § I.A.1)<br><br>• Not Material Or Misleading: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | | Misleading: This statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.)<br><br>• Falsity Is Adequately Alleged: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• Present Or Historical Statement: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 7. | *February 1, 2022 Earnings Call (Tab 17 at 6, 13)*<br><br>**Mr. Aslett:** "Since fiscal '14, we've completed 15 acquisitions, deploying $1.4 | • Not Material Or Misleading: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• Not Adequately Alleged To | ¶ 181<br>¶ 182 | • Properly Characterized: By not asserting in their chart that the statements in ¶181 were "mischaracterized," the Legacy Defendants implicitly |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
|  | billion of capital. We've dramatically scaled and transformed the business as a result, growing total company revenue 4.4x from FY '14 through FY '21. We fully integrated these acquired entities by moving them to common collaboration and engineering platforms as well as common ERP, HRIS and CRM systems while also consolidating facilities. We've also unified these 15 businesses under the Mercury brand with the combined sales force and single go-to-market strategy as well as the shared culture and values. As a result of these actions, over the past 7 fiscal years, we've extracted substantial cost and revenue synergies, leading to adjusted EBITDA growing more than 9x or twice the growth in revenues. This has resulted in substantial value creation for shareholders ............................ Th rough integration of our acquisitions, we've been able to average | Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made—for instance, the AC does not allege that any of the integration tasks Mr. Aslett mentioned had not been completed when the statement was made (*e.g.*, moving acquisitions to common collaboration and engineering platforms, etc.) (*See* Argument § I.A.3) |  | acknowledge that they unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• Material And Misleading: This statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.)<br><br>• Falsity Is Adequately Alleged: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• Present Or Historical Statement: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | down the multiples we've paid through the recognition of both cost and revenue synergies, creating substantial value for our shareholders as a result ................................. And as a result of the acquisitions, but more importantly, through the synergies that we've generated through full integration, we've been able to actually grow total company revenues by 4.4x over the course of the last 7 or so years. And because integration and full integration is such an important element of the strategy and 1MPACT about taking that to the next level, we've been able to actually grow adjusted EBITDA at 9x or twice the growth in revenues." | | | fail (*See* Argument § A.1.a.) |
| 8. | *March 15, 2022 JPMorgan Industrials Conference (Tab 27 at 7)*<br><br>**Mr. Ruppert:** "And the other thing that we're excited about for 1MPACT is the ability to continue to do additional acquisitions and bigger acquisitions. | • Mischaracterized: The statement "we've integrated our acquisitions" states that Mercury had integrated its acquisitions to some unspecified degree at the time the statement was made—it does not state that "Mercury had *fully* integrated every acquisition made by Mercury before and during the Class Period" as the Complaint | ¶ 183<br>¶ 184 | • Properly <u>Characterized</u>: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.) |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | So we've done 15 acquisitions since fiscal '14. We've grown revenue, as I discussed, grown EBITDA. We've integrated our acquisitions because that's core to our strategy. But with 1MPACT, we see the ability to do even more, and we've already executed on some of that." | suggests (AC ¶ 58 (emphasis added)) (*See* Argument § I.A.1)<br><br>• Not Material Or Misleading: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | | • Material And Misleading: This statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.)