**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | No. 1:23-cv-13065-WGY |
| | CLASS ACTION |
| Plaintiff, | **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| vs. | |
| MERCURY SYSTEMS, INC., MARK ASLETT, MICHAEL D. RUPPERT, WILLIAM L. BALLHAUS, and DAVID E. FARNSWORTH, | **LEAVE TO FILE GRANTED ON OCTOBER 1, 2024 (ECF NO. 92)** |
| Defendants. | |

Plaintiffs respectfully submit this notice of supplemental authority that was issued after the completion of briefing on Plaintiffs' motion for leave to file the PSAC. *See* ECF Nos. 82-89.[1]

On September 24, 2024, the United States Court of Appeals for the Second Circuit issued an unpublished Summary Order in *Leadersel Innotech ESG v. Teladoc Health, Inc., et al.*, No. 23-1112, 2024 WL 4274362 (2d Cir. Sept. 24, 2024) ("*Teladoc*"), vacating in part and remanding in part a decision to grant a motion to dismiss for failure to adequately allege actionable false or misleading statements. *Teladoc* is attached hereto as Exhibit 1.

Relevant here, and contrary to Defendants' argument that all statements about integration "are categorically immaterial, non-actionable statements of optimism" (*see* Def. Opp. at 16-17 & n.9), the Second Circuit found the following statements about integration to be actionable, and not puffery: (1) "our commercial organization is now ***fully integrated***, and our teams responsible for cross-selling have been collaborating for months"; (2) "our commercial organization has been ***fully integrated*** with sales teams selling across the entire whole-person portfolio of products since early this year"; (3) "we've significantly deepened our capabilities as we brought together and ***integrated*** the legacy Livongo and Teladoc marketing data and tech stacks"; and (4) risk warnings of "potential difficulties that Teladoc may encounter in the integration process." *Teladoc*, 2024 WL 4274362, at *4-*5.[2]

---

[1]   All defined terms have the same meanings ascribed to them in Plaintiffs' Memorandum of Law In Support of Motion for Leave to File the PSAC, dated August 23, 2024 ("Pltf. Mem."). ECF No. 83. "Def. Opp." refers to the memorandum of law filed by Defendants and defendants Ballhaus and Farnsworth opposing Plaintiffs' Motion for Leave to File the PSAC, dated September 6, 2024. ECF No. 86. Citations to "¶__" are to the PSAC. ECF No. 84-1. "Pltf. Rep." refers to Plaintiffs' Reply in Further Support of Motion for Leave to File the PSAC, dated September 16, 2024. ECF No. 89. All emphasis is added and all internal citations and quotation marks are omitted.

[2]   *Teladoc* confirms the inaccuracy of Defendants' argument that *In re Razorfish, Inc. Securities Litigation*, 2001 WL 1111502 (S.D.N.Y. Sept. 21, 2001) holds that all statements about integration are puffery. *See* Pltf. Mem. at 16 & n.9; Pltf. Rep. at 10 n.10.

The statements found actionable in *Teladoc* are nearly identical to Defendants' "full integration" and "fully integrated" statements challenged in ¶¶227-250. As in *Teladoc*, these statements conveyed "a 'concrete fact'" to Mercury's investors "regarding the status of the integration itself[.]" 2024 WL 4274362, at *4; *see* Pltf. Mem. at 14-18; Pltf. Rep. at 9-12. Indeed, each statement challenged in the PSAC pertains to the status of Mercury's full integration of the acquisitions made pursuant to the M&A Strategy (including POC), and certain statements describe the specific systems and platforms that Mercury had supposedly integrated. *See* ¶233 ("moving them to our own ERP applications or other business system"); ¶239 ("moving them to common collaboration and engineering platforms as well as common ERP, HRIS and CRM systems").

*Teladoc* further supports a finding of falsity by distinguishing the integration statements that were found to be puffery, *i.e.*, integration was "going really great," "continues to progress," was "well on [the] way," and "on track" (2024 WL 4274362, at *3) – ***language that does not appear in any of the statements challenged in ¶¶227-250***. *See* Pltf. Mem. at 14-18. In addition, by sustaining statements about "full integration," *Teladoc* demonstrates that the term "fully integrate" has a specific and definite meaning (*cf.* Def. Opp. at 2, 16), as explained in ¶105. *See* Pltf. Rep. at 3, 5, 10-12. Finally, the allegations in the PSAC – which are sourced from, *inter alia*, FE1 (who was hired to help achieve full integration), defendant Ballhaus's admission of Mercury's full integration failure starting in FY20, and Mercury's 2021 and 2022 unbilled receivables and cash flow results (Pltf. Rep. at 1) – are, at the very least, as particular as those found sufficient in *Teladoc* through "confidential witness statements and supporting documents[.]" 2024 WL 4274362, at *4. Thus, *Teladoc* supports a finding that the statements in ¶¶227-250 are actionable.[3]

---

[3] *Teladoc* did not address scienter because the District Court did not reach that issue in granting the motion to dismiss. 2024 WL 4274362, at *5.

DATED: September 26, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (*pro hac vice*)
MICHAEL G. CAPECI (*pro hac vice*)
JONATHAN A. OHLMANN (*pro hac vice*)

*/s/ Michael G. Capeci*
MICHAEL G. CAPECI

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com
johlmann@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com

GRANT & EISENHOFER P.A.
DANIEL L. BERGER (*pro hac vice*)
CAITLIN M. MOYNA (*pro hac vice*)
CECILIA E. STEIN (*pro hac vice*)
TIMOTHY CLARK B. DAUZ (*pro hac vice*)
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  646/722-8500
646/722-8501 (fax)
dberger@gelaw.com
cmoyna@gelaw.com
cstein@gelaw.com
tdauz@gelaw.com

*Co-Lead Counsel for Plaintiffs*

- 3 -

HUTCHINGS, BARSAMIAN, MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Plaintiffs*

WEINBERG, ROGER & ROSENFELD, P.C.
EZEKIEL D. CARDER
1375 55th Street
Emeryville, CA 94608
Telephone: 510/337-1001
510/337-1023 (fax)
ecarder@unioncounsel.net

*Additional Counsel for Lead Plaintiff*

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
JACK G. FRUCHTER
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone:  212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
jfruchter@aftlaw.com

*Additional Counsel for UPRRS*