UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NORTH COLLIER FIRE CONTROL AND    :
RESCUE DISTRICT FIREFIGHTERS'
PENSION PLAN, individually and on behalf of  :
all others similarly situated,

    :

        Plaintiff,        Civil Action
    :    No. 23-13065-WGY

    v.

    :    **JURY TRIAL DEMANDED**

MERCURY SYSTEMS, INC., MARK
ASLETT, MICHAEL RUPPERT, WILLIAM L.  :
BALLHAUS, and DAVID E. FARNSWORTH,

    :

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Mercury Systems, Inc., Mark Aslett and William L. Ballhaus

(collectively, "Defendants")[1] by and through their undersigned attorneys, hereby set forth the

following Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint For

Violations Of The Federal Securities Laws (the "Complaint") (ECF No. 102) upon knowledge as

to themselves and their own acts and otherwise upon information and belief as follows:

## ANSWER TO "NATURE OF THE ACTION" ALLEGATIONS

The heading immediately preceding Paragraph 1 of the Complaint contains no

factual allegations and thus no response is required.  To the extent that the heading immediately

---

[1]     The Court's February 20, 2025 Order held that "[b]ecause claims against Michael Ruppert and David Farnsworth are not actionable, the action as against them is DISMISSED" (ECF No. 100 at 48.)  Accordingly, the term "Defendants" as used in this Answer refers to Mercury Systems, Inc., Mark Aslett and William L. Ballhaus only.

preceding Paragraph 1 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

1. Defendants admit that Paragraph 1 contains certain definitions used in the Complaint. Defendants aver that the allegations contained in Paragraph 1 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 1 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that Mercury is a technology company that serves the defense and aerospace industries by developing goods or services pursuant to contracts with the Company's customers and that Mercury acquired 15 businesses for approximately $1.4 billion.

3. Defendants deny the allegations in Paragraph 3, except admit Defendants reported on Mercury's unbilled receivables to investors during each fiscal quarter of the Class Period. Those reports and any quoted language in Paragraph 3 are documents that speak for themselves and to which no response is required.

4. Defendants deny the allegations in Paragraph 4 as stated. Mercury's contracts are documents that speak for themselves and to which no response is required.

5. Defendants deny the allegations in Paragraph 5, except admit that Mercury reported unbilled receivables of $119.346 million in February 2021 and $376.722 million in May 2023, which was the last earnings report made before Defendant Aslett was no longer employed by the Company.

6.      Defendants deny the allegations in Paragraph 6, except admit Mercury reported an operating cash flow of $23.939 million in February 2021 (for 2Q21) and negative ($66.039 million) in November 2022 (for 1Q23).

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants deny the allegations in Paragraph 8, except admit that Plaintiffs purport to quote certain of Mercury's public statements.  Defendants refer to the transcripts containing those statements for their contents.

9.      Defendants aver that the allegations contained in Paragraph 9 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 9 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint, except admit that Plaintiffs purport to quote from and summarize statements made during a 2023 earnings call with Mercury investors.  Defendants refer to the transcript of that call for its contents.

11.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.  To the extent a further response is required, Defendants deny the allegations in the paragraph.

12.     Defendants deny the allegations contained in the first sentence of Paragraph 12 of the Complaint, except admit that unbilled receivables and operating cash flow were reported in Mercury's fiscal quarterly results presentations in 2021 and 2022.  Defendants refer to those presentations for their contents.  Defendants deny the allegations contained in the second, third, fourth and fifth sentences of Paragraph 12 of the Complaint.  Defendants aver that

the allegations contained in sentence 6 of Paragraph 12 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent a further response is required, Defendants deny the allegations in that sentence.

13. To the extent Paragraph 13 purports to include quotations of statements made by Defendants without identifying the source of the quotations, Defendants aver that they lack knowledge or information sufficient to respond to the accuracy or context of the quotations but would further respond should Plaintiffs identify with specificity the source of the purported quotations. To the extent a further response is required, Defendants deny the allegations in the paragraph.

14. Defendants aver that the allegations contained in sentence one of Paragraph 14 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that sentence one of Paragraph 14 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied. Defendants deny the allegations in sentence two of Paragraph 14 of the Complaint, except admit that at the time Defendant Ballhaus became CEO of Mercury in June 2023, he had served as a director on the Board since June 2022. Defendants deny the allegations in sentences three, four, five and six of Paragraph 14 of the Complaint. Defendants deny the allegations in sentences seven, eight and nine of the Complaint, except admit that Mercury was not sold, that a dispute exists as to Mr. Aslett's rights under a Change in Control Severance Agreement and that Plaintiffs purport to summarize a Form 8-K filed by Mercury with the SEC on June 23, 2023. Defendants refer to that document for its contents. Defendants aver that the allegations contained in sentence 10 of Paragraph 14 concern matters that are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that sentence 10 of

4

Paragraph 14 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied. Defendants aver that sentence 11 of Paragraph 14 are Plaintiffs' legal conclusions to which no answer is required. To the extent a further response is required, Defendants deny the allegations in that sentence.

15. Defendants aver that the allegations contained in Paragraph 15 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). Defendants further aver that the allegations contained in Paragraph 15 are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 15 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

16. Defendants aver that the allegations contained in Paragraph 16 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). Defendants further aver that the allegations contained in Paragraph 16 are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 16 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

17. Defendants deny the allegations contained in sentence one of Paragraph 17 of the Complaint, except admit that Plaintiffs purport to summarize statements made by Defendants during the August 2023 earnings call. Defendants refer to the transcript of that call for its contents. Defendants aver that the allegations contained in sentence two of Paragraph 17 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that sentence two of Paragraph 17 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations

are denied.  Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence three of Paragraph 17 and therefore deny them.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint, except admit that Plaintiffs purport to summarize statements made by Defendants during November 2023 and February 2024 earnings calls.  Defendants refer to the transcripts of those earnings calls for their contents.

19.    Defendants aver that the allegations contained in sentence one of Paragraph 19 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that sentence one of Paragraph 19 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants deny the allegations contained in sentence two of Paragraph 19 of the Complaint, except admit that Plaintiffs purport to summarize statements made by Defendants during the August 2023 earnings call.  Defendants refer to the transcript of that call for its contents.  Defendants deny the allegations in sentence three of Paragraph 19 of the Complaint.

20.    Defendants deny the allegations in Paragraph 20 of the Complaint, except admit that on August 13, 2024, Mercury announced its Fourth Quarter and Fiscal 2024 Results. Defendants refer to that report for its contents.

21.    Defendants deny the allegations in Paragraph 21 of the Complaint.

22.    Defendants deny the allegations in Paragraph 22 of the Complaint, except admit that on August 2, 2022, Mercury announced its Fourth Quarter and Fiscal 2022 Results. Defendants refer to that report for its contents.

