Case 1:23-cv-13065-WGY    Document 116    Filed 04/24/25    Page 1 of 18

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MERCURY SYSTEMS, INC., MARK ASLETT and WILLIAM L. BALLHAUS, <br><br> Defendants. | No. 1:23-cv-13065-WGY |

## STIPULATION AND ~~[PROPOSED]~~ ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters this Stipulation and Protective Order (the "Protective Order") to govern the protection and exchange of Confidential Information (as defined herein), Highly Confidential Information (as defined herein) and Restricted Information (as defined herein) which may be produced or otherwise disclosed during the course of the above-captioned matter (the "Action").

**I.    Types of Materials Which May Be Designated Confidential, Highly Confidential, or Restricted Information**

1.    Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and any other material or information, produced in response to discovery requests in this litigation (hereinafter, collectively, "Discovery Material"), may be designated by a producing party or nonparty as "Confidential," as "Highly Confidential" or as "Restricted Information" in accordance with this Protective Order.

2.    "Confidential Information" is defined as Discovery Material that is proprietary, commercially or competitively sensitive, personal, or financial in nature (including but not limited to personal financial information; personal identification information; projections, strategies, or analyses; customer or client lists or other information; financial, business, or marketing plans; confidential regulatory materials; and current pricing or cost information; profitability reports or estimates; percentage fees; design fees; royalty rates; minimum guarantee payments; sales reports and sale margins), or other information the disclosure of which would, in the good faith judgment of the party designating the material as Confidential Information, be substantially detrimental to the conduct of that party's business or the business of any of that party's customers or clients. This includes Discovery Material produced by third parties who, by joint stipulation of the third parties and parties to the Action, filed before any production, agree to be governed by this Protective Order.

3.    "Highly Confidential Information" is defined as Discovery Material that relates to non-public cost data; trade secrets; research; development; strategic planning; proprietary business operations; proposed strategic transactions or business combinations; negotiations with potential investors, partners, or acquirers; or communication with regulatory or governmental authorities which, in the good faith judgment of the party designating the material as Highly Confidential, requires protection beyond that afforded to Confidential Information. This includes Discovery Material produced by third parties who, by joint stipulation of the third parties and parties to this Action, filed prior to any production, agree to be governed by this Protective Order.

4.    "Restricted Information" is defined as Discovery Material that is subject to law or regulations that govern the transfer of such information, including but not limited to export control laws, the Export Administration Regulations, the International Traffic in Arms Regulations, and other regulations relating to classified information, controlled unclassified information, for official

use only information, administratively controlled information, sensitive but unclassified information, and other types of information regulated by the United States ("U.S.") or foreign governments. Confidential Information or Highly Confidential Information may also be Restricted Information.

5.      Any copies or reproductions, excerpts, summaries or other documents or media (*e.g.,* electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information, Highly Confidential Information or Restricted Information shall also be treated as Confidential Information, Highly Confidential Information or Restricted Information pursuant to this Protective Order.

## II.    Protected Information

6.      The term "Protected Information" shall mean and include, individually and collectively, documents, materials, and information designated by a producing party as "Confidential Information," "Highly Confidential Information" or "Restricted Information."

## III.    Designation of Discovery Material As Protected Information

7.      Any documents, material or information produced in discovery in this Action that are to be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" may be so designated by the producing party by: (i) providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED"; or (ii) after providing copies of documents, material or information that are not stamped with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" by furnishing a separate written notice to the undersigned counsel for the party receiving such documents, material or information at the time of their production, or as soon thereafter as practicable, specifically identifying the documents or materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" so long as the producing party supplies substitute copies that are stamped with the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or

- 3 -

"RESTRICTED" (bearing the same bates numbers as the original copies) of any previously provided, unstamped documents within 5 business days. To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location before confidentiality designation of the documents, such materials shall be treated as Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

8.      In the event that a party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential, Highly Confidential or Restricted, the party shall insert the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" in brackets at the beginning of the specific answer or response.

