UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MERCURY SYSTEMS, INC., et al., | ) ) |
| Defendants. | ) ) ) |

No. 1:23-cv-13065-WGY

CLASS ACTION

STIPULATION OF SETTLEMENT

4898-4915-9019.v1

This Stipulation of Settlement, dated December 1, 2025 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiff Carpenters Pension Trust Fund for Northern California and named plaintiffs University of Puerto Rico Retirement System and North Collier Fire Control and Rescue District Firefighters' Pension Plan (collectively, "Plaintiffs"), on behalf of themselves and each Class Member,[1] by and through their counsel of record in *North Collier Fire Control and Rescue District Firefighters' Pension Plan v. Mercury Systems, Inc., et al.*, No. 1:23-cv-13065-WGY (D. Mass.) (the "Litigation"); and (ii) Defendants Mercury Systems, Inc. ("Mercury" or the "Company"), Mark Aslett ("Aslett"), William L. Ballhaus ("Ballhaus"), Michael D. Ruppert ("Ruppert"), and David E. Farnsworth ("Farnsworth") (Aslett, Ballhaus, Ruppert, and Farnsworth are the "Individual Defendants" and, with Mercury, "Defendants"), by and through their counsel. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending before the Honorable William G. Young in the United States District Court for the District of Massachusetts (the "Court").  The initial complaint in the Litigation was filed by the North Collier Fire Control and Rescue District Firefighters' Pension Plan on December 13, 2023 (ECF 1) and alleged that Mercury, Aslett, and Ruppert had violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  On February 27, 2024, the Court appointed Carpenters Pension Trust Fund for Northern California as Lead Plaintiff

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

and approved its selection of Robbins Geller Rudman & Dowd LLP and Grant & Eisenhofer P.A. as Lead Counsel (ECF 22).

On April 18, 2024, Plaintiffs filed an amended complaint alleging Defendants had violated §§10(b) and 20(a) of the Exchange Act (ECF 57).  On May 24, 2024, Defendants moved to dismiss the amended complaint (ECF 64).  Following full briefing and oral argument, on July 24, 2024, the Court granted Defendants' motion to dismiss, but permitted Plaintiffs to move for leave to file a second amended complaint (ECF 77).

On August 23, 2024, Plaintiffs moved for leave to file the proposed Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF 82).  Full briefing followed, including Plaintiffs seeking leave to file a reply in support of the motion (ECF 87) and leave to file notice of supplemental authority (ECF 90), and Defendants seeking leave to file a sur-reply in opposition to the motion (ECF 91).  The Court permitted the additional submissions, and on February 20, 2025, issued an order partially granting and partially denying Plaintiffs' motion for leave to file the Complaint (the "Order") (ECF 100).  The Court's Order dismissed certain alleged misstatements and all of the claims against Ruppert and Farnsworth.  The Court's Order upheld the Complaint as to the remaining alleged misstatements and the claims associated therewith against Mercury, Aslett, and Ballhaus (the "Remaining Defendants"), and it directed the remaining parties to proceed to discovery.

The parties remaining in the case after the Court's Order conducted extensive fact discovery, including making and reviewing substantial document productions, obtaining and reviewing additional documents through third-party subpoenas, responding to interrogatories and other discovery requests, and preparing for and taking depositions.  In all, the Remaining Defendants produced more than 400,000 pages of documents.

On July 18, 2025, Plaintiffs moved to certify the Litigation as a class action (ECF 125). The Remaining Defendants filed their opposition on September 19, 2025 (ECF 132). The motion was pending when this proposed Settlement was reached.

Plaintiffs and the Remaining Defendants participated on September 11, 2025 in a voluntary confidential mediation session with David Murphy, an experienced mediator. Prior to the mediation, the Settling Parties had submitted to Mr. Murphy, and exchanged with each other, mediation statements and replies thereto that set forth each side's view on the Litigation's merits and an assessment of damages. The Settling Parties engaged in good faith negotiations at the mediation but did not reach a settlement. Thereafter, however, following the Settling Parties' additional, arm's-length settlement discussions with the assistance of Mr. Murphy, Mr. Murphy issued a mediator's recommendation of settlement. The Settling Parties accepted Mr. Murphy's recommendation on September 20, 2025, agreeing to settle the Litigation in return for a cash payment of $32.5 million to be paid by Defendants and/or their insurers on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement among the Settling Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout the course of this Litigation and in this Stipulation, Defendants expressly have denied, and continue to deny, any and all of the claims alleged in the Litigation, including any and all allegations of fault, negligence, liability, wrongdoing, or damages whatsoever. Without limiting the foregoing in any way, Defendants expressly have denied, and continue to deny, each and all of the claims and contentions alleged by Plaintiffs in this Litigation, including claims that they have committed any act or made any materially false or misleading statement or omission

