# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCURY SYSTEMS, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-13065-WGY<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

WHEREAS, an action is pending before this Court entitled *North Collier Fire Control and Rescue District Firefighters' Pension Plan v. Mercury Systems, Inc., et al.*, No. 1:23-cv-13065-WGY (D. Mass.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated December 1, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the proposed Class.

3. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

4. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Court finds that the Litigation is likely able to be certified as a class action on behalf of all purchasers and acquirers of Mercury common stock during the period between February 3, 2021 and February 6, 2024, inclusive (the "Class"). Excluded from the Class are Defendants and their immediate families, the Company's officers and directors at all relevant

- 1 -

times, as well as their immediate families, Defendants' legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded is any Person who properly excludes himself, herself, itself, or themselves by submitting a valid and timely request for exclusion. To the extent any Mercury employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Class by definition.

5. The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have likely been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiffs' claims are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff Carpenters Pension Trust Fund for Northern California and named plaintiffs University of Puerto Rico Retirement System and North Collier Fire Control and Rescue District Firefighters' Pension Plan are preliminarily certified as Class Representatives and Robbins Geller Rudman & Dowd LLP and Grant & Eisenhofer P.A. are preliminarily certified as Class Counsel.

7. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, David Murphy;

- 2 -

4904-2471-7944.v1

(ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) sufficiently fair, reasonable, and adequate, warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

8.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2026, at ___ __.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, to determine: (a) whether to certify, for settlement purposes only, the Class; (b) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (c) whether a Judgment, as provided in ¶1.14 of the Stipulation, should be entered; (d) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (e) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (f) any such other matters as the Court may deem appropriate.  The Court may adjourn the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

9.    The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Summary Notice,

- 3 -

substantially in the manner and form set forth in ¶11 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process. The Court further finds that said notice is the best notice practicable under the circumstances, is reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement as well as the binding effect of the orders and Judgment in this Litigation and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, and shall constitute due and sufficient notice to all Persons entitled thereto.

10. Within ten (10) calendar days after entry of this Order, Mercury shall use reasonable efforts to provide or cause to be provided to the Claims Administrator, at no cost to Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Mercury common stock during the Class Period, as set forth in the records of its transfer agent.

11. Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Defendants, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility, obligation, or liability for such fees, costs, or expenses.

12. The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

4904-2471-7944.v1

(a)     Not later than _____, 202_ (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email is unavailable) to all potential Class Members who can be identified with reasonable effort and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.MercurySecuritiesSettlement.com.  For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b)     Not later than _____, 202_ (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.     Nominees who purchased or acquired Mercury common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to

- 5 -

the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

14.     Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

15.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2026 (a date ninety (90) calendar days from the Notice Date).  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation

4904-2471-7944.v1

and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No person shall have any claim against any Plaintiffs, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such discretion as to whether to accept late-submitted Claims.

16.    Any Class Member may enter an appearance in the Litigation, at his, her, their, or its own expense, individually or through counsel of their own choice.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

17.    Any Class Member who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of Mercury common stock purchased or acquired or sold during the Class Period and price paid for each such purchase or acquisition and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased or acquired Mercury common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each

4904-2471-7944.v1

of the provisions in this paragraph shall be deemed to have waived his, her, its, or their right to be excluded from the Class, and shall be barred from requesting exclusion from the Class.

18.     Any Person who submits a Request for Exclusion may thereafter submit to the Claims Administrator and to Lead Counsel a written revocation signed under penalty of perjury of that Request for Exclusion, provided that it is postmarked no later than fourteen (14) calendar days before the Settlement Hearing, in which event that Person will be included in the Class.  Lead Counsel shall provide or cause to be provided to counsel for Defendants copies of any revocations of Requests for Exclusion, as expeditiously as possible, but in no event later than one (1) calendar day from receipt thereof and at least ten (10) calendar days before the Settlement Hearing.

19.     Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, no later than three (3) calendar days from receipt thereof and not less than fourteen (14) calendar days prior to the Settlement Hearing.

20.     Any Class Member who or which does not request exclusion from the Class or who or which has requested exclusion from the Class but has provided a timely revocation thereof may file a written objection to the proposed Settlement and show cause why: (i) the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; (ii) a judgment should or should not be entered thereon; (iii) the Plan of Allocation should or should not be approved; (iv) attorneys' fees and expenses should or should not be awarded to Lead Counsel; or (v) an award pursuant to 15 U.S.C. §78u-4(a)(4) should or should not be made to any Plaintiff. However, no Class Member or any other Person shall be heard or entitled to contest such matters unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____ ,

4904-2471-7944.v1

2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Attn: Ashley Price, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Ropes & Gray LLP, Attn: C. Thomas Brown, Prudential Tower, 800 Boylston Street, Boston, MA 02199; and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, MA 02210, on or before _____, 2026 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Class Member who does not make his, her, its, or their objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or the award made to any Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), unless otherwise ordered by the Court and shall also be foreclosed from appealing from any judgment or order entered in this Litigation. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the award of attorneys' fees and expenses to Lead Counsel, and/or the award made to Plaintiffs are required to include in or with their written objection: (i) a statement of their intention to appear at the Settlement Hearing; (ii) the identity of any witnesses they may seek to call for testimony at the Settlement Hearing; and (iii) copies of exhibits they intend to introduce at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

21. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, email address, and telephone number of the person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) state the name, address,

- 9 -

4904-2471-7944.v1

email address, and telephone number of all counsel who represent or who have represented the Class Member in connection with the objection; (iii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (iv) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales of Mercury common stock during the Class Period, including the dates and the number of shares purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (v) identify all class action settlements to which the objector and his, her, or its counsel have previously objected.

22. Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

23. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served by _____, 2026 (a date that is thirty-five (35) calendar days prior to the Settlement

- 10 -

4904-2471-7944.v1

Hearing).  Replies to any objections shall be filed and served by _____, 2026 (a date that is seven (7) calendar days prior to the Settlement Hearing).

25.    Neither the Released Defendant Parties nor Defendants' Counsel shall have any role in, responsibility for, interest in, liability, or obligation whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or award made to any Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

26.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or costs, charges and expenses.

27.    All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

28.    This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, communications, documents, agreements, or proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or

4904-2471-7944.v1

the Settlement or this Order, (i) may not be construed as or used as an admission of, evidence of, presumption, or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, the validity of any Released Claims, or of any liability, fault, negligence, wrongdoing, or damage of any kind, (ii) may not be construed as or used as an admission, presumption, or concession, of any fault, misrepresentation, scheme, or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (iii) may not be offered or received in evidence (or used by any Person in the Litigation or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation or this Order.  Defendants, the Released Defendant Parties, Plaintiffs, Class Members, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support injunctive relief or a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or to effectuate any liability protection under any applicable insurance policy.

29.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation.  This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of September 20, 2025.

30.    Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed

- 12 -

4904-2471-7944.v1

Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

      SO ORDERED.

DATED:   _____    _____

                           THE HONORABLE WILLIAM G. YOUNG
                           UNITED STATES DISTRICT JUDGE

4904-2471-7944.v1