# EXHIBIT A-1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:23-cv-13065-WGY |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| vs. | ) ) | EXHIBIT A-1 |
| MERCURY SYSTEMS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

4900-2574-0664.v1

**TO:    ALL PURCHASERS AND ACQUIRERS OF MERCURY SYSTEMS, INC. ("MERCURY" OR THE "COMPANY") COMMON STOCK BETWEEN FEBRUARY 3, 2021 AND FEBRUARY 6, 2024, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE                  , 2026**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been prepared and is being made available to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Lead Plaintiff Carpenters Pension Trust Fund for Northern California and named plaintiffs University of Puerto Rico Retirement System and North Collier Fire Control and Rescue District Firefighters' Pension Plan (collectively, "Plaintiffs") and Defendants Mercury, Mark Aslett ("Aslett"), William L. Ballhaus ("Ballhaus"), Michael D. Ruppert ("Ruppert"), and David E. Farnsworth ("Farnsworth") (Aslett, Ballhaus, Ruppert, and Farnsworth are the "Individual Defendants" and, with Mercury, "Defendants"); (ii) the proposed $32.5 million settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated December 1, 2025 (the "Stipulation"), by and between Plaintiffs and Defendants (the "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this Litigation.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.MercurySecuritiesSettlement.com.

4900-2574-0664.v1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2026.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2026.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Class Member. **Objections must be *received* by the Court and counsel on or before _____, 2026. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2026, AT \_:\_\_ \_.M.** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2026.** |
| **DO NOTHING** | Get no payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement, and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $32.5 million settlement fund has been established. Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per Mercury common share under the Plan of Allocation is approximately $0.68, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable

- 2 -

Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Mercury common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the price of Mercury common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Mercury common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Mercury common stock at various times during the Class Period; (7) the extent to which the matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Mercury common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced (if at all) the price of Mercury common stock at various times during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus expenses not to exceed $425,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Mercury common share will be approximately $0.21. In addition, Plaintiffs may each seek an award in connection with their representation of the Class in an amount not to exceed $36,000 in the aggregate, pursuant to 15 U.S.C. §78u-4(a)(4).

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-808-8981, or visit the website www.MercurySecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.

4900-2574-0664.v1

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the burden, expense, and uncertainty of further litigation and the length of continued proceeding necessary to defend the Litigation through trial and any appeals. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
| --- | --- |

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Mercury common stock during the period between February 3, 2021 and February 6, 2024, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Massachusetts, and the case is known as *North Collier Fire Control and Rescue District Firefighters' Pension Plan v. Mercury Systems, Inc., et al.*, No. 1:23-cv-13065-WGY. The case has been assigned to the Honorable William G. Young. The entities representing the Class are the "Plaintiffs," and the individuals and entity they sued and who have now settled are "Defendants."

| 2. | What is this lawsuit about? |
| --- | --- |

Mercury is a technology company that develops systems and products used by the aerospace and defense industries. Plaintiffs allege that during the period between February 3, 2021 and February 6, 2024, inclusive, Defendants purportedly made materially false or misleading statements in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, which caused the price of Mercury common stock to trade at allegedly inflated prices. Specifically, Plaintiffs allege that Defendants knowingly, or with reckless disregard, made material misrepresentations and omissions concerning Mercury's integration of 15 acquired businesses. Achieving full integration of the acquired businesses was allegedly a core strategy, critical to achieving Mercury's goals in revenue and profit growth. However, unbeknownst to investors, Mercury had allegedly not fully integrated the acquired businesses and this failure allegedly negatively impacted the Company's unbilled receivables, cash flow and profit.

- 4 -

Specifically, through its acquisitions, Mercury allegedly acquired many long-term contracts that used "over time" accounting, which allowed revenue to be recognized before customers were invoiced and resulted in large unbilled receivables. This allegedly represented a change from Mercury's traditional use of "point-in-time" accounting, which recognized revenue after the customer received the good or service and was invoiced. As a result of the acquisitions that were allegedly not fully integrated, Mercury's growing implementation of "over time" contracts—from 42% in 2021 to 56% in 2023—allegedly swelled unbilled receivables and strained cash flow. Moreover, the claimed integration problems allegedly caused delays in performance obligations, rising costs, and declining profits. Through a series of alleged partial disclosures, Defendants allegedly revealed the execution problems, increased costs, and reduced profits caused by the failure to fully integrate the acquisitions. Plaintiffs allege that ultimately, Defendants disclosed that the costs incurred to convert the unbilled receivables associated with the acquired programs to cash would cause the Company's revenue to decline by approximately 20% in fiscal year 2024.