<br><br>• Falsity Is Adequately Alleged: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• Present Or Historical Statement: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 9. | *August 2, 2022 Earnings Call (Tab 18 at 11-12)*<br><br>**Mr. Ruppert:** "So coming into the year, we didn't expect that working capital | • Forward-Looking: The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor | ¶ 185<br>¶ 186 | • Not Protected By the Safe Harbor: Defendant Ruppert understood that unbilled receivables would not unwind in FY23 due to the execution problems on over time |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | increase that was really driven by the supply chain and the contracting delays that I mentioned. And that really shows up in unbilled. And to answer your second question in terms of unbilled and making sure that I clarify the percentages that we've talked about. So if you look at our overtime revenue, it has increased since fiscal '20 from 27% to 55% in fiscal '22, so this year. And the 60% that you mentioned was our Q4 overtime revenue or percentage of completion revenue. And that's related to our subsystem work. And that's a natural growth as we do more subsystems consistent with our customer base. When we look at the -- what's the right metric for unbilled, how do we size it and say what's the right amount of unbilled, because we're naturally going to have some. The way we look at that is the percentage of our overtime revenue. And so if you look back from fiscal '19 to fiscal '21, you'll see we | for forward- looking statements (*See* Argument § I.B.1)<br><br>• Opinion:  Mr. Ruppert's statement regarding what "we think" is an opinion, and there are no particularized facts showing that the opinion was not sincerely held at the time it was made (*See* Argument § I.B.2)<br><br>• Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | | contracts caused by the failure to fully integrate acquisitions, and this statement was accompanied by generic risk warnings that did not mention unbilled receivables or execution costs as risks, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.1.b.)<br><br>• Actionable Opinion: This statement inaccurately represented that unbilled receivables would begin to "unwind" in FY23, meaning it is actionable whether or not it is an opinion (*See* Argument § A.1.b.)<br><br>• Falsity Is Adequately Alleged: The AC particularizes the relationship between the failure to fully integrate and Mercury's inability to convert unbilled receivables to cash (*See* Argument § A.1.b.) |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | averaged at around 35%.  And in fiscal '22, that number went up to 43%. And that's what you're seeing, because of the supply chain delays, which delayed milestones, which delayed deliveries, and that's the number that as we look at normalization of our working capital, we're really going to drive down.  And so that 43% that we ended the year with in '22, we think the good target is 35% over time. And we think that will unwind in fiscal—a little bit in fiscal '23, more in the second half and then heading into fiscal '24. | | | |
| 10. | *November 1, 2022 Earnings Call (Tab 19 at 10)*<br><br>**Mr. Aslett:** "Executing on our long-term strategy over the past decade, we've improved margins by growing the business organically, supplemented with disciplined M&A and full integration." | • Mischaracterized:  The statement referencing "full integration" indicates that Mercury had supplemented its performance with the integration of some unspecified number of the businesses it acquired at the time the statement was made—it does not state that "Mercury had fully integrated *every* acquisition made by Mercury before and during the Class Period" as the Complaint suggests (AC ¶ 58 (emphasis added)) (*See* Argument § I.A.1) | ¶ 187 ¶ 188 | • Properly Characterized: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• Material And Misleading: This statement is neither general nor optimistic, it is a statement of current |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | • <u>Not Material Or Misleading</u>: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• <u>Not Adequately Alleged To Be False Or Misleading</u>: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | | or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.)<br><br>• <u>Falsity Is Adequately Alleged</u>: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• <u>Present Or Historical Statement</u>: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |
| 11. | *January 31, 2023 Earnings Call (Tab 20 at 10)*<br><br>**Mr. Aslett:** "For more than a decade, we've successfully executed on our long-term strategy. We've improved margins by growing the business organically, supplement with | • <u>Mischaracterized</u>: The statement referencing "full integration" indicates that Mercury had supplemented its performance with the integration of some unspecified number of the businesses it acquired at the time the statement was made—it does not state that "Mercury had fully integrated *every* acquisition made by Mercury before and during the Class Period" as the Complaint suggests | ¶ 189<br>¶ 190 | • <u>Properly Characterized</u>: The Legacy Defendants unequivocally stated that they had fully and successfully integrated every acquisition made before and during the Class Period (*See* Argument § A.1.a.)