6

23.     Defendants deny the allegations in Paragraph 23 of the Complaint, except admit that on May 2, 2023, Mercury announced its Third Quarter Fiscal 2023 Results. Defendants refer to that report for its contents.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint, except admit that on November 7, 2023, Mercury announced its First Quarter Fiscal 2024 Results. Defendants refer to that report for its contents.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint, except admit that on February 6, 2024, Mercury announced its Second Quarter Fiscal 2024 Results. Defendants refer to that report for its contents.

26.     Defendants aver that the allegations contained in Paragraph 26 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 26 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that the performance of the S&P 500 is public information.  Defendants refer to that information for its contents.

## ANSWER TO "JURISDICTION AND VENUE" ALLEGATIONS

The heading immediately preceding Paragraph 27 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 27 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

27.     Defendants aver that the allegations contained in Paragraph 27 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 27 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

28.     Defendants aver that the allegations contained in Paragraph 28 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 28 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

29.     Defendants aver that the allegations contained in Paragraph 29 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 29 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

30.     Defendants aver that the allegations contained in Paragraph 30 of the Complaint are Plaintiff's legal conclusions to which no answer is required.  To the extent that Paragraph 30 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "PARTIES" ALLEGATIONS

The heading immediately preceding Paragraph 31 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 31 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

31.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint. Defendants further aver that the allegations contained in Paragraph 31 of the Complaint include Plaintiff's legal conclusions to which no answer is required.

32.     Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

Defendants further aver that the allegations contained in Paragraph 32 of the Complaint include Plaintiff's legal conclusions to which no answer is required.

33.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint. Defendants further aver that the allegations contained in Paragraph 33 of the Complaint include Plaintiff's legal conclusions to which no answer is required.

34.    Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint, except admit that Mr. Aslett was the Company's CEO, President, and a director on the Board from November 2007 until June 2023 when he was no longer employed by the Company.

36.    Defendants aver that the allegations contained in Paragraph 36 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 36 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Mr. Ruppert served as Mercury's CFO, Executive Vice President, and Treasurer from 2018 until February 17, 2023.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint, except admit that Mr. Ballhaus served as a director on the Board from June 23, 2022 to present; that Mr. Ballhaus served as interim CEO from June 24, 2023 to August 15, 2023 following Defendant Aslett no longer being employed by the Company; that Mr. Ballhaus served

9

as CEO and President and as a director on the Board since August 15, 2023; and that Mr.

Ballhaus served as CEO, President and Chairman of the Board since October 25, 2023.

38.    Defendants aver that the allegations contained in Paragraph 38 are outside

of the scope of what remains at issue in this case following the Court's February 20, 2025 Order

(ECF No. 100).  To the extent that Paragraph 38 of the Complaint may be deemed to contain

factual allegations to which a response is required, Defendants admit those allegations.

39.    Defendants aver that the allegations contained in Paragraph 39 of the

Complaint are Plaintiffs' definitional conventions to which no answer is required.  To the extent

that Paragraph 39 of the Complaint may be deemed to contain factual allegations to which a

response is required, those allegations are denied.

40.    Defendants deny the allegations contained in Paragraph 40 of the

Complaint.

41.    Defendants aver that the allegations contained in Paragraph 41 of the

Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that

Paragraph 41 of the Complaint may be deemed to contain factual allegations to which a response

is required, those allegations are denied.

42.    Defendants aver that the allegations contained in Paragraph 42 of the

Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that

Paragraph 42 of the Complaint may be deemed to contain factual allegations to which a response

is required, those allegations are denied.

43.    Defendants aver that the allegations contained in Paragraph 43 of the

Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that

Paragraph 43 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

44.     Defendants aver that the allegations contained in Paragraph 44 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 44 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

45.     Defendants aver that the allegations contained in Paragraph 45 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 45 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

<strong><u>ANSWER TO "SUBSTANTIVE ALLEGATIONS" ALLEGATIONS</u></strong>

<strong>A.     <u>Answer to "The Company and Its Business" Allegations</u></strong>

The headings immediately preceding Paragraph 46 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the headings immediately preceding Paragraph 46 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

46.     Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit the allegations contained in Paragraph 47 of the Complaint.

B.    **Answer to "Mercury's Revenue and Profit
      Dramatically Increase Before the Class Period
      Through Defendants' M&A Strategy" Allegations**

The heading immediately preceding Paragraph 48 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 48 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint, except admit that before and during the putative Class Period as that term is defined in the Complaint, Mercury grew its business, in part, by acquiring other companies.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint, except admit that Mercury acquired (1) Physical Optics Corporation ("POC") in December 2020, for $310 million; (2) American Panel Corporation in September 2019, for $100 million; (3) Syntonic Microwave LLC and (4) The Athena Group, Inc. in April 2019, for a combined purchase price of $46 million; and (5) GECO Avionics, LLC in January 2019, for $36.5 million.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint, except admit that during the putative Class Period as that term is defined in the Complaint, Mercury acquired: (1) Pentek Technologies, LLC and Pentek Systems, Inc. in May 2021, for $65 million; (2) Avalex Technologies, LLC, in November 2021, for $155 million; and (3) Atlanta Micro, Inc., in November 2021, for $90 million.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint, except admit that Mercury acquired POC for $310 million.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint, except admit that Plaintiffs purport to quote from and summarize statements made during Mercury's August 3, 2021 Fourth Quarter and Fiscal Year 2021 Financial Results. Defendants refer to the transcript of that presentation for its contents.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint, and, answering further, aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence two of Paragraph 55 of the Complaint.

**C.    Answer to "Defendants Intentionally Shifted Mercury's Business Model to Primarily Using Over Time Accounting, Which Caused Mercury to Experience Unprecedented Levels of Increased Unbilled Receivables and Related Reduced Cash Flow" Allegations**

The heading immediately preceding Paragraph 56 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 56 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

13

57.    Paragraph 57 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 57 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

58.    Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in Paragraph 59 of the Complaint, except admit that Mercury used the "point-in-time" method of revenue recognition before and during the putative Class Period as that term is defined in the Complaint.

60.    Defendants deny the allegations contained in Paragraph 60 of the Complaint, except admit that Mercury acquired businesses before and during the putative Class Period as that term is defined in the Complaint and that certain of those businesses had long-term contracts that utilized over time revenue recognition.

61.    Defendants aver that the allegations contained in Paragraph 61 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 61 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize certain of Mercury's SEC filings. Defendants refer to those documents for their contents.

62.    Defendants deny the allegations contained in Paragraph 62 of the Complaint, except admit that Plaintiffs purport to quote from and summarize certain of Mercury's SEC filings.  Defendants refer to those documents for their contents.