9.      Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this Action shall be treated as Confidential for a period of thirty (30) calendar days after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential Information, Highly Confidential Information or Restricted Information contained therein. Such Confidential Information, Highly Confidential Information or Restricted Information shall be designated by page and line number.

10.      If Protected Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, as soon as practicable, upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosure and shall make every reasonable effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

11.    Inadvertent production of or failure to designate any information as Protected Information shall not be deemed a waiver of the producing party's claim of confidentiality as to such information, and the producing party may thereafter designate such information as Protected Information as appropriate.

## IV.    Permissible Uses of Discovery Material

12.    All persons obtaining access to Discovery Material produced in connection with this Action shall use such Discovery Material only for the purpose of this Action and not for any other purpose.  However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this Action.  Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this Action in any manner that the party deems appropriate.

13.    Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

14.    Confidential Information shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

(a)    The Court and Court personnel;

(b)    The parties named in this Action and, where applicable, their trustees and/or directors;

(c)    Counsel of record and any other outside counsel for the parties in this Action, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

- 5 -

(d)     In-house counsel for any party and paralegal, clerical, and other employees assisting in-house counsel;

(e)     Party deponents, current employees, officers, members, or directors of Defendants or their affiliates who are assisting in the conduct of this Action;

(f)     Consultants, experts, and outside litigation support personnel, including document management vendors, and other vendors retained by counsel for any party to assist in the preparation, litigation, or settlement of this Action;

(g)     Any arbitrator, mediator, or special master retained by the parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary;

(h)     Third party deponents in this Action, and their counsel, to whom disclosure is reasonably necessary for this litigation;

(i)     Third party trial witnesses in this Action, and their counsel for purposes of this Action, when testifying at trial, *provided however* that before trial, the parties will meet and confer regarding the timing and procedure for a producing party to object to the use of such document or information during trial;

(j)     Stenographic employees, videographers, or court reporters recording or transcribing testimony for this Action; and

(k)     Others, if the parties to this Action so agree in writing or, for good cause shown, the Court so permits.

15.     Highly Confidential Information shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

(a)     The Court and Court personnel;

(b)    Counsel of record and any other outside counsel for the parties in this Action, members of their firms and associates, associate attorneys, contract lawyers, paralegals, clerical, and other employees or agents of such counsel who are assisting in the conduct and/or management of this Action;

(c)    In-house counsel for any party and paralegal, clerical, and other employees assisting in-house counsel;

(d)    Party deponents;

(e)    Consultants, experts, and outside litigation support personnel, including document management vendors, and other vendors retained by counsel for any party to assist in the preparation, litigation, or settlement of this Action;

(f)    Any arbitrator, mediator, or special master retained by the parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary;

(g)    Third-party deponents in this Action who counsel in good faith reasonably believes has prior knowledge of the substance of the document, and their counsel for purposes of this Action, during the depositions but not in any other circumstance including in preparing deponents for the depositions;

(h)    Third-party trial witnesses in this Action who counsel in good faith reasonably believes has prior knowledge of the substance of the document, and their counsel for purposes of this Action, when testifying at trial, *provided however* that prior to trial, the parties will meet and confer regarding the timing and procedure for a producing party to object to the use of such document or information during trial;

(i)    Stenographic employees, videographers, or court reporters recording or transcribing testimony for this Action; and

(j)    Others, if the parties to this Action so agree in writing or, for good cause shown, the Court so permits.

16.    Restricted Information shall be subject to the same restrictions as Highly Confidential Information and shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than as provided in Paragraph 15 above. Additionally:

(a)    Restricted Information must be handled, transferred and/or disclosed in compliance with the applicable law or regulations governing such information, including but not limited to the restrictions imposed by U.S. export control laws that prohibit the disclosure of export-controlled information to persons who are not U.S. citizens, U.S. nationals, U.S. lawful permanent residents, workers granted refugee status by the U.S., workers granted asylum by the U.S., or persons who have been granted a license by the U.S. Department of State or Department of Commerce to review such information; and

(b)    Restricted Information shall not be disclosed, shared, transferred, or exported in any manner, including electronically or physically, outside the United States.