- 3 -

giving rise to any liability under the federal securities laws. Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law as alleged in any complaint in the Litigation or that could have been alleged in the Litigation, and Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants also expressly have denied, and continue to deny, that they made any material misstatement or omission, that the price of Mercury common stock was artificially inflated during the Class Period as a result, that any Class Member, including Plaintiffs, suffered any damages, or that any Class Member, including Plaintiffs, was harmed by any conduct alleged in the Litigation or that could have been alleged in the Litigation. Defendants have asserted, and continue to assert, that (a) their public disclosures contained no material misstatements or omissions, and (b) at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation, and that the evidence of the underlying events supports their position.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, negligence, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation and the length of continued proceedings necessary to defend the Litigation through trial and any appeals. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

4898-4915-9019.v1

### III.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein.  However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risks of further litigation, especially in a complex action such as this Litigation.  Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class.  Based on their own investigation and evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Class.

### IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Plaintiffs that the Litigation lacks merit, and without any concession by the Defendants of any liability, wrongdoing, fault, damages, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs (on behalf of themselves and the Class Members) and Defendants, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

4898-4915-9019.v1

1.    **Definitions**

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator, substantially in the form contained in Exhibit A-2 attached hereto.

1.3    "Claims Administrator" means the firm of Verita Global.

1.4    "Class" means "All purchasers and acquirers of Mercury common stock during the period between February 3, 2021 and February 6, 2024, inclusive." Excluded from the Class are Defendants and their immediate families, the Company's officers and directors at all relevant times, as well as their immediate families, Defendants' legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded is any Person who properly excludes himself, herself, itself, or themselves by submitting a valid and timely request for exclusion. To the extent any Mercury employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Class by definition.

1.5    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.4 above.

1.6    "Class Period" means the period between February 3, 2021 and February 6, 2024, inclusive.

4898-4915-9019.v1

1.7     "Defendants" means, collectively, Mercury, Aslett, Ballhaus, Ruppert, and Farnsworth.

1.8     "Defendants' Counsel" means the law firms of Ropes & Gray LLP and Nutter McClennen & Fish LLP.

1.9     "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

1.10     "Escrow Account" means an interest-bearing account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Class in accordance with the terms of this Stipulation and any order of the Court.

1.11     "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s).

1.12     "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes Final when either: (a) no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed

the court of appeals' decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. No order from the Court, nor any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses; (ii) the Plan of Allocation (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall in any way delay, affect, or preclude the time set forth above for the Judgment to become Final; constitute grounds for cancellation or termination of this Settlement or affect its terms, including the releases contained herein; or otherwise preclude the Judgment from becoming Final.

1.13    "Individual Defendants" means Mark Aslett, Michael D. Ruppert, William L. Ballhaus, and David E. Farnsworth.

1.14    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.15    "Lead Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and Grant & Eisenhofer P.A.

1.16    "Lead Plaintiff" means Carpenters Pension Trust Fund for Northern California.

1.17    "Litigation" means the lawsuit pending in the United States District Court for the District of Massachusetts captioned *North Collier Fire Control and Rescue District Firefighters' Pension Plan v. Mercury Systems, Inc., et al.*, No. 1:23-cv-13065-WGY.

- 8 -

1.18    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.19    "Notice and Administration Expenses" means actual notice and administration expenses, including reasonable costs and expenses actually incurred with providing notice of the Settlement to the Class by mail, email, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any.

1.20    "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees.

1.21    "Plaintiffs" means Carpenters Pension Trust Fund for Northern California, University of Puerto Rico Retirement System, and North Collier Fire Control and Rescue District Firefighters' Pension Plan.

1.22    "Plaintiffs' Counsel" means any attorney or firm who has represented any Plaintiffs or the proposed Class in the Litigation.

1.23    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor the Released Defendant Parties

shall have any responsibility, obligation, or liability with respect thereto.  Any order of the Court modifying or rejecting the Plan of Allocation will not affect the finality or binding nature of the Settlement.

1.24    "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-4, which is to be emailed or mailed to potential Class Members informing them of the Settlement contemplated by this Stipulation.

1.25    "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*: (i) the preliminary approval of the Settlement set forth in this Stipulation; (ii) certification of the Class for settlement purposes; and (iii) approval for the mailing and emailing of the postcard notice ("Postcard Notice"), publication of a summary notice ("Summary Notice"), and the posting of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim on the case-designated website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.26    "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim.  Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, which a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.27    "Released Claims" means, to the fullest extent permitted by law or equity, any and all claims, rights, controversies, duties, obligations, demands, allegations, arguments, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, liabilities, and causes of action of every nature and description, whether known or unknown, contingent or non-contingent,

4898-4915-9019.v1

matured or unmatured, foreseen or unforeseen, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether direct, representative, class or individual in nature, whether arising under federal, state, or local statutory or common law or any other law, rule or regulation, ordinance or administrative provision, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in this Litigation or any other action or in any other forum, against any or all of the Released Defendant Parties that arise from or out of or are in connection with or are based upon or relate in any way to both: (a) the facts, matters, events, transactions, acts, failures to act, occurrences, statements, representations, misrepresentations, disclosures, claims, allegations, breaches of duty, and/or omissions which were or could have been involved, set forth, referred to, or alleged in this Litigation, including in any previous complaint in the Litigation; and (b) the purchase, acquisition, exchange, receipt, transfer, sale, or disposition by any Class Member of Mercury common stock during the Class Period, provided, however, that "Released Claims" does not release any claim by Defendants for insurance coverage and does not include claims to enforce the Settlement, or any derivative or ERISA claims, or the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court.  "Released Claims" includes "Unknown Claims" as defined in ¶1.37 hereof.

1.28    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

4898-4915-9019.v1

1.29    "Released Defendant Party" or "Released Defendant Parties" mean any or all of Defendants and their related parties, including, without limitation, their past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of their family, and any person, partnership, firm, trust, corporation, limited liability corporation, officer, director or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

1.30    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Plaintiffs, Lead Counsel, Plaintiffs' Counsel, and each of their respective past or present trustees, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, associates, predecessors, successors, assigns, representatives, affiliates, joint ventures, funds, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the

spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Plaintiff Parties does not include any Person who would otherwise be a Class Member but who validly and timely requests exclusion from the Class.

1.31    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.32    "Settlement Amount" means $32,500,000.00 (Thirty-Two Million, Five Hundred Thousand U.S. Dollars, even) to be paid by wire transfer(s) or check(s) to the Escrow Agent pursuant to ¶2.2 of this Stipulation.

1.33    "Settlement Fund" means the Settlement Amount together with all interest and income earned thereon after being transferred to an account controlled by Escrow Agent.

1.34    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.35    "Settling Parties" means, collectively, Defendants and Plaintiffs, on behalf of themselves and the Class.

1.36    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes on the Settlement Fund.

1.37    "Unknown Claims" means: (a) any and all Released Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected

- 13 -

his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle,

4898-4915-9019.v1

discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Defendants shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the

- 15 -

Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

     **2.**      **The Settlement**

     2.1      The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation, and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

     **a.**      **The Settlement Amount**

     2.2      In full and final release, settlement, and discharge of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.2 herein, Defendants and/or their insurance carriers on behalf of Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account by wire transfer or check within fifteen (15) business days after the later of: (a) entry of the Preliminary Approval Order; or (b) Lead Counsel having provided (i) a tax information number for the Escrow Account; (ii) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (iii) all required wire and check funding instructions and information, including payee name, telephone, and email contact information of an individual who can verify the wire transfer and check funding instructions; and a physical mailing address (that is not a P.O. Box) for the Escrow Agent.  The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in the Escrow Account.

     2.3      Other than Defendants' obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein, the Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or

- 16 -

determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; (vi) the payment or withholding of any Taxes, Tax Expenses (as defined in ¶2.12), and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns; or (vii) the payment of any other Notice and Administration Expenses.

2.4    If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement, but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within seven (7) business days after Lead Counsel has provided such written notice.

2.5    Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2 and fees, costs, and expenses associated with providing notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA") (as discussed below in ¶5.13), the Released Defendant Parties shall have no obligation to make any other payments pursuant to the Stipulation, including, without limitation, compensation to any Class Member, payment of attorneys' fees and expenses awarded by the Court, payment of any fees or expenses incurred by any Class Member, Lead Counsel, or Plaintiffs' Counsel, or interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount in the Escrow Account).

- 17 -

### b.    The Escrow Agent

2.6    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.7    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.8    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.9    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

4898-4915-9019.v1

2.10    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund up to $300,000, without further approval from Defendants and/or order of the Court, for Notice and Administration Expenses. Following the Effective Date, Lead Counsel may pay all Notice and Administration Expenses without further approval by Defendants or order of the Court.

2.11    It shall be Lead Counsel's responsibility to disseminate the Postcard Notice, Notice, Proof of Claim, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court.    The Released Defendant Parties shall have no responsibility for, obligation, or liability whatsoever with respect to the provision of notice to potential Class Members or the Notice and Administration Expenses, nor shall they have any responsibility, obligation, or liability whatsoever for any claims with respect thereto.

c.    **Taxes**

2.12    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and

properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability, obligation, or responsibility whatsoever for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall

- 20 -

be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability, obligation, or responsibility for any Taxes or Tax Expenses.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

2.13    This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, nor shall they have any liability should the Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor shall they have any liability, obligation, or responsibility for the determination, administration, calculation, or payment of Claims, Taxes, Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

### d.    Termination of Settlement

2.14    In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to

- 21 -

¶¶2.10 and 2.12 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein.

**3.      Preliminary Approval Order and Settlement Hearing**

3.1      Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), certification of the Class for settlement purposes, and approval for the mailing of the Postcard Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto.  The Postcard Notice shall direct Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.34 and below.

3.2      Within ten (10) calendar days after entry of the Preliminary Approval Order, Mercury shall use reasonable efforts to provide or cause to be provided to the Claims Administrator, at no cost to Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Mercury common stock during the Class Period, as set forth in the records of its transfer agent.  The Settling Parties acknowledge that any information provided to the Claims Administrator and Lead Counsel pursuant to this paragraph shall be treated as confidential and will be used by the Claims Administrator and Lead Counsel solely to deliver the Postcard Notice and/or implement the Settlement, including the Plan of Allocation.  It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice

- 22 -

and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any alleged deficiency in or failure of the notice process.

3.3     Lead Counsel shall request that, after notice is given and not earlier than 100 calendar days after entry of the Preliminary Approval Order, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.  The Settlement is expressly conditioned upon, among other things, the entry of a Judgment, substantially in the form attached hereto as Exhibit B.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶1.9 hereof, Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever and permanently be barred and enjoined from filing, commencing, instituting, continuing, asserting, intervening in, prosecuting, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any state or federal court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.  This

- 23 -

Stipulation fully, finally, and completely extinguishes the liability of each Released Defendant Party as to any and all Released Claims for purposes of 15 U.S.C. §78u-4(f)(7)(A)(ii).

4.2    Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation are not released.

**5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Plaintiffs' Counsel and to pay any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, if and to the extent allowed by the Court (the "Fee and Expense Award") pursuant to the terms of ¶¶6.1-6.7 hereof; and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.2    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.3    Within 90 calendar days after the mailing of the Postcard Notice or such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to the

terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.4    Except as otherwise ordered by the Court or provided herein, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.5    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.6    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel,

- 25 -

shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.7    If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within 20 calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.8    Each claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Class Members, other claimants, and parties to

this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.9      Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to the Council of Institutional Investors (www.cii.org), or, if such donation is not reasonably practicable, to an appropriate alternative non-sectarian, non-profit charitable organization(s) that is unaffiliated with any party or their counsel, serves the public interest, and is selected by Lead Counsel.

5.10    The Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant

Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.11    No Person shall have any claim against the Released Defendant Parties, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate or give rise to a right to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

5.13    The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  With the exception that Defendants shall be responsible for providing any required notice under the CAFA, including the costs and expenses thereof, the Released Defendant Parties and Defendants' Counsel shall have no role in, responsibility for, interest in, liability, or obligation whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Plaintiffs, any other Class Members, or Plaintiffs' Counsel, in

- 28 -

connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns, nor shall any discovery be taken of any Releasing Plaintiff Parties or Released Defendant Parties in connection therewith.

### 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Plaintiffs' Counsel for an award from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any such fees and expenses awarded shall be paid from the Settlement Fund.  Any application for fees and expenses may include a request for an award to Plaintiffs in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2    Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed

objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflect the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation. Defendants take no position on Lead Counsel's Fee and Expense Application or allocation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including their partners and/or shareholders, and such other Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs to the extent they received any portion of the Fee and Expense Award shall, within 14 business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction reversing or modifying the Judgment or Fee and Expense Award, refund to the Settlement Fund any portion of the Fee and Expense Award previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation, or termination. Any refunds required pursuant to this ¶6.3 shall be the several obligation of Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, and Plaintiffs, to make appropriate refunds or repayments to the Settlement Fund. As a condition of receiving any portion of the Fee and Expense Award, each such Plaintiffs' Counsel, on behalf of themselves and each of their partners and/or shareholders, and Plaintiffs, agree that (a) such Person and its partners, shareholders, and/or members are subject to the

jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs, Lead Counsel, or Plaintiffs' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2 and the fees, costs, and expenses associated with providing notice under CAFA, as provided in ¶5.13, the Released Defendant Parties shall have no responsibility for, no obligation, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes or Tax Expenses) to Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

4898-4915-9019.v1

6.6     The Released Defendant Parties shall have no responsibility for, no obligation, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Defendant Parties shall have no responsibility for, no obligation, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes or Tax Expenses) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto, directing notice to the Class, as required by ¶3.1 hereof;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the time within which Defendants may exercise their option to terminate the Settlement pursuant to ¶7.3 hereof shall have expired without the exercise of that option;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto following notice to the Class;

(e)     the Judgment has become Final, as defined in ¶1.12 hereof; and

(f)     the Litigation has been dismissed with prejudice.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund in or to the Settlement Fund, if any,

shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, Tax Expenses, legal fees, Notice and Administration Expenses, Fee and Expense Awards, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.4-7.6 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel, or the award to Plaintiffs, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3    As set forth in a separate agreement (the "Supplemental Agreement") executed between Plaintiffs and Defendants, by and through their counsel, Defendants may terminate the Settlement and render it null and void in the event that certain thresholds defined therein are met with respect to the Members of the Class who timely and validly exclude themselves from the Class.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than in the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement or by operation of law), unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms.  If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Plaintiffs and Defendants, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in

accordance with the practices of the Court as to preserve the confidentiality of the Supplemental Agreement, particularly the termination conditions.

7.4     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, within 14 business days after written notification of such event is sent by either Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.10 and/or 2.12 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.10 and/or 2.12 hereof, shall be refunded by the Escrow Agent to the entities that paid to the Settlement Fund on behalf of the Defendants in proportion to their respective contributions.  Such refunds shall be pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the entities that paid to the Settlement Fund on behalf of the Defendants.  Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.5     Plaintiffs and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within 30 calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation in any material respect without leave to amend and resubmit; (c) the Court's refusal to enter the Judgment in any material respect; (d) entry of a Court order refusing

to dismiss the Litigation with prejudice; (e) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, or is successfully collaterally attacked in any material respect; or (f) the failure of the Effective Date to occur for any reason. For avoidance of doubt, no order of the Court, modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel, or the award to Plaintiffs, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation. For the avoidance of doubt, the Settling Parties stipulate and agree that any change narrowing the scope of the releases in this Stipulation would constitute a material change that gives rise to the affected Settling Party's right to terminate the Settlement.

7.6    In the event that this Stipulation is not approved in any material respect or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of September 20, 2025. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.37, 2.8-2.10, 2.12-2.14, 6.3, 7.4-7.6, 8.1, and 9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.10 or 2.12.  In addition, any amounts already incurred pursuant to ¶¶2.10 or 2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.14 and 7.4 hereof.

**8.    No Admission of Wrongdoing**

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against or to the prejudice of any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, finding, or admission by any Defendant of the truth of any allegations by Plaintiffs or any Class Member or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, damages, negligence, fault, breach of duty, wrongdoing, or omission of any kind by any Defendant or in any way referred to for any other reason as against any Defendant, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

- 36 -

(b)      shall be offered or received against or to the prejudice of Plaintiffs or any Class Member as evidence that Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Claims;

(c)      shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, breach of duty, scheme, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(d)      shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any liability, damages, negligence, fault, wrongdoing, or omission, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; provided, however, that if this Stipulation is approved by the Court, Defendants and the Released Defendant Parties may refer to it to effectuate the release granted them hereunder; or

(e)      shall be construed against Defendants, Plaintiffs, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

## 9.      Miscellaneous Provisions

9.1      The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Pursuant to 15 U.S.C. §78u-4(c)(1), the Settling Parties agree that the Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such Settling Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support injunctive relief, or a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

- 38 -

9.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7     This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning this Stipulation, or its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.8     Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.9     Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which they deem appropriate.

9.10    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate

4898-4915-9019.v1

its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.11    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

9.12    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) when delivered to the recipient's email address of record:

*If to Plaintiffs or to Lead Counsel:*

ROBBINS GELLER RUDMAN
 & DOWD LLP
ASHLEY M. PRICE
aprice@rgrdlaw.com

*If to Defendants or Defendants' Counsel:*

ROPES & GRAY LLP
C. THOMAS BROWN
thomas.brown@ropesgray.com

NUTTER McCLENNEN
 & FISH LLP
IAN D. ROFFMAN
iroffman@nutter.com

9.13    Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in the Litigation or this Stipulation, including, but not limited to, the Released Claims, has been assigned, encumbered, or any manner transferred in whole or in part.

9.14    This Stipulation shall be binding upon, and inure to the benefit of the Released Defendant Parties and the Releasing Plaintiff Parties.

9.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.16    Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.17    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Plaintiffs and any Members of the Class shall be barred and enjoined from commencing or prosecuting against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

9.18    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Massachusetts and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Massachusetts without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

4898-4915-9019.v1

9.19    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.20    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.21    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.22    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

9.23    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated December 1, 2025.

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> SPENCER A. BURKHOLZ (*pro hac vice*)
> LAURA M. ANDRACCHIO (*pro hac vice*)
> ASHLEY M. PRICE (*pro hac vice*)

- 42 -



ASHLEY M. PRICE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
landracchio@rgrdlaw.com
aprice@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (*pro hac vice*)
MICHAEL G. CAPECI (*pro hac vice*)
MAGDALENE ECONOMOU (*pro hac vice*)
JONATHAN A. OHLMANN (*pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com
meconomou@rgrdlaw.com
johlmann@rgrdlaw.com

Co-Lead Counsel for Plaintiffs

GRANT & EISENHOFER P.A.
CAITLIN M. MOYNA (*pro hac vice*)
KARIN E. FISCH (*pro hac vice* forthcoming)
CECILIA E. STEIN (*pro hac vice*)
TIMOTHY CLARK B. DAUZ (*pro hac vice*)
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone: 646/722-8500
646/722-8501 (fax)
cmoyna@gelaw.com
kfisch@gelaw.com
cstein@gelaw.com
tdauz@gelaw.com

Co-Lead Counsel for Plaintiffs

- 43 -

HUTCHINGS BARSAMIAN MANDELCORN,
LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: 781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Local Counsel for Plaintiffs

WEINBERG, ROGER & ROSENFELD, P.C.
EZEKIEL D. CARDER
1375 55th Street
Emeryville, CA 94608
Telephone: 510/337-1001
510/337-1023 (fax)
ecarder@unioncounsel.net

Additional Counsel for Lead Plaintiff Carpenters
Pension Trust Fund for Northern California

ABRAHAM FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
JACK G. FRUCHTER
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: 212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
jfruchter@aftlaw.com

Additional Counsel for University of Puerto Rico
Retirement System

ROPES & GRAY LLP
C. THOMAS BROWN
WILLIAM T. DAVISON

_____
                   s/ C. Thomas Brown
                   C. THOMAS BROWN

- 44 -

Prudential Tower
800 Boylston Street
Boston, MA  02199
Telephone:  617/951-7464
617/951-7050 (fax)
thomas.brown@ropesgray.com
william.davison@ropesgray.com

Counsel for Defendants Mercury Systems, Inc.,
William Ballhaus, Michael Ruppert, and David
Farnsworth

NUTTER McCLENNEN & FISH LLP
IAN D. ROFFMAN BBO #637564
BRYAN M. CONNOR BBO #688219


_____
                s/ Ian D. Roffman
              IAN D. ROFFMAN

155 Seaport Boulevard
Boston, MA  02210
Telephone:  617/439-2000
617/310-9000 (fax)
iroffman@nutter.com
bconnor@nutter.com

Counsel for Defendant Mark Aslett

- 45 -

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2025.

s/ Ashley M. Price
ASHLEY M. PRICE