The initial complaint in the Litigation was filed in the United States District Court for the District of Massachusetts by the North Collier Fire Control and Rescue District Firefighters' Pension Plan on December 13, 2023 (ECF 1) and alleged that Mercury, Aslett, and Ruppert had violated §§10(b) and 20(a) of the Exchange Act. On February 27, 2024, the Court appointed Carpenters Pension Trust Fund for Northern California as Lead Plaintiff and approved its selection of Robbins Geller Rudman & Dowd LLP and Grant & Eisenhofer P.A. as Lead Counsel. ECF 22.

On April 18, 2024, Plaintiffs filed the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") against defendants Mercury, Aslett, Ruppert, Ballhaus, and Farnsworth. ECF 57. Defendants filed their motion to dismiss the Amended Complaint on May 24, 2024. ECF 64. Following full briefing and an oral argument held on July 24, 2024, the Court granted Defendants' motion without prejudice and permitted Plaintiffs to move for leave to amend the complaint. ECF 77.

On August 23, 2024, Plaintiffs filed a motion for leave to file the proposed Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF 82). Full briefing followed. On February 20, 2025, the Court issued an order partially granting and partially denying Plaintiffs' motion for leave to file the Complaint (the "Order"). ECF 100. The Court's Order dismissed most of the alleged misstatements and all of the claims against Ruppert and Farnsworth. The Court's Order upheld the Complaint as to the remaining alleged misstatements and the claims associated therewith against Mercury, Aslett, and Ballhaus (the "Remaining Defendants"), and it directed the remaining parties to proceed to discovery.

The parties remaining in the case after the Court's Order conducted extensive fact discovery, including making and reviewing substantial document productions, obtaining and reviewing additional documents through third-party subpoenas, responding to interrogatories and other discovery requests, and preparing for and taking depositions. In all, the Remaining Defendants produced more than 400,000 pages of documents.

On July 18, 2025, Plaintiffs moved to certify the Litigation as a class action. ECF 125. The Remaining Defendants filed their opposition on September 19, 2025. ECF 132. The motion was pending when this proposed Settlement was reached.

4900-2574-0664.v1

On September 11, 2025, Plaintiffs and the Remaining Defendants participated in a voluntary confidential mediation session with David Murphy of Phillips ADR Enterprises, an experienced mediator.  Prior to the mediation, the Settling Parties exchanged mediation statements and replies thereto that set forth each side's view on the Litigation's merits and an assessment of damages.  The Settling Parties engaged in good faith negotiations at the mediation but did not reach a settlement. Thereafter, however, following the Settling Parties' additional, arm's-length settlement discussions with the assistance of Mr. Murphy, Mr. Murphy issued a mediator's recommendation of settlement. The Settling Parties accepted Mr. Murphy's recommendation on September 20, 2025, agreeing to settle the Litigation in return for a cash payment of $32.5 million.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation.  Defendants contend that they did not make any materially false or misleading statements or omissions, that they disclosed all material information required by the federal securities laws, and that they at all times acted in good faith.  Defendants also contend that any losses allegedly suffered by Class Members were not caused by any allegedly fraudulent scheme, or false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of either Defendants or Plaintiffs.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiffs agreed to the Settlement to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: All purchasers and acquirers of Mercury common stock during the period between February 3, 2021 and February 6, 2024, inclusive (the "Class").  Excluded from the Class are Defendants and their immediate families, the Company's officers and directors at all relevant times, as well as their immediate families, Defendants' legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded is any Person who properly excludes himself, herself, itself, or themselves by submitting a valid and timely request for exclusion.  To the extent any Mercury employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Class by definition.

**Please Note**:  Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit the Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2026.

4900-2574-0664.v1

| 5. | **What if I am still not sure if I am included in the Class?** |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-808-8981, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $32.5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below, and the amount of administrative costs, including the costs of notice, and the amount of the approved attorneys' fees and expenses.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 8. | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement Fund, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.MercurySecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Mercury Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box 301171, Los Angeles, CA 90030-1171) **or submit it online at www.MercurySecuritiesSettlement.com so that it is postmarked or received no later than _____, 2026**.

| 9. | **When would I get my payment?** |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2026, at _____ .m.,** to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

4900-2574-0664.v1

| 10. | **What am I giving up to get a payment or to stay in the Class?** |

Unless you timely and validly exclude yourself in connection with this Settlement, you are in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties with respect to the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Claims" means, to the fullest extent permitted by law or equity, any and all claims, rights, controversies, duties, obligations, demands, allegations, arguments, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, liabilities, and causes of action of every nature and description, whether known or unknown, contingent or non-contingent, matured or unmatured, foreseen or unforeseen, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether direct, representative, class or individual in nature, whether arising under federal, state, or local statutory or common law or any other law, rule or regulation, ordinance or administrative provision, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future in this Litigation or any other action or in any other forum, against any or all of the Released Defendant Parties that arise from or out of or are in connection with or are based upon or relate in any way to both: (a) the facts, matters, events, transactions, acts, failures to act, occurrences, statements, representations, misrepresentations, disclosures, claims, allegations, breaches of duty, and/or omissions which were or could have been involved, set forth, referred to, or alleged in this Litigation, including in any previous complaint in the Litigation; and (b) the purchase, acquisition, exchange, receipt, transfer, sale, or disposition by any Class Member of Mercury common stock during the Class Period, provided, however, that "Released Claims" does not release any claim by Defendants for insurance coverage and does not include claims to enforce the Settlement, or any derivative or ERISA claims, or the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court.  "Released Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" mean any or all of Defendants and their related parties, including, without limitation, their past, present,

4900-2574-0664.v1

or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of their family, and any person, partnership, firm, trust, corporation, limited liability corporation, officer, director or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

- "Unknown Claims" means: (a) any and all Released Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The

- 9 -

Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Defendants shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue, on your own, Defendants or the other Released Defendant Parties about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Also, Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Class Members, and who collectively purchased or acquired a certain number of shares of Mercury common stock, exclude themselves from the Class.

4900-2574-0664.v1

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Mercury Securities Settlement*." Your letter must include your purchases, sales, or other acquisitions of Mercury common stock during the Class Period, including the dates and number of shares of Mercury common stock purchased, acquired, or sold, and the price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2026** to:

> *Mercury Securities Settlement*
> Claims Administrator
> c/o Verita Global
> EXCLUSIONS
> P.O. Box 5100
> Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement, unless you timely revoke your request for exclusion in writing. If you ask to be excluded and do not timely revoke your request for exclusion in writing, you will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants and the other Released Defendant Parties about the Released Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself and do not timely revoke your request for exclusion in writing, you should not send in a Proof of Claim to ask for any money.

| 14. | Can I revoke my request for exclusion? |
|---|---|

Yes. If you request exclusion from the Class, you may thereafter send a letter by First-Class Mail stating that you "revoke your request for exclusion from the Class in the *Mercury Securities Settlement*." Your letter must be signed under penalty of perjury. In addition, you must include your name, address, email address, telephone number, and your signature. You must send your written

- 11 -

revocation to each of the following addresses so that it is **postmarked no later than _____, 2026**:

| CLAIMS ADMINISTRATOR | LEAD COUNSEL |
|---|---|
| *Mercury Securities Settlement* Claims Administrator c/o Verita Global EXCLUSIONS P.O. Box 5100 Larkspur, CA 94977-5100 | ROBBINS GELLER RUDMAN & DOWD LLP Mercury Securities Settlement Attn: Ashley Price 655 West Broadway, Suite 1900 San Diego, CA 92101 |

If you timely revoke your request for exclusion in writing, you will not be excluded from the Class and may be eligible to receive payment from the Settlement and to object to the Settlement. If you timely revoke your request for exclusion in writing, you will be legally bound by anything that happens in this lawsuit and you will not be permitted to sue Defendants or the other Released Defendant Parties about the Released Claims in the future.

If you timely revoke your request for exclusion in writing, you may send in a Proof of Claim to ask for money from the Settlement. Both your revocation of your request for exclusion and your Proof of Claim must be timely submitted for you to be eligible to receive payment from the Settlement.

## THE LAWYERS REPRESENTING YOU

| **15.** | **Do I have a lawyer in this case?** |
|---|---|

Class Members, including you, are represented by Robbins Geller Rudman & Dowd LLP and Grant & Eisenhofer P.A., as approved by order of the Court. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **16.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount and for expenses and charges in an amount not to exceed $425,000, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, pursuant to 15 U.S.C. §78u-4(a)(4), Plaintiffs may seek an award of $36,000 in the aggregate in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **17.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to

- 12 -

4900-2574-0664.v1

the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Mercury Securities Settlement*.  Include (i) your name, address, email address, telephone number, and your signature (even if you are represented by counsel), (ii) identify the date(s), price(s), and number of shares of Mercury common stock purchased, acquired, or sold during the Class Period, and (iii) state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected, including the name, address, email address, and telephone number of all counsel who represent or who have represented the Class Member in connection with the objection.  You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of Mercury common stock during the Class Period.  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than                       , 2026:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Suite 2300 Boston, MA  02210 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ashley Price 655 West Broadway, Suite 1900 San Diego, CA  92101 | ROPES & GRAY LLP Attn: C. Thomas Brown Prudential Tower 800 Boylston Street Boston, MA  02199 |

| **18.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the Released Defendant Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

- 13 -

4900-2574-0664.v1

| 19. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at \_\_\_ \_.m., on _____, **2026**, in the Courtroom of the Honorable William G. Young, at the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. **To determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.MercurySecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.MercurySecuritiesSettlement.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website, www.MercurySecuritiesSettlement.com**. If you want to attend the hearing, either in person or remotely, if permitted, you should check with Lead Counsel or the Settlement website, www.MercurySecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 20. | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 21. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 17 above) a statement saying that it is your "Notice

- 14 -

of Intention to Appear in the *Mercury Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the fee and expense application and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than** _____**, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 17.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 22. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the Released Defendant Parties about the Released Claims in this case.

## GETTING MORE INFORMATION

| 23. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-808-8981. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.MercurySecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT
## FUND AMONG CLASS MEMBERS

| 24. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $32.5 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.

- 15 -

4900-2574-0664.v1

The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.MercurySecuritiesSettlement.com.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

2.      The Plan is not a formal damages analysis.  The calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Class Members may have been able to recover after a trial.  Nor are the calculations pursuant to the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.      In this case, Plaintiffs allege that Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading price of Mercury common stock.  Plaintiffs allege that corrective information impacting the price of Mercury common stock was released to the market on August 2, 2022, May 2, 2023, November 7, 2023, and February 6, 2024, and resulted in potentially recoverable damages on August 3, 2022, May 3, 2023, November 8, 2023, and February 7, 2024 ("Corrective Disclosures").  The Plan is intended to compensate investors who purchased or acquired Mercury common stock during the Class Period, held through the issuance of at least one Corrective Disclosure, and have a "Recognized Loss Amount" as described below.[2]

4.      The Plan was developed in consultation with Plaintiffs' damages expert.  In developing the Plan, Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the price of Mercury common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable.  In calculating the estimated impact allegedly caused by those materially false and misleading statements and omissions, Plaintiffs' damages expert considered the price changes in Mercury common stock in reaction to the public disclosures that allegedly corrected the alleged materially false and misleading statements and omissions, adjusting the Mercury common stock price change for factors that were attributable to market or industry forces.

5.      Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Mercury common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss

---

[2]      Any transactions in Mercury common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

4900-2574-0664.v1

Amount will be zero.  An Authorized Claimant's "Recognized Claim" under the Plan will be the sum of their Recognized Loss Amounts.[3]

6.      For each share of Mercury common stock purchased or otherwise acquired from February 3, 2021 through February 6, 2024, inclusive, and:

(a)      sold prior to August 3, 2022, the Recognized Loss Amount will be $0.00;

(b)      sold from August 3, 2022 through February 6, 2024, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)      sold from February 7, 2024 through and including the close of trading on May 6, 2024, the Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, and (iii) the purchase price minus the average closing price between February 7, 2024 and the date of sale as stated in Table 2 below;

(d)      held as of the close of trading on May 6, 2024, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus $28.83, the average closing price for Mercury common stock between February 7, 2024 and May 6, 2024 (the last entry in Table 2 below).

---

[3]      "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with §28(D)(e)(1) of the Securities Exchange Act of 1934, Recognized Loss Amounts for Mercury common stock are reduced to an appropriate extent by taking into account the closing price of Mercury common stock during the 90-day look-back period.  The mean (average) closing price for Mercury common stock during this 90-day look-back period was $28.83 per share as shown in Table 2.

**TABLE 1**

**Decline in Inflation per Share of Mercury Common Stock by Date of Purchase or Acquisition and Date of Sale**

| Purchase Date | Sale Date | | | | |
|---|---|---|---|---|---|
| | 2/3/2021 - 8/2/2022 | 8/3/2022 - 5/2/2023 | 5/3/2023 - 11/7/2023 | 11/8/2023 - 2/6/2024 | Sold on or Retained Beyond 2/7/2024 |
| 2/3/2021 - 8/2/2022 | $0.00 | $7.87 | $15.53 | $20.12 | $23.70 |
| 8/3/2022 - 5/2/2023 | | $0.00 | $7.66 | $12.25 | $15.83 |
| 5/3/2023 - 11/7/2023 | | | $0.00 | $4.59 | $8.17 |
| 11/8/2023 - 2/6/2024 | | | | $0.00 | $3.58 |
| Purchased on or Beyond 2/7/2024 | | | | | $0.00 |

- 18 -

4900-2574-0664.v1

**TABLE 2**

**Mercury Common Stock Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between February 7, 2024 and Date Shown | Date | Closing Price | Average Closing Price Between February 7, 2024 and Date Shown |
|---|---|---|---|---|---|
| 2/7/2024 | $26.80 | $26.80 | 3/22/2024 | $27.53 | $29.13 |
| 2/8/2024 | $26.23 | $26.51 | 3/25/2024 | $27.40 | $29.08 |
| 2/9/2024 | $29.30 | $27.44 | 3/26/2024 | $27.33 | $29.03 |
| 2/12/2024 | $29.88 | $28.05 | 3/27/2024 | $28.86 | $29.02 |
| 2/13/2024 | $30.04 | $28.45 | 3/28/2024 | $29.50 | $29.03 |
| 2/14/2024 | $30.55 | $28.80 | 4/1/2024 | $29.11 | $29.04 |
| 2/15/2024 | $30.44 | $29.03 | 4/2/2024 | $28.11 | $29.01 |
| 2/16/2024 | $29.13 | $29.05 | 4/3/2024 | $28.73 | $29.01 |
| 2/20/2024 | $28.75 | $29.01 | 4/4/2024 | $28.43 | $28.99 |
| 2/21/2024 | $28.38 | $28.95 | 4/5/2024 | $28.44 | $28.98 |
| 2/22/2024 | $28.07 | $28.87 | 4/8/2024 | $29.24 | $28.98 |
| 2/23/2024 | $28.33 | $28.82 | 4/9/2024 | $29.29 | $28.99 |
| 2/26/2024 | $28.75 | $28.82 | 4/10/2024 | $28.61 | $28.98 |
| 2/27/2024 | $29.31 | $28.85 | 4/11/2024 | $28.85 | $28.98 |
| 2/28/2024 | $29.57 | $28.90 | 4/12/2024 | $28.77 | $28.97 |
| 2/29/2024 | $29.87 | $28.96 | 4/15/2024 | $28.40 | $28.96 |
| 3/1/2024 | $29.73 | $29.01 | 4/16/2024 | $27.56 | $28.93 |
| 3/4/2024 | $29.57 | $29.04 | 4/17/2024 | $27.46 | $28.90 |
| 3/5/2024 | $28.83 | $29.03 | 4/18/2024 | $28.31 | $28.89 |
| 3/6/2024 | $29.94 | $29.07 | 4/19/2024 | $27.98 | $28.87 |
| 3/7/2024 | $30.72 | $29.15 | 4/22/2024 | $27.52 | $28.85 |
| 3/8/2024 | $31.08 | $29.24 | 4/23/2024 | $27.44 | $28.82 |
| 3/11/2024 | $30.93 | $29.31 | 4/24/2024 | $28.48 | $28.81 |
| 3/12/2024 | $30.21 | $29.35 | 4/25/2024 | $28.79 | $28.81 |
| 3/13/2024 | $29.85 | $29.37 | 4/26/2024 | $29.08 | $28.82 |
| 3/14/2024 | $29.41 | $29.37 | 4/29/2024 | $29.09 | $28.82 |
| 3/15/2024 | $28.75 | $29.35 | 4/30/2024 | $28.20 | $28.81 |
| 3/18/2024 | $28.27 | $29.31 | 5/1/2024 | $28.66 | $28.81 |
| 3/19/2024 | $27.49 | $29.25 | 5/2/2024 | $29.34 | $28.82 |
| 3/20/2024 | $27.79 | $29.20 | 5/3/2024 | $29.04 | $28.82 |
| 3/21/2024 | $28.67 | $29.18 | 5/6/2024 | $29.18 | $28.83 |

## ADDITIONAL PROVISIONS

7.     For Class Members who held Mercury common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of Mercury common stock during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases,

- 19 -

acquisitions, and sales for purposes of calculating a claim.  Under the FIFO method, sales of Mercury common stock during the Class Period will be matched, in chronological order, first against Mercury common stock held at the beginning of the Class Period.  The remaining sales of Mercury common stock during the Class Period will then be matched, in chronological order, against Mercury common stock purchased or acquired during the Class Period.

8.    For the purposes of calculations under this Plan, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

9.    A purchase, acquisition, or sale of Mercury common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Mercury common stock shall not be deemed a purchase, acquisition, or sale of the security for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of the security unless (i) the donor or decedent purchased or otherwise acquired such Mercury common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to that security; and (iii) it is specifically so provided in the instrument of a gift or assignment.

10.    The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a claimant has an opening short position in Mercury common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

11.    Mercury common stock is the only security eligible for recovery under the Plan. Option contracts to purchase or sell Mercury common stock are not securities eligible to participate in the Settlement.  With respect to Mercury shares purchased or sold through the exercise of an option, the purchase/sale date of such share is the exercise date of the option and the purchase/sale price is the exercise price of the option.

12.    A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in Mercury common stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of Mercury common stock that have been matched against Mercury common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.  If a claimant had a market gain with respect to his, her, its, or their overall transactions in Mercury common stock during the Class Period, the value of the claimant's Recognized Claim will be zero, and the claimant will in any event be bound by the Settlement.  If a claimant suffered an overall market loss with respect to their overall transactions in Mercury common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above,

- 20 -

then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Mercury common stock during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Total Holding Value.[6]

13.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claim.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  Distributions will be rounded to the nearest penny ($0.01).

14.     If an Authorized Claimant's Distribution Amount calculates to be less than $10.00, no distribution will be made to that Authorized Claimant. Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

15.     Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to Council of Institutional Investors (www.cii.org), or, if such donation is not reasonably practicable, to an appropriate alternative non-sectarian, non-profit charitable organization(s) that is unaffiliated with any party or their counsel, serves the public interest, and is selected by Lead Counsel.

---

[4]     The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Mercury common stock purchased or acquired during the Class Period.

[5]     The Claims Administrator will match any sales of Mercury common stock from the start of the Class Period through and including the close of trading on February 6, 2024, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Mercury common stock sold from the start of the Class Period through and including the close of trading on February 6, 2024 will be the "Total Sales Proceeds."

[6]     The Claims Administrator will ascribe a holding value equal to $26.80 for each Mercury share purchased or acquired during the Class Period and still held as of the close of trading on February 6, 2024.  A claimant's total holding values for Mercury common stock acquired during the Class Period that were still held as of the close of trading on February 6, 2024 shall be the claimant's "Total Holding Value."

- 21 -

16.     Payment pursuant to the Plan set forth above shall be conclusive against all claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Releasing Plaintiff Parties or Released Defendant Parties, the Claims Administrator, or other agent designated by Lead Counsel based on distributions made substantially in accordance with: the Stipulation and the Settlement contained therein, the Plan, or further orders of the Court.  Plaintiffs, Defendants, and their respective counsel, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.  All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

17.     Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request for review.  The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or acquired Mercury common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice at notifications@veritaglobal.com or:

*Mercury Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171

If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these

4900-2574-0664.v1

instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.


DATED:  _____          _____

                                          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          DISTRICT OF MASSACHUSETTS

4900-2574-0664.v1