<br><br>• <u>Material And Misleading</u>: This |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | disciplined M&A and full integration." | (AC ¶ 58 (emphasis added)) (*See* Argument § I.A.1)<br><br>• Not Material Or Misleading: The statement consists of optimistic remarks that would not have been material or misleading to a reasonable investor (*See* Argument § I.A.2)<br><br>• Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.A.3) | | statement is neither general nor optimistic, it is a statement of current or historical fact that would be material and misleading to a reasonable investor (*See* Argument § A.1.a.)<br><br>• Falsity Is Adequately Alleged: This statement is based on the false premise that businesses were being fully integrated upon acquisition, when, in reality, they were not (*See* Argument § A.1.a.)<br><br>• Present Or Historical Statement: The Legacy Defendants concede that this is not a forward-looking statement, meaning their safe harbor and truth-on-the-market defenses fail (*See* Argument § A.1.a.) |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| 12. | *May 2, 2023 8-K (Tab 9, Ex. 99.1 at 1)* <br><br> **Mercury:** "For the full year, we expect to deliver record bookings and a positive book- to-bill ..............Our challenges are not related to end-market demand, which remains strong. They're largely timing and cost-related, they're short-term, and they're not unique to Mercury." | • Forward-Looking: The statement regarding assumptions underlying Mercury's future economic performance, which was made in a Form 8-K and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward-looking statements (*See* Argument § I.B.1) <br><br> • Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | ¶ 191 <br> ¶ 192 | • Present Or Historical Statement: This is a present statement of fact and was accompanied by generic risk warnings that did not mention unbilled receivables or execution costs as risks, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.1.b.) <br><br> • Falsity Is Adequately Alleged: The AC particularizes the relationship between the failure to fully integrate and Mercury's inability to convert unbilled receivables to cash, an issue that was not temporary and was unique to Mercury (*See* Argument § A.1.b.) |
| 13. | *May 2, 2023 Earnings Call (Tab 21 at 5)* <br><br> **Mr. Aslett:** "We expect these programs to complete over the next 2 to 3 quarters and transition to production-based contracts thereafter. This transition should lead to stronger fiscal '24 results, not only improved gross | • Forward-Looking: The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1) <br><br> • Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized | ¶ 191 <br> ¶ 192 | • Present Or Historical Statement: This is a present statement of fact and was accompanied by generic risk warnings that did not mention unbilled receivables or execution costs as risks, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | margins and adjusted EBITDA as cost pressures diminish, but also lower working capital as we quickly relieve unbilled receivables through shipment, invoicing and cash collections. As I said previously, our challenges are not related to end-market demand, which remains strong. They're largely timing and cost-related, they're short-term, and they're not unique to Mercury. We're focused on controlling what we can in this environment given the technologies that we developed and the programs that we've won. Structurally, our business model and financial outlook are sound, and we're very optimistic about the future." | allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | | Argument § A.1.b.)<br><br>• Falsity Is Adequately Alleged: The AC particularizes the relationship between the failure to fully integrate and Mercury's inability to convert unbilled receivables to cash, an issue that was not temporary and was unique to Mercury (*See* Argument § A.1.b.) |
| 14. | *May 2, 2023 Earnings Call (Tab 21 at 5)*<br><br>**Mr. Aslett:** "In terms of R&D, Mercury is a leverage commercial investment model focuses on developing sophisticated new technologies and products. These highly differentiated | • Forward-Looking: The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1)<br><br>• Not Adequately Alleged To | ¶ 191<br>¶ 193 | • Present Or Historical Statement: This is a present statement of fact and was accompanied by generic risk warnings that did not mention unbilled receivables or execution costs as risks, therefore the PSLRA's safe-harbor for forward- |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | capabilities are then used across multiple DoD programs.  The cost growth we're experiencing is associated with certain new technology developments that are nearing completion, a new product introductions  which are taking longer than planned. The higher costs are related to both labor as well as materials driven by labor and supply chain inefficiencies, manufacturing constraints and inflation. Approximately a dozen or so of our 300 plus active programs have been effective, and all but two of the effective programs more than 90% complete in terms of the total expected costs incurred.  The good news is  that once we complete the development and new product introduction activities, multiple programs will quickly benefit due to our product program leverage model.  We expect these programs to complete over the next 2 to  3 quarters and transition to production-based | Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument §  I.B.3) | | looking statements cannot apply (*See* Argument § A.1.b.)  <br><br>• Falsity Is Adequately Alleged: The AC particularizes the relationship between the failure to fully integrate and Mercury's inability to convert unbilled receivables to cash, an issue that was not temporary and was unique to Mercury (*See* Argument § A.1.b.) |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | contracts thereafter. This transition should lead to stronger fiscal '24 results, not only improved gross margins and adjusted EBITDA as cost pressures diminish, but also lower working capital as we quickly relieve unbilled receivables through shipment, invoicing and cash collections." | | | |
| 15. | *May 2, 2023 Earnings Call (Tab 21 at 5)*<br><br>**Mr. Aslett:** "We expect these programs to complete over the next two to three quarters and transition to production-based contracts thereafter. This transition should lead to stronger fiscal '24 results, not only improve gross margins and adjusted EBITDA as cost pressures diminish, but also lower working capital as we quickly relieve unbilled receivables through shipment invoicing and cash collections." | • <u>Forward-Looking</u>:  The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1)<br><br>• <u>Opinion</u>:  Mr. Ruppert's statement regarding what "we expect" is an opinion, and there are no particularized facts showing that the opinion was not sincerely held at the time it was made (*See* Argument § I.B.2)<br><br>• <u>Not Adequately Alleged To Be False Or Misleading</u>: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | ¶ 191<br>¶ 194 | • <u>Present Or Historical Statement</u>: This is a present statement of fact and was accompanied by generic risk warnings that did not mention unbilled receivables or execution costs as risks, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.1.b.)<br><br>• <u>Actionable Opinion</u>: This statement inaccurately represented that Mercury would "quickly relieve unbilled receivables," meaning it is actionable whether or not it is an opinion.  Moreover, it is not an opinion because the "[w]e expect" language |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | | | does not appear in the sentence challenged by Plaintiffs, but in the preceding sentence (*See* Argument § A.1.b.) <br><br> • Falsity Is Adequately Alleged: The AC particularizes the relationship between the failure to fully integrate and Mercury's inability to convert unbilled receivables to cash (*See* Argument § A.1.b.) |
| 16. | *August 15, 2023 Earnings Call (Tab 22 at 5-6)* <br><br> **Mr. Ballhaus:** "[H]ere are my initial impressions and takeaways ........................ Second impression: over the past several years the company grew inorganically into strategically attractive areas, but didn't fully integrate some of the businesses and mature processes and management systems to align with Mercury's evolving business portfolio.  In my experience, this is | • Forward-Looking:  The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1) <br><br> • Opinion:  Mr. Ballhaus' statement regarding his "initial impressions" is an opinion, and there are no particularized facts showing that the opinion was not sincerely held at the time it was made (*See* Argument § I.B.2) <br><br> • Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized | ¶ 195 <br> ¶ 196 | • Present Or Historical Statement: This is a statement of present fact or, at best, a mixed statement and was accompanied by generic risk warnings concerning Mercury's "ability to successfully integrate acquisitions[,]" not the length of time or cost associated with fixing execution problems, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.2) <br><br> • Actionable Opinion: This statement inaccurately represented that |

- 19 -

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | not uncommon in businesses that grow rapidly via acquisitions.  At Mercury, though, the immaturity and lack of full integration of key functional areas have led to the serious challenges the company experienced forecasting business performance over the past several quarters.  That said, maturing in these areas is doable, within our control, and underway.  My third and most important takeaway is that while our recent results are disappointing, the majority of our business is performing well, delivering predictable and profitable growth.  However, this solid performance has been masked by approximately 20 programs that are experiencing unique and outsized costs, primarily temporary cost growth related to initial development challenges. In fiscal '23, these few programs impacted our financial performance by approximately $56 million.  Said differently, our | allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | | Mercury's "reported margin in [FY23] does not at all reflect a structural shift in our margin profile" because Mercury's profit profile had shifted in light of the execution problems and related inability to convert unbilled receivables to cash, meaning it is actionable whether or not it is an opinion (*See* Argument § A.2.)<br><br>• <u>Falsity Is Adequately Alleged</u>: The AC particularizes that the Replacement Defendants understood through their weekly, granular contract reviews that fixing the execution problems on the impacted acquired over time contracts, which constituted ~20% of Mercury's revenue, would decimate Mercury's profit (*See* Argument § A.2.) |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | reported margin in 2023 does not at all reflect a structural shift in our margin profile." | | | |
| 17. | *August 15, 2023 Earnings Call (Tab 22 at 6)*<br><br>**Mr. Ballhaus:** "Second, as I mentioned earlier, because our management systems and processes have not matured at the same pace as our growth over the last several years to address the complexities inherent in many of these development programs, a small number of programs have become challenged, leading to unanticipated and temporary impacts on our overall performance.  In FY '23, execution challenges on approximately 20 programs, a majority of which are development in nature, drove approximately $56 million of impact or approximately 580 basis points of margin contraction. We are squarely focused on mitigating the effects from the challenged programs, | • Forward-Looking:  The statement regarding assumptions underlying Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward-looking statements (*See* Argument § I.B.1)<br><br>• Not Adequately Alleged To Be False Or Misleading:  The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | ¶ 195<br>¶ 197 | • Present Or Historical Statement: This is a statement of present fact or, at best, a mixed statement and was accompanied by generic risk warnings concerning Mercury's "ability to successfully integrate acquisitions[,]" not the length of time or cost associated with fixing execution problems, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.2)<br><br>• Actionable Opinion: Defendants' chart acknowledges that defendant Ballhaus is not arguing that the part of his statement in ¶195 that is challenged in ¶197 is an opinion (*See* Argument § A.2.)<br><br>• Falsity Is Adequately Alleged: The AC particularizes that the Replacement Defendants understood through their weekly, |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | completing them and transitioning them into production. " | | | granular contract reviews that fixing the execution problems on the impacted acquired over time contracts, which constituted ~20% of Mercury's revenue, would decimate Mercury's profit (*See* Argument § A.2.) |
| 18. | *August 15, 2023 Earnings Call (Tab 22 at 10-11)* <br><br> **Mr. Farnsworth:** "Gross margins in the first half of the fiscal year will approximate those of fiscal '23 as we transition through the challenged programs and balance the potential for unknown risks that may materialize through final stages of completion." | • <u>Forward-Looking</u>: The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1) <br><br> • <u>Not Adequately Alleged To Be False Or Misleading</u>: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | ¶ 198 ¶ 199 | • <u>Present Or Historical Statement</u>: This is a statement of present fact or, at best, a mixed statement and was accompanied by generic risk warnings concerning Mercury's "ability to successfully integrate acquisitions[,]" not the length of time or cost associated with fixing execution problems, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.2) <br><br> • <u>Falsity Is Adequately Alleged</u>: The AC particularizes that the Replacement Defendants understood through their weekly, granular contract reviews that fixing the execution problems on the |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | | | impacted acquired over time contracts, which constituted ~20% of Mercury's revenue, would decimate Mercury's profit (*See* Argument § A.2.) |
| 19. | *November 7, 2023 8-K (Tab 12, Ex. 99.1 at 1, 3)* <br><br> **Mr. Ballhaus:** "We are reiterating our full- year guidance based on our current view of bookings, timing of product delivery, and allocation of factory capacity." <br><br> **Mercury:** "For the full fiscal year 2024, revenues are forecasted to be in the range of $950.0 million to $1.00 billion, and GAAP net (loss) income of $(15.9) million to $3.8 million, or $(0.28) to $0.07 (loss) earnings per share, and approximately 58.0 million weighted average diluted shares outstanding. Adjusted EBITDA for the full fiscal year is expected to be approximately $160.0 million to $185.0 million, and adjusted EPS for the full fiscal year is | • Forward-Looking:  The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1) <br><br> • Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | ¶ 200 ¶ 201 | • No Safe Harbor Protection: The Replacement Defendants understood that the FY24 guidance was unachievable due to the significant costs needed to fix the execution problems, which they were apprised of through their weekly, granular contract reviews, and the FY24 guidance was accompanied by generic risk warnings concerning Mercury's "ability to successfully integrate acquisitions[,]" not the length of time or cost associated with fixing execution problems, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.2) <br><br> • Falsity Is Adequately Alleged: The AC particularizes that the Replacement Defendants |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | expected to be approximately $1.19 to $1.54 per share." | | | necessarily understood through their weekly, granular contract reviews that fixing the execution problems on the impacted acquired over time contracts, which constituted ~20% of Mercury's revenue, would decimate Mercury's profit (*See* Argument § A.2.) |
| 20. | *November 7, 2023 Earnings Call (Tab 23 at 8)*<br><br>**Mr. Ballhaus:** "We are reiterating our full year FY '24 guidance based on our current view of bookings, timing of product deliver and our allocation of factory capacity." | • <u>Forward-Looking</u>: The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1)<br><br>• <u>Not Adequately Alleged To Be False Or Misleading</u>: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | ¶ 200<br>¶ 201 | • <u>No Safe Harbor Protection</u>: The Replacement Defendants understood that the FY24 guidance was unachievable due to the significant costs needed to fix the execution problems, which they were apprised of through their weekly, granular contract reviews, and the FY24 guidance was accompanied by generic risk warnings concerning Mercury's "ability to successfully integrate acquisitions[,]" not the length of time or cost associated with fixing execution problems, therefore the PSLRA's safe- harbor for forward- looking statements cannot apply (*See* Argument § A.2) |

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | | | • Falsity Is Adequately Alleged: The AC particularizes that the Replacement Defendants necessarily understood through their weekly, granular contract reviews that fixing the execution problems on the impacted acquired over time contracts, which constituted ~20% of Mercury's revenue, would decimate Mercury's profit (*See* Argument § A.2.) |
| 21. | *November 7, 2023 Earnings Call (Tab 23 at 10)*<br><br>**Mr. Farnsworth:** "[W]e are maintaining our full year guidance across revenues and adjusted EBITDA." | • Forward-Looking:  The statement regarding Mercury's future economic performance, which was made on a Company earnings call and accompanied by cautionary language, is protected under the PSLRA's safe-harbor for forward- looking statements (*See* Argument § I.B.1)<br><br>• Not Adequately Alleged To Be False Or Misleading: The AC lacks particularized allegations showing that the statement was false or misleading when made (*See* Argument § I.B.3) | ¶ 200<br>¶ 201 | • No Safe Harbor Protection: The Replacement Defendants understood that the FY24 guidance was unachievable due to the significant costs needed to fix the execution problems, which they were apprised of through their weekly, granular contract reviews, and the FY24 guidance was accompanied by generic risk warnings concerning Mercury's "ability to successfully integrate acquisitions[,]" not the length of time or cost associated with |

- 26 -

| No. | Challenged Statement | Defendants' Purported Reason(s) Why The Statement Is Not Actionable | (AC) | Each Statement Is Actionable For The Following Reason(s) |
|---|---|---|---|---|
| | | | | fixing execution problems, therefore the PSLRA's safe-harbor for forward-looking statements cannot apply (*See* Argument § A.2)<br><br>• Falsity Is Adequately Alleged: The AC particularizes that the Replacement Defendants necessarily understood through their weekly, granular contract reviews that fixing the execution problems on the impacted acquired over time contracts, which constituted ~20% of Mercury's revenue, would decimate Mercury's profit (*See* Argument § A.2.) |