14

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint, except admit that Plaintiffs purport to quote from and summarize certain of Mercury's SEC filings.  Defendants refer to those documents for their contents.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint, except admit that Plaintiffs purport to quote from and summarize certain of Mercury's SEC filings.  Defendants refer to those documents for their contents.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint, except admit that Plaintiffs purport to quote from and summarize an investor earnings call to held on February 1, 2022.  Defendants refer to the transcript of that call for its contents.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 68 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

69.     Paragraph 69 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 69 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

70.     Paragraph 70 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 70 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

71.     Defendants aver that the allegations contained in sentence one of Paragraph 71 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that sentence one of Paragraph 71 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants deny the allegations contained in sentence two of Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 72 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

73.     Paragraph 73 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 73 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

74.     Sentence one of Paragraph 74 of the Complaint contains no factual allegations and thus no response is required.  To the extent that sentence one of Paragraph 74 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants deny the allegations contained in sentences two and three of Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint, except admit that Plaintiffs purport to summarize certain of Mercury's SEC filings. Defendants refer to the contents of those documents for their contents.

80.     Defendants deny the allegations contained in sentence one of Paragraph 80, except admit that each of Mercury's quarterly financial results presentations made in 2021 and 2022 included information on Mercury's unbilled receivables and operating cash flow. Defendants refer to those reports for their contents.  Defendants aver that the allegations contained in sentence two of Paragraph 80 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that sentence two of Paragraph 80 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

81.     Defendants aver that the allegations contained in Paragraph 81 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 81 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations contained in Paragraph 81 of the Complaint, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated February 2, 2021.  Defendants refer to that document for its contents.

82.     Defendants aver that the allegations contained in Paragraph 82 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 82 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except

admit that Plaintiffs purport to quote from and summarize statements made by Mr. Aslett during a February 2, 2021 earnings call. Defendants refer to the transcript of that call for its contents.

83. Defendants aver that the allegations contained in Paragraph 83 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 83 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated May 4, 2021. Defendants refer to that document for its contents.

84. Defendants aver that the allegations contained in Paragraph 84 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 84 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize statements made by Mr. Aslett during a May 4, 2021 earnings call. Defendants refer to the transcript of that call for its contents.

85. Defendants aver that the allegations contained in Paragraph 85 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 85 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated August 3, 2021. Defendants refer to that document for its contents.

86. Defendants aver that the allegations contained in Paragraph 86 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 86 of the Complaint may be deemed to contain

factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize statements made by Mr. Aslett during an August 3, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

87.    Defendants aver that the allegations contained in Paragraph 87 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 87 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated November 2, 2021.  Defendants refer to that document for its contents.

88.    Defendants aver that the allegations contained in Paragraph 88 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 88 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize statements made by Mr. Aslett during a November 2, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

89.    Defendants deny the allegations contained in Paragraph 89 of the Complaint, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated February 1, 2022.  Defendants refer to that document for its contents.

90.    Defendants deny the allegations contained in Paragraph 90 of the Complaint, except admit that Plaintiffs purport to quote statements made by Mr. Aslett during a February 1, 2022 earnings call with Mercury investors.  Defendants refer to the transcript of that call for its contents.

91.     Defendants aver that the allegations contained in Paragraph 91 of the Complaint are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 91 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated May 3, 2022.  Defendants refer to that document for its contents.

92.     Defendants aver that the allegations contained in Paragraph 92 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 92 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize statements made by Mr. Aslett during a May 3, 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

93.     Defendants aver that the allegations contained in Paragraph 93 of the Complaint are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 93 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated August 2, 2022.  Defendants refer to that document for its contents.

94.     Defendants aver that the allegations contained in Paragraph 94 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 94 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except

20

admit that Plaintiffs purport to quote from and summarize statements made by Mr. Aslett during an August 2, 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

95.     Defendants aver that the allegations contained in Paragraph 95 of the Complaint are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 95 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize Mercury's Form 8-K dated November 1, 2022.  Defendants refer to that document for its contents.

96.     Defendants aver that the allegations contained in Paragraph 96 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 96 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize statements made by Mr. Aslett during a November 1, 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

97.     Defendants aver that the allegations contained in Paragraph 97 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 97 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint, except admit that Plaintiffs purport to summarize and quote statements made by Mr. Ballhaus during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

99.    Paragraph 99 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 99 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

100.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.  To the extent a further response is required, Defendants deny the allegations in the paragraph.

101.    Defendants aver that the allegations contained in Paragraph 101 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 101 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

102.    Defendants aver that the allegations contained in Paragraph 102 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 102 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### D.    Answer to "Defendants Falsely and Repeatedly Assured Investors that Mercury Had Fully Integrated Its Acquisitions Before and During the Class Period" Allegations

The heading immediately preceding Paragraph 103 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 103 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

103.    Paragraph 103 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 103 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

22

104.    Paragraph 104 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 104 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

105.    Paragraph 105 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 105 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

106.    Paragraph 106 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 106 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

107.    Sentences one, two and three of Paragraph 107 of the Complaint contain no factual allegations and thus no response is required.  To the extent that sentences one, two and three of Paragraph 107 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.  Defendants deny the allegations in sentence four of Paragraph 107 of the Complaint, and, answering further, aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding "FE1's observations" and the "recount[ings]" of "an analyst following the Company."

108.    Paragraph 108 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 108 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

109.    Paragraph 109 of the Complaint contains no factual allegations and thus no response is required.  To the extent that Paragraph 109 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

110. Paragraph 110 of the Complaint contains no factual allegations and thus no response is required. To the extent that Paragraph 110 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

111. To the extent Paragraph 111 purports to include quotations of statements made by Defendants without identifying the source of the quotations, Defendants aver that they lack knowledge or information sufficient to respond to the accuracy or context of the quotations but would further respond should Plaintiffs identify with specificity the source of the purported quotations. To the extent a further response is required, Defendants deny the allegations in the paragraph.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a February 2022 earnings call. Defendants refer to the transcript of that call for its contents.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a February 2022 earnings call. Defendants refer to the transcript of that call for its contents.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint, except admit that Plaintiffs purport to summarize statements made during certain of Mercury's earnings calls during the putative Class Period as that term is defined in the Complaint. Defendants refer to the transcripts of those calls for their contents.

24

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a May 11, 2020 presentation at the Bank of America Securities 2020 Transportation & Industrials Virtual Conference.  Defendants refer to the transcript of that conference for its contents.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint, except admit that Plaintiffs purport to quote from Mercury's corporate website. Defendants refer to the website for its contents.

119.    Defendants aver that the allegations contained in Paragraph 119 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 119 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a May 11, 2021 presentation at the Goldman Sachs Industrials and Materials Conference.  Defendants refer to the transcript of that conference for its contents.

120.    Defendants aver that the allegations contained in Paragraph 120 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 120 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a November 2, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a February 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

122.    Defendants aver that the allegations contained in Paragraph 122 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 122 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote a statement made by Mr. Ruppert during a March 15, 2022 presentation at the JPMorgan Industrials Conference.  Defendants refer to the transcript of that conference for its contents.

123.    Defendants aver that the allegations contained in Paragraph 123 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 123 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations contained in sentence one of Paragraph 123 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a May 4, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.  Defendants aver that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence two of Paragraph 123 of the Complaint.

124.    Defendants aver that the allegations contained in Paragraph 124 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 124 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during an August 3, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

125.    Defendants aver that the allegations contained in Paragraph 125 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 125 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from and summarize a June 2, 2021 William Blair analyst report.  Defendants refer to that document for its contents.

126.    Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    Defendants aver that the allegations contained in Paragraph 127 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 127 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

**E**.    **Answer to "Defendants Knew, or Recklessly Disregarded, that Mercury Failed to Fully Integrate the Company's Acquisitions During the Class Period and that This Failure Had Negatively Impacted the Company's Financial Performance" Allegations**

The heading immediately preceding Paragraph 128 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 128 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

128.    Defendants deny the allegations contained in sentence one of Paragraph 128 of the Complaint.  Defendants aver that the allegations contained in sentence two of Paragraph 128 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that sentence two of Paragraph 128 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133. Defendants admit the allegations contained in Paragraph 133.

134. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint.

136. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint. To the extent a further response is required, Defendants deny the allegations in the paragraph.

137. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

139. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentences one and three of Paragraph 140 of the Complaint.  Defendants deny the allegations contained in sentence two of Paragraph 140, except admit that Plaintiffs purport to summarize information from Mercury's 2023 Form 10-K.  Defendants refer to that document for its contents.

141.    Defendants aver that the allegations contained in Paragraph 141 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 141 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

142.    Defendants aver that the allegations contained in Paragraph 142 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 142 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 142, except admit that Plaintiffs purport to quote statements made by Mr. Aslett during a May 4, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

143.    Defendants aver that the allegations contained in Paragraph 143 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 143 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 143, except admit that Plaintiffs purport to quote statements made by Mr. Aslett during an August 3, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

144.     Defendants aver that the allegations contained in Paragraph 144 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 144 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 144, except admit that Plaintiffs purport to quote statements made by Mr. Aslett during an August 3, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

145.     Defendants aver that the allegations contained in Paragraph 145 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 145 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations contained in sentence one of Paragraph 145 of the Complaint, except admit that Plaintiffs purport to quote statements made by Mr. Aslett during an August 3, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.  Defendants aver that the allegations contained in sentence two of Paragraph 145 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that sentence two of Paragraph 145 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

146.     Defendants deny the allegations contained in Paragraph 146 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a February 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

147.   Defendants deny the allegations contained in Paragraph 147 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a February 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

148.   Defendants aver that the allegations contained in Paragraph 148 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 148 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations contained in Paragraph 148 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a May 3, 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

149.   Defendants deny the allegations contained in Paragraph 149 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Aslett during a May 2, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

150.   Defendants aver that the allegations contained in Paragraph 150 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 150 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

151.   Defendants aver that the allegations contained in Paragraph 151 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 151 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants respond that they understand Paragraph 151 to contain an error and to be referring to a statement on August 3, 2021 not August 4, 2021.  As to the statement on August 3, 2021, Defendants deny the

allegations contained in Paragraph 151 of the Complaint, except admit that Plaintiffs purport to quote a statement from the August 3, 2021 earnings call. Defendants refer to the transcript of that call for its contents.

152.    Defendants aver that the allegations contained in Paragraph 152 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 152 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote a statement from the February 1, 2022 earnings call. Defendants refer to the transcript of that call for its contents.

153.    Defendants aver that the allegations contained in Paragraph 153 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 153 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote and summarize statements made during the August 2, 2022 earnings call. Defendants refer to the transcript of that call for its contents.

154.    Defendants aver that the allegations contained in Paragraph 154 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 154 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote a statement from the November 1, 2022 earnings call. Defendants refer to the transcript of that call for its contents.

155.    Defendants aver that the allegations contained in Paragraph 155 are outside of the scope of what remains at issue in this case following the Court's February 20,

2025 Order (ECF No. 100).  To the extent that Paragraph 155 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote a statement from the November 1, 2022 earnings call. Defendants refer to the transcript of that call for its contents.

156.    Defendants aver that the allegations contained in Paragraph 156 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Answering further, Defendants aver that the allegations contained in Paragraph 156 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 156 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

157.    Defendants aver that the allegations contained in Paragraph 157 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 157 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

158.    Defendants aver that the allegations contained in Paragraph 158 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 158 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint, except admit that on August 2, 2022, Mercury announced its Fourth Quarter and Fiscal 2022 Results.  Defendants refer to that report for its contents.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint, except admit that the closing price of Mercury stock was $57.48 on August 2, 2022 and the closing price of Mercury stock was $49.81 on August 3, 2022.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint, except admit that Plaintiffs purport to quote from an October 19, 2022 J.P. Morgan analyst report.  Defendants refer to that document for its contents.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint, except admit that Plaintiffs purport to quote from a November 1, 2022 Truist Securities analyst report.  Defendants refer to that document for its contents.

163.    Defendants deny the allegations in Paragraph 163 of the Complaint, except admit that on May 2, 2023, Mercury announced its Third Quarter Fiscal 2023 Results. Defendants refer to that report for its contents.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint, except admit that the closing price of Mercury stock was $45.28 on May 2, 2023 and the closing price of Mercury stock was $37.44 on May 3, 2023.

165.    Defendants deny the allegations contained in Paragraph 165 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a May 2, 2023 Jefferies analyst report.  Defendants refer to that document for its contents.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a May 2, 2023 RBC Capital Markets analyst report.  Defendants refer to that document for its contents.

167. Defendants deny the allegations contained in Paragraph 167 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a May 2, 2023 Truist Securities analyst report. Defendants refer to that document for its contents.

168. Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint, except admit that Plaintiffs purport to characterize statements made by analysts during the May 2, 2023 earnings call. Defendants refer to the transcript of that call for its contents.

169. Defendants deny the allegations contained in Paragraph 169 of the Complaint, except admit that Plaintiffs purport to quote a statement made by an analyst with Robert W. Baird & Co. during Mercury's May 2, 2023 earnings call. Defendants refer to the transcript of that call for its contents.

170. Defendants deny the allegations contained in Paragraph 170 of the Complaint, except admit that Plaintiffs purport to quote a statement made by an analyst with Truist Securities during Mercury's May 2, 2023 earnings call. Defendants refer to the transcript of that call for its contents.

### F. Answer to "Defendants Were Motivated to Falsely Inflate Mercury's Value During the Class Period" Allegations

The heading immediately preceding Paragraph 171 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 171 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

171. Defendants deny the allegations contained in Paragraph 171 of the Complaint, except admit that Plaintiffs purport to summarize a Schedule 13D filed with the SEC on December 23, 2021. Defendants refer to that document for its contents.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint, except admit that Plaintiffs purport to quote from a Schedule 13D filed with the SEC on December 23, 2021.  Defendants refer to that document for its contents.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint, except admit that Plaintiffs purport to summarize a Schedule 13D filed with the SEC on January 13, 2022.  Defendants refer to that document for its contents.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint, except admit that Plaintiffs purport to summarize a letter attached to a Schedule 13D filed with the SEC on January 13, 2022.  Defendants refer to that document for its contents.

175.    Defendants aver that the allegations contained in Paragraph 175 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 175 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a January 14, 2022 Canaccord Genuity analyst report.  Defendants refer to that document for its contents.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a Form 8-K filed by Mercury with the SEC on February 8, 2022.  Defendants refer to that document for its contents.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint, except admit that Plaintiffs purport to quote from a Form 8-K filed by Mercury with the SEC on February 8, 2022.  Defendants refer to that document for its contents.

36

179.    Defendants aver that the allegations contained in Paragraph 179 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 179 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

180.    Defendants deny the allegations contained in Paragraph 180 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a Form 8-K filed by Mercury with the SEC on June 24, 2022.  Defendants refer to that document for its contents.

181.    Defendants deny the allegations contained in Paragraph 181 of the Complaint, except admit that Plaintiffs purport to summarize a Form DEF 14A proxy statement filed by Mercury on September 8, 2022.  Defendants refer to that document for its contents.

182.    Defendants deny the allegations contained in Paragraph 182 of the Complaint, except admit that Plaintiffs purport to summarize a Form DEF 14A proxy statement filed by Mercury on September 8, 2022.  Defendants refer to that document for its contents.

183.    Defendants deny the allegations contained in Paragraph 183 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a Form 8-K filed by Mercury with the SEC on January 31, 2023.  Defendants refer to that document for its contents.

184.    Defendants deny the allegations contained in Paragraph 184 of the Complaint, except admit that Plaintiffs purport to summarize a Form 8-K filed by Mercury with the SEC on January 31, 2023.  Defendants refer to that document for its contents.

185.    Defendants deny the allegations contained in Paragraph 185 of the Complaint, except admit that Plaintiffs purport to summarize a Form 8-K filed by Mercury with the SEC on June 23, 2023.  Defendants refer to that document for its contents.

186.    Defendants deny the allegations contained in Paragraph 186 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a Form 8-K filed by Mercury with the SEC on June 23, 2023.  Defendants refer to that document for its contents.

187.    Defendants aver that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint.

188.    Defendants deny the allegations contained in Paragraph 188 of the Complaint, except admit that Plaintiffs purport to summarize a Form 8-K filed by Mercury with the SEC on June 23, 2023.  Defendants refer to that document for its contents.

189.    Defendants deny the allegations contained in Paragraph 189 of the Complaint, except admit that Plaintiffs purport to summarize a Form 8-K filed by Mercury with the SEC on June 23, 2023.  Defendants refer to that document for its contents.

190.    Defendants deny the allegations contained in Paragraph 190 of the Complaint, except admit that a dispute exists as to Mr. Aslett's rights under a Change in Control Severance Agreement and that Plaintiffs purport to summarize a Form 8-K filed by Mercury with the SEC on June 23, 2023.  Defendants refer to that document for its contents.

191.    Defendants aver that the allegations contained in Paragraph 191 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 191 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

**G.    Answer to "Defendant Ballhaus Admits that Defendants Failed to Fully Integrate Mercury's Acquisitions and that This Failure Negatively Impacted Mercury's Value" Allegations**

The heading immediately preceding Paragraph 192 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately

preceding Paragraph 192 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

192.    Defendants deny the allegations contained in Paragraph 192 of the Complaint, except admit that Plaintiffs purport to summarize a Form 8-K filed by Mercury with the SEC on August 15, 2023.  Defendants refer to that document for its contents.

193.    Defendants deny the allegations contained in Paragraph 193 of the Complaint, except admit that Plaintiffs purport to quote a statement made by Mr. Ballhaus during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

194.    Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195.    To the extent Paragraph 195 purports to include quotations of statements made by Defendants without identifying the source of the quotations, Defendants aver that they lack knowledge or information sufficient to respond to the accuracy or context of the quotations but would further respond should Plaintiffs identify with specificity the source of the purported quotations.  To the extent a further response is required, Defendants deny the allegations in the paragraph.

196.    Defendants deny the allegations contained in Paragraph 196 of the Complaint.

197.    Defendants deny the allegations contained in Paragraph 197 of the Complaint, except admit that Plaintiffs purport to summarize statements made by Mr. Ballhaus during a February 6, 2024 earnings call.  Defendants refer to the transcript of that call for its contents.

**H.    Answer to "Defendants Ballhaus and Farnsworth Made Their Own Materially False and Misleading Statements and Omissions After Blaming Defendants" Allegation**

The heading immediately preceding Paragraph 198 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 198 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

198.    Defendants aver that the allegations contained in Paragraph 198 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 198 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

199.    Defendants aver that the allegations contained in Paragraph 199 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 199 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

200.    Defendants aver that the allegations contained in Paragraph 200 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 200 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

201.    Defendants aver that the allegations contained in Paragraph 201 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 201 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

202.    Defendants aver that the allegations contained in Paragraph 202 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 202 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

203.    Defendants deny the allegations contained in Paragraph 203 of the Complaint, except admit that Plaintiffs purport to summarize statements made by Messrs. Ballhaus and Farnsworth during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

204.    Defendants aver that the allegations contained in Paragraph 204 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 204 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

205.    Defendants aver that the allegations contained in sentence one of Paragraph 205 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that sentence one of Paragraph 205 of the Complaint may be deemed to contain

41

factual allegations to which a response is required, those allegations are denied. Defendants deny the allegations contained in sentence two of Paragraph 205 of the Complaint, except admit that Plaintiffs purport to quote from an August 15, 2023 Truist Securities analyst report. Defendants refer to that document for its contents.

206.    Defendants deny the allegations contained in Paragraph 206 of the Complaint, except admit that Plaintiffs purport to quote from an August 16, 2023 J.P. Morgan analyst report. Defendants refer to that document for its contents.

207.    Defendants aver that the allegations contained in Paragraph 207 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 207 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during a November 7, 2023 earnings call. Defendants refer to the transcript of that call for its contents.

208.    Defendants aver that the allegations contained in Paragraph 208 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 208 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during a November 7, 2023 earnings call. Defendants refer to the transcript of that call for its contents.

209.    Defendants aver that the allegations contained in Paragraph 209 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 209 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

42

210.    Defendants deny the allegations contained in Paragraph 210 of the Complaint, except admit that the closing price of Mercury stock was $36.78 on November 7, 2023 and the closing price of Mercury stock was $32.15 on November 8, 2023.

211.    Defendants aver that the allegations contained in Paragraph 211 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 211 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize statements made by Messrs. Ballhaus and Farnsworth during a November 7, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

212.    Defendants aver that the allegations contained in Paragraph 212 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 212 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from a November 7, 2023 Truist Securities analyst report.  Defendants refer to that document for its contents.

213.    Defendants aver that the allegations contained in Paragraph 213 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 213 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from an November 8, 2023 J.P. Morgan analyst report.  Defendants refer to that document for its contents.

43

214.    Defendants aver that the allegations contained in sentence one of Paragraph 214 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that sentence one of Paragraph 214 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied. Defendants deny the allegations contained in sentence two of Paragraph 214 of the Complaint, except admit that Plaintiffs purport to summarize statements made by Messrs. Ballhaus and Farnsworth during a February 6, 2024 earnings call. Defendants refer to the transcript of that call for its contents.

215.    Defendants deny the allegations contained in Paragraph 215 of the Complaint, except admit that Plaintiffs purport to summarize statements made by Messrs. Ballhaus and Farnsworth during a February 6, 2024 earnings call. Defendants refer to the transcript of that call for its contents.

216.    Defendants deny the allegations contained in Paragraph 216 of the Complaint, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during a February 6, 2024 earnings call. Defendants refer to the transcript of that call for its contents.

217.    Defendants deny the allegations contained in Paragraph 217 of the Complaint, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Farnsworth during a February 6, 2024 earnings call. Defendants refer to the transcript of that call for its contents.

218.    Defendants deny the allegations contained in Paragraph 218 of the Complaint, except admit that Plaintiffs purport to quote and summarize statements made by Mr. Ballhaus during a February 6, 2024 earnings call. Defendants refer to the transcript of that call for its contents.

219.    Defendants deny the allegations contained in Paragraph 219 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a February 6, 2024 J.P. Morgan analyst report.  Defendants refer to that document for its contents.

220.    Defendants deny the allegations contained in Paragraph 220 of the Complaint, except admit that Plaintiffs purport to quote from a February 7, 2024 William Blair & Co. analyst report.  Defendants refer to that document for its contents.

221.    Defendants deny the allegations contained in Paragraph 221 of the Complaint, except admit that Plaintiffs purport to summarize and quote from a February 20, 2024 BofA Securities analyst report.  Defendants refer to that document for its contents.

222.    Defendants deny the allegations contained in Paragraph 222 of the Complaint, except admit that the closing price of Mercury stock was $30.25 on February 6, 2024 and the closing price of Mercury stock was $26.80 on February 7, 2024.

223.    Defendants deny the allegations contained in Paragraph 223 of the Complaint, except admit that Mercury reported financial results on May 7, 2024 and on August 13, 2024.  Defendants refer to those reports for their contents.

224.    Defendants deny the allegations contained in Paragraph 224 of the Complaint, except admit that the opening price of Mercury stock was $76.65 on February 3, 2021.

225.    Defendants aver that the allegations contained in Paragraph 225 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 225 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that the volume and price of

45

Mercury common stock trading during certain time periods is a matter of public information. Defendants refer to that information for its contents.

## ANSWER TO "MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS MADE DURING THE CLASS PERIOD" ALLEGATIONS

The heading immediately preceding Paragraph 226 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 226 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

226. Defendants aver that the allegations contained in Paragraph 226 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 226 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### A. Answer to "The False and Misleading Statements and Omissions Made by Defendants Regarding Full Integration" Allegations

The heading immediately preceding Paragraph 227 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 227 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

227. Defendants aver that the allegations contained in Paragraph 227 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 227 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett

during a February 2, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

228.    Defendants aver that the allegations contained in Paragraph 228 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 228 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 228 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

229.    Defendants aver that the allegations contained in Paragraph 229 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 229 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during a May 4, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

230.    Defendants aver that the allegations contained in Paragraph 230 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 230 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 230 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

231.    Defendants aver that the allegations contained in Paragraph 231 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 231 of the Complaint may be deemed

47

to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during a May 11, 2021 presentation at the Goldman Sachs Industrials and Materials Conference. Defendants refer to the transcript of that conference for its contents.

232.    Defendants aver that the allegations contained in Paragraph 232 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 232 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 232 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

233.    Defendants aver that the allegations contained in Paragraph 233 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 233 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during a June 2, 2021 presentation at the William Blair Growth Stock Conference.  Defendants refer to the transcript of that conference for its contents.

234.    Defendants aver that the allegations contained in Paragraph 234 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 234 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 234 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

235.    Defendants aver that the allegations contained in Paragraph 235 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 235 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during an August 3, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

236.    Defendants aver that the allegations contained in Paragraph 236 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 236 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 236 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

237.    Defendants aver that the allegations contained in Paragraph 237 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 237 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during a November 2, 2021 earnings call.  Defendants refer to the transcript of that call for its contents.

238.    Defendants aver that the allegations contained in Paragraph 238 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph

238 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 238 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

239. Defendants deny the allegations contained in Paragraph 239 of the Complaint, except admit that Plaintiffs purport to quote statements made by Mr. Aslett during a February 1, 2022 earnings call with Mercury investors. Defendants refer to the transcript of that call for its contents.

240. Defendants aver that the allegations contained in Paragraph 240 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). Defendants further aver that the allegations contained in Paragraph 240 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 240 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

241. Defendants aver that the allegations contained in Paragraph 241 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 241 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote a statement made by Mr. Ruppert during a March 15, 2022 presentation at the JPMorgan Industrials Conference. Defendants refer to the transcript of that conference for its contents.

242. Defendants aver that the allegations contained in Paragraph 242 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). Defendants further aver that the allegations contained in Paragraph

242 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 242 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

243.    Defendants aver that the allegations contained in Paragraph 243 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 243 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during a May 3, 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

244.    Defendants aver that the allegations contained in Paragraph 244 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 244 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 244 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

245.    Defendants aver that the allegations contained in Paragraph 245 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 245 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during an August 2, 2022 earnings call.  Defendants refer to the transcript of that call for its contents.

246. Defendants aver that the allegations contained in Paragraph 246 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). Defendants further aver that the allegations contained in Paragraph 246 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 246 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

247. Defendants aver that the allegations contained in Paragraph 247 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 247 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during a November 1, 2022 earnings call. Defendants refer to the transcript of that call for its contents.

248. Defendants aver that the allegations contained in Paragraph 248 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). Defendants further aver that the allegations contained in Paragraph 248 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 248 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

249. Defendants aver that the allegations contained in Paragraph 249 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100). To the extent that Paragraph 249 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations,

except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Aslett during a January 31, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

250.    Defendants aver that the allegations contained in Paragraph 250 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 250 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 250 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

**B.    Answer to "The False and Misleading Statements and Omissions Made by Defendant Aslett Regarding Unbilled Receivables" Allegations**

The heading immediately preceding Paragraph 251 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 251 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

251.    Defendants admit the allegations contained in sentence one of Paragraph 251 of the Complaint.  Defendants deny the allegations contained in sentence two of Paragraph 251 of the Complaint, except admit that Plaintiffs purport to quote from the Form 8-K filed by Mercury on May 2, 2023.  Defendants refer to that document for its contents.  Defendants admit the allegations contained in sentence three of Paragraph 251 of the Complaint.  Defendants deny the allegations contained in sentence four of Paragraph 251 of the Complaint, except admit that Plaintiffs purport to quote statements made by Mr. Aslett during a May 2, 2023 earnings call. Defendants refer to the transcript of that call for its contents.

252.    Defendants aver that the allegations contained in Paragraph 252 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 252 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

253.    Defendants aver that the allegations contained in Paragraph 253 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 253 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

254.    Defendants aver that the allegations contained in Paragraph 254 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 254 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

**C.    Answer To "The False and Misleading Misstatements and Omissions Made by Defendants Ballhaus and Farnsworth" Allegations**

The heading immediately preceding Paragraph 255 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 255 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

255.    Defendants admit the allegations contained in sentences one and two of Paragraph 255 of the Complaint.  Defendants deny the allegations in sentence three of Paragraph 255, except admit that Plaintiffs purport to quote statements made by Mr. Ballhaus during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

256.    Defendants aver that the allegations contained in Paragraph 256 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 256 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

257.    Defendants aver that the allegations contained in Paragraph 257 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 257 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

258.    Defendants aver that the allegations contained in Paragraph 258 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 258 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to summarize and quote from a statement made by Mr. Farnsworth during an August 15, 2023 earnings call.  Defendants refer to the transcript of that call for its contents.

259.    Defendants aver that the allegations contained in Paragraph 259 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 259 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 259 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

260.    Defendants aver that the allegations contained in Paragraph 260 are outside of the scope of what remains at issue in this case following the Court's February 20,

2025 Order (ECF No. 100).  To the extent that Paragraph 260 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from the Form 8-K filed by Mercury on August 15, 2023.  Defendants refer to that document for its contents.

261.    Defendants aver that the allegations contained in Paragraph 261 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 261 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 261 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

262.    Defendants aver that the allegations contained in Paragraph 262 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 262 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny those allegations, except admit that Plaintiffs purport to quote from the Form 8-K filed by Mercury on November 7, 2023.  Defendants refer to that document for its contents.

263.    Defendants aver that the allegations contained in Paragraph 263 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  Defendants further aver that the allegations contained in Paragraph 263 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 263 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "ADDITIONAL SCIENTER ALLEGATIONS" ALLEGATIONS

The heading immediately preceding Paragraph 264 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 264 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

264.    Defendants aver that the allegations contained in Paragraph 264 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 264 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

265.    Defendants aver that the allegations contained in Paragraph 265 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 265 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

266.    Defendants aver that the allegations contained in Paragraph 266 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 266 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

267.    Defendants aver that the allegations contained in Paragraph 267 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 267 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

268.    Defendants aver that the allegations contained in Paragraph 268 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that

Paragraph 268 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

269.    Defendants aver that the allegations contained in Paragraph 269 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 269 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

270.    Defendants aver that the allegations contained in Paragraph 270 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 270 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

271.    Defendants aver that the allegations contained in Paragraph 271 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 271 of the Complaint may be deemed to contain factual allegations to which a response is required, Defendants deny the allegations in sentence one of Paragraph 271 of the Complaint.  Defendants deny the allegations in sentence two of Paragraph 271 of the Complaint, except admit that the Company executed confidentiality agreements with 20 parties.  Defendants deny the allegations in sentences three and four of Paragraph 271 of the Complaint.

272.    Defendants aver that the allegations contained in Paragraph 272 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 272 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

273.    Defendants deny the allegations contained in Paragraph 273 of the Complaint, except admit that Mr. Aslett was the Company's CEO from November 2007 until

June 2023 and that Plaintiffs purport to quote from certain SEC filings made by Mercury. Defendants refer to those SEC filings for their contents.

274.   Defendants aver that the allegations contained in Paragraph 274 are outside of the scope of what remains at issue in this case following the Court's February 20, 2025 Order (ECF No. 100).  To the extent that Paragraph 274 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

275.   Defendants aver that the allegations contained in Paragraph 275 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 275 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

276.   Defendants aver that the allegations contained in Paragraph 276 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 276 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "LOSS CAUSATION/ECONOMIC LOSS" ALLEGATIONS

The heading immediately preceding Paragraph 277 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 277 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

277.   Defendants aver that the allegations contained in Paragraph 277 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 277 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

278.    Defendants aver that the allegations contained in Paragraph 278 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 278 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

279.    Defendants deny the allegations in Paragraph 279 of the Complaint, except admit that on August 2, 2022, Mercury announced its Fourth Quarter and Fiscal 2022 Results.  Defendants refer to that report for its contents.

280.    Defendants deny the allegations contained in Paragraph 280 of the Complaint, except admit that the closing price of Mercury stock was $57.48 on August 2, 2022 and the closing price of Mercury stock was $49.81 on August 3, 2022.

281.    Defendants deny the allegations in Paragraph 281 of the Complaint, except admit that on May 2, 2023, Mercury announced its Third Quarter Fiscal 2023 Results. Defendants refer to that report for its contents.

282.    Defendants deny the allegations contained in Paragraph 282 of the Complaint, except admit that the closing price of Mercury stock was $45.28 on May 2, 2023 and the closing price of Mercury stock was $37.44 on May 3, 2023.

283.    Defendants deny the allegations in Paragraph 283 of the Complaint, except admit that on November 7, 2023, Mercury announced its First Quarter Fiscal 2024 Results.  Defendants refer to that report for its contents.

284.    Defendants deny the allegations contained in Paragraph 284 of the Complaint, except admit that the closing price of Mercury stock was $36.78 on November 7, 2023 and the closing price of Mercury stock was $32.15 on November 8, 2023.

285.    Defendants deny the allegations in Paragraph 285 of the Complaint, except admit that on February 6, 2024, Mercury announced its Second Quarter Fiscal 2024 Results.  Defendants refer to that report for its contents.

286.    Defendants deny the allegations contained in Paragraph 286 of the Complaint, except admit that the closing price of Mercury stock was $30.25 on February 6, 2024 and the closing price of Mercury stock was $26.80 on February 7, 2024.

287.    Defendants aver that the allegations contained in Paragraph 287 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 287 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "CLASS ACTION ALLEGATIONS" ALLEGATIONS

The heading immediately preceding Paragraph 288 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 288 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

288.    Defendants aver that the allegations contained in Paragraph 288 of the Complaint are Plaintiffs' definitional conventions and legal conclusions to which no answer is required.  To the extent that Paragraph 288 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

289.    Defendants aver that the allegations contained in Paragraph 289 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 289 of the Complaint may be deemed to contain factual allegations to which a

response is required, those allegations are denied, except admit that Mercury's common stock was traded on the NASDAQ during the purported Class Period.

290. Defendants aver that the allegations contained in Paragraph 290 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 290 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

291. Defendants aver that the allegations contained in Paragraph 291 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 291 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

292. Defendants aver that the allegations contained in Paragraph 292 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 292 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

293. Defendants aver that the allegations contained in Paragraph 293 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that Paragraph 293 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ANSWER TO "NO SAFE HARBOR" ALLEGATIONS

The heading immediately preceding Paragraph 294 of the Complaint contains no factual allegations and thus no response is required. To the extent that the heading immediately preceding Paragraph 294 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

62

294.    Defendants aver that the allegations contained in Paragraph 294 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 294 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "APPLICATION OF PRESUMPTION OF RELIANCE: THE *BASIC* AND *AFFILIATED UTE* PRESUMPTIONS" ALLEGATIONS

The heading immediately preceding Paragraph 295 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 295 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

295.    Defendants aver that the allegations contained in Paragraph 295 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 295 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

296.    Defendants aver that the allegations contained in Paragraph 296 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 296 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

297.    Defendants aver that the allegations contained in Paragraph 297 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 297 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied, except admit that Mercury's common stock is traded on the NASDAQ; that Mercury is regulated by the SEC and filed periodic public reports with the SEC; that Mercury communicates with public investors, including via press releases and

63

communications with the financial press; and that securities analysts followed Mercury and wrote reports about Mercury.

298.    Defendants aver that the allegations contained in Paragraph 298 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 298 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

299.    Defendants aver that the allegations contained in Paragraph 299 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 299 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

### ANSWER TO "COUNT I" ALLEGATIONS

### Answer to "Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder (Against Defendants)" Allegations

The heading immediately preceding Paragraph 300 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 300 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

300.    Defendants repeat and reassert each and every response contained in the foregoing Paragraphs as if fully set forth herein.

301.    Defendants aver that the allegations contained in Paragraph 301 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 301 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

302.    Defendants aver that the allegations contained in Paragraph 302 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 302 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

303.    Defendants aver that the allegations contained in Paragraph 303 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 303 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

304.    Defendants aver that the allegations contained in Paragraph 304 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 304 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "COUNT II" ALLEGATIONS

### Answer to "For Violations of § 10(b) of the Exchange Act Rule 10b-5 Promulgated Thereunder (*Against Defendants Ballhaus and Farnsworth*)" Allegations

The heading immediately preceding Paragraph 305 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 305 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

305.    Defendants repeat and reassert each and every response contained in the foregoing Paragraphs as if fully set forth herein.

306.    Defendants aver that the allegations contained in Paragraph 306 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that

Paragraph 306 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

307.    Defendants aver that the allegations contained in Paragraph 307 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 307 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

308.    Defendants aver that the allegations contained in Paragraph 308 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 308 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

309.    Defendants aver that the allegations contained in Paragraph 309 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 309 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "COUNT III" ALLEGATIONS

### Answer to "Violations of §20(a) of the Exchange Act (*Against the Individual Defendants*)" Allegations

The heading immediately preceding Paragraph 310 of the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading immediately preceding Paragraph 310 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

310.    Defendants repeat and reassert each and every response contained in the foregoing Paragraphs as if fully set forth herein.

311.    Defendants aver that the allegations contained in Paragraph 311 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Paragraph 311 of the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## ANSWER TO "PRAYER FOR RELIEF" ALLEGATIONS

The heading entitled "Prayer for Relief" in the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading entitled "Prayer for Relief" in the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

Defendants deny the allegations contained in the Complaint's "Prayer for Relief" (including subparagraphs "(a)" through "(d)") and deny that Plaintiffs are entitled to any relief whatsoever.

## ANSWER TO "JURY DEMAND" ALLEGATIONS

The heading entitled "Jury Demand" in the Complaint contains no factual allegations and thus no response is required.  To the extent that the heading entitled "Jury Demand" in the Complaint may be deemed to contain factual allegations to which a response is required, those allegations are denied.

Defendants aver that Plaintiffs' "Demand for Jury Trial" allegations are Plaintiffs' legal conclusions to which no answer is required.  To the extent that Plaintiffs' "Jury Demand" allegations may be deemed to contain factual allegations to which a response is required, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants did not misrepresent any alleged fact or omit any alleged fact that Defendants were under a duty to disclose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because, upon information and belief, Plaintiffs' alleged losses, if any, were not caused by the alleged misrepresentations and omissions upon which its claims are based.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants did not act with the requisite scienter.

### SIXTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiffs suffered damages in any amount, or that any of Defendants are or should be liable for any such damages, to the extent that Plaintiffs failed to mitigate, minimize, or avoid any loss or damage referred to in its Complaint, any recovery against Defendants must be reduced by that amount or eliminated.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of any members of the putative class that Plaintiffs purport to represent are barred, in whole or in part, because if and to the extent Defendants are found to have made false or misleading statements (which Defendants deny), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources, and/or because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in Mercury's public disclosures, in the public disclosures of third parties, and/or in other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

### NINTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs or putative class members, if any, is limited to the percentage of responsibility of Defendants in proportion to the total fault of all persons, whether or not named as parties to this action, who may have caused or contributed to Plaintiffs' alleged damages, if any, pursuant to the proportionate liability provisions of the PSLRA, 15 U.S.C. § 78u-4(f)(3)(A).

69

### TENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs or putative class members, if any, is subject to offset, including but not limited to with respect to any tax benefits actually received by Plaintiffs and putative class members through their investments.

### ELEVENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs or putative class members, if any, is limited by the PSLRA's limitation on damages, 15 U.S.C. § 78u-4(e).

### TWELFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs or members of the putative class would be unjustly enriched if permitted to obtain any recovery in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the fraud on the market theory does not apply.

### FOURTEENTH AFFIRMATIVE DEFENSE

This action is not maintainable as a class action because the requirements of Federal Rule Of Civil Procedure 23 are not met.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses and/or affirmative defenses available to them, and therefore expressly reserve the right to (i) amend or supplement their Answer, defenses, affirmative defenses, and all other pleadings, (ii) assert any and all additional defenses and/or affirmative defenses under any applicable federal and state law in the event that discovery indicates such defenses and/or affirmative defenses would be appropriate, and (iii) assert any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

## JURY DEMAND

Defendants demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

i)      Dismiss Plaintiffs' claims against them with prejudice;

ii)      Determine that this action may not proceed as a class action and dismiss all purported class allegations with prejudice;

iii)      Award Defendants the costs, disbursements, and attorneys' fees incurred by them in defending this action; and

iv)      Award Defendants such other and further relief as the Court may deem just and proper.

Dated: March 13, 2025
      Boston, Massachusetts

Respectfully submitted,

/s/  *James R. Carroll*
James R. Carroll (BBO #554426)
Nigel Tamton (BBO #696396)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
nigel.tamton@skadden.com

Susan L. Saltzstein (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
 (212) 735-3000
susan.saltzstein@skadden.com

*Counsel for Defendants*
*Mercury Systems, Inc., Mark Aslett and*
*William Ballhaus*

72