17.    Before any person described in Paragraphs 14(f), 14(h), 14(i), 14(k), 15(e), 15(g), 15(h), or 15(j) is given access to Protected Information, the person shall review this Protective Order and agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to its terms and conditions. A copy of the Acknowledgement shall be retained by counsel disclosing Protected Information until the conclusion of this Action, including all appeals. If Protected Information is to

be disclosed during a deposition, the agreement to be bound to this Protective Order may be made on the record and under oath, rather than through execution of Exhibit A.

18.    No person to whom Protected Information is disclosed may disclose such Protected Information to any person other than those persons described in Paragraphs 14, 15 and 16 above.

19.    All persons who have access to Protected Information at any time shall take all precautions necessary to prohibit access to such Protected Information other than as provided for herein.

20.    Any summaries or copies of Protected Information shall bear the appropriate legend set forth above, and shall be subject to the terms of this Protective Order to the same extent as the information from which such summary or copy is made.

21.    In the event a party produces two or more identical copies of Discovery Material and any copy is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" while other copies are not so designated, all such identical Discovery Material shall be treated as designated whichever of the conflicting designations affords the greatest protection (*i.e.*, Confidential Information, Highly Confidential Information or Restricted Information, as applicable). Any party identifying such inconsistent designations shall notify all other parties of the existence and production numbers or other identifying information of the non-designated or not properly designated copies. The producing party shall then promptly inform the parties as to whether the documents are to be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" and shall undertake to reproduce the document(s) at issue with the appropriate designation.

22.    Challenge Designations: Any party may challenge a designation of Discovery Material as Protected Information at any time after the designation has been made. A party may

submit a challenge by providing written notice to the party making a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" designation (the "Designating Party") of the reasons for the objection. The party and the Designating Party shall attempt to resolve in good faith any such challenge informally.  If the parties cannot resolve the challenge within fourteen (14) business days of a party's written notice of objection, the party challenging the confidentiality designations may file an appropriate motion requesting that the Court determine whether the disputed information should remain subject to the terms of this Protective Order.  The party challenging the confidentiality designations shall have the burden of showing that the Discovery Material is not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED."  The disputed information shall continue to be treated as designated by the Designating Party until such time as the Court rules on the motion.  A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

23.    Filing Protected Information: Counsel for the Parties shall follow all applicable Local Rules, including Local Rule 7.2 regarding motions for impounding confidential materials, and customs of the Court when filing Protected Information under seal.  A party seeking to include Protected Information in a filing (the "Filing Party") shall timely file a redacted version of the filing on the public docket that redacts all Protected Information and shall contemporaneously serve an unredacted version of the filing on counsel for all Parties.  To the extent the filing contains the Protected Information of a non-party, the Filing Party shall within one (1) business day of filing provide notice to the non-party of the non-party's Protected Information contained within the filing. Within five (5) business days of service of the unredacted version of the filing, or for non-parties within five (5) business days of notice by the Filing Party, any party or non-party seeking to

maintain the confidentiality of any Protected Information in the filing shall file a Motion to Impound Designated Material in accordance with the District of Massachusetts Local Rule 7.2 and ECF Administrative Procedures. The Motion to Impound shall reference this Order, describing the general nature and purpose for submitting the paper (*i.e.*, exhibit to declaration in support of motion, etc.), and explain the good cause to support the request for leave to file the document under seal. Reference to a document's designation as Protected Information pursuant to the Protective Order shall not be cited as a ground for impoundment. If the Court grants leave to file any of the Protected Information in the filing under seal, the Filing Party shall refile the filing under seal in an unredacted form, placing the legend "FILED UNDER SEAL ~~PURSUANT TO PROTECTIVE ORDER~~" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If the Court denies a Motion to Impound, or if a party declines to file a Motion to Impound, for any information redacted from the original filing, the Filing Party shall refile the filing on the public docket with the relevant portions of the filing unredacted. The Filing Party shall complete these additional filings within five (5) business days of the Court's ruling on the last motion to impound, or in the event no party files a Motion to Impound, the Filing Party shall refile the filing on the public docket in an unredacted form within five (5) business days of the last day to file a Motion to Impound. Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

24. <u>Disclosure at Trial</u>: A party's listing of any Protected Information on an exhibit list places all parties on notice that the document may be offered at trial. A Court ruling on the

confidentiality for purposes of use at trial, including appeal, shall supersede this Protective Order. The Court may enter orders as it deems appropriate to protect the confidentiality of any Protected Information discussed, or to be discussed, at hearings and trial.

25.    Within ninety (90) days after final termination of this Action (including any appeal or related proceedings in the United States District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or settlement, and upon request of the Designating Party or any party to this litigation, all parties or other persons or entities bound by this Protective Order shall either destroy any Protected Information in their possession or return the information and all copies thereof to the Designating Party.  Counsel shall certify in writing upon request of the Designating Party that all Protected Information and copies thereof have been handled in accordance with this paragraph. Notwithstanding the foregoing, each party may retain any privileged documents or work product containing or referring to Protected Information, one complete set of Court filings, records of Court proceedings, correspondence among counsel, deposition transcripts, and exhibits marked at depositions.

## V.    Inadvertent Disclosure of Privileged Material

26.    This Protective Order is without prejudice to any party's or non-party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, or that the party claims is subject to any federal or state regulations prohibiting the disclosure of such material, and is without prejudice to any party's right to contest such a claim of privilege or protection.

27.    Pursuant to Federal Rule of Evidence 502(d), any inadvertent disclosure of privileged information or documents in response to any discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute or be deemed a waiver or

- 12 -

forfeiture of any claim of attorney-client privilege, work-product doctrine or any other applicable privilege in this case, or in any other court, legal proceeding or other respect.

28.    If, in connection with this Action, a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or doctrine, the bank examination privilege, or any other applicable privilege, immunity, or protective doctrine ("Inadvertently Disclosed Information"), and a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the receiving party (the "Receiving Party") shall, within five (5) business days, (i) return, sequester or destroy all copies of the Inadvertently Disclosed Information and provide a written certification of counsel that all such Inadvertently Disclosed Information has been returned, sequestered or destroyed; (ii) refrain from any further use or disclosure of the Inadvertently Disclosed Information; and (iii) take reasonable steps in good faith to retrieve any copies of the Inadvertently Disclosed Information disclosed in accordance with this Protective Order before receiving notice. Nothing in this paragraph shall be read to limit the parties' rights under Federal Rule of Civil Procedure 26(b)(5)(B).

29.    In the event of a dispute as to the basis for a Disclosing Party's claim that documents or information contain Inadvertently Disclosed Information, the Receiving Party shall first meet and confer with the Disclosing Party in a good faith effort to resolve the disagreement. If the Disclosing Party and Receiving Party are unable to resolve their disagreement within fourteen (14) days after the parties meet and confer regarding the disagreement, the Receiving Party shall provide to the Disclosing Party written notice of the dispute, which shall memorialize the parties' prior attempt to resolve their disagreement. Within thirty (30) days after said written notice of its disagreement, the Receiving Party disputing the claim that Discovery Material is or contains Inadvertently Disclosed

Information may request that the Court enter an order compelling production of the Discovery Material. While any such request is pending, no party shall use any Inadvertently Disclosed Information, or information gleaned from any Inadvertently Disclosed Information, in connection with this Action or for any other purpose, except that the Receiving Party may present the inadvertently produced materials to the Court under seal for determination of the claim. Should a dispute arise, all parties other than the Disclosing Party may sequester the Inadvertently Disclosed Information and any copies they have, rather than destroy or return the Inadvertently Disclosed Information, until such dispute is resolved.

## VI.    General Provisions

30.    This Protective Order may be modified or amended by agreement of the parties with the approval of the Court. To the extent that the parties fail to agree on a modification proposed by any party, nothing contained herein shall be deemed to preclude any party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

31.    This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing discovery potentially falling under the scope of this agreement. Nor shall this Protective Order prevent any party from objecting to discovery that it believes to be otherwise improper or to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

32.    This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

33.    Subpoenas of Information: In the event any Receiving Party in this Action having possession, custody, or control of any Protected Information receives a subpoena, request for production of documents, or other process or demand to produce such material in another legal

proceeding from a non-party to this Action, such Receiving Party shall, within fourteen (14) days of receipt of such subpoena, request for production of documents, or other process or demand to produce such material: (i) give notice of the subpoena, request for production of documents, or other process or order to counsel for the producing party, and the Designating Party if a different person or entity, that designated the Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "RESTRICTED" and (ii) furnish that counsel with a copy of said subpoena, request for production of documents, or other process or order. The party receiving the subpoena (the "Subpoenaed Party"), request for production of documents, or other process or demand shall notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all the material covered by the request is subject to this Protective Order, and provide a copy of the Protective Order to the issuing entity or individual. The producing party, or Designating Party if a different person or entity, shall bear the burden and expenses of seeking protection of the Protected Information. If the producing party, or the Designating Party if a different person or entity, whose Protected Information may be affected, timely seeks a protective order to prevent production of the Protected Information, the party served with the subpoena or court order shall not oppose the entry of such protective order (without prejudice to a party's rights under the instant protective order to challenge the propriety of the Confidential and/or Highly Confidential designations of the subpoenaed information) and shall not produce any information designated in this action as Protected Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's written consent. Nothing in these provisions shall be construed as authorizing or encouraging a Subpoenaed Party to disobey a lawful directive from a court or authority of competent jurisdiction.

34.    This Protective Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

Dated: April 23, 2025                                    Respectfully submitted,


/s/ Michael G. Capeci
Samuel H. Rudman (*pro hac vice*)
Michael G. Capeci (*pro hac vice*)
Magdalene Economou (*pro hac vice*)
Jonathan A. Ohlmann (*pro hac vice*)
ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com
meconomou@rgrdlaw.com
johlmann@rgrdlaw.com


ROBBINS GELLER RUDMAN
    & DOWD LLP
Spencer A. Burkholz (*pro hac vice*)
Laura M. Andracchio (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
landracchio@rgrdlaw.com

/s/ James R. Carroll
James R. Carroll (BBO# 554426)
Nigel Tamton (BBO# 696396)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Telephone: 617/573-4800
james.carroll@skadden.com
nigel.tamton@skadden.com


Susan L. Saltzstein (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: 212/735-3000
susan.saltzstein@skadden.com

*Counsel for Defendants Mercury Systems
Inc., Mark Aslett, and William L. Ballhaus*

GRANT & EISENHOFER P.A.
Caitlin M. Moyna (*pro hac vice*)
Cecilia E. Stein (*pro hac vice*)
Timothy Clark B. Dauz (*pro hac vice)*
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: 646/722-8500
646/722-8501 (fax)
cmoyna@gelaw.com
cstein@gelaw.com
tdauz@gelaw.com

*Co-Lead Counsel for Plaintiffs*

HUTCHINGS BARSAMIAN
MANDELCORN, LLP
Theodore M. Hess-Mahan (BBO #557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: 781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Plaintiffs*

WEINBERG, ROGER & ROSENFELD, P.C.
Ezekiel D. Carder
1375 55th Street
Emeryville, CA 94608
Telephone: 510/337-1001
510/337-1023 (fax)
ecarder@unioncounsel.net

*Additional Counsel for Lead Plaintiff*

ABRAHAM, FRUCHTER & TWERSKY,
LLP
Mitchell M.Z. Twerksy
Jack G. Fruchter
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: 212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
jfruchter@aftlaw.com

*Additional Counsel for UPRRS*

\*    \*    \*

**ORDER**

IT IS SO ORDERED *as modified. Nothing shall be filed under seal pursuant to this order and it shall not be used as a ground for sealing*

DATED: *April 24, 2025*

*William G. Young*
THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE