UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and On Behalf of All Other Persons Similarly Situated, | ) ) ) ) | Civil Action No. 1:23-cv-13065-WGY **DECLARATION OF CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA IN SUPPORT** |

NORTH COLLIER FIRE CONTROL AND ) Civil Action No. 1:23-cv-13065-WGY
RESCUE DISTRICT FIREFIGHTERS' )
PENSION PLAN, Individually and On Behalf ) **DECLARATION OF CARPENTERS**
of All Other Persons Similarly Situated, ) **PENSION TRUST FUND FOR**
) **NORTHERN CALIFORNIA IN SUPPORT**
Plaintiff, ) **OF PLAINTIFFS' MOTION FOR FINAL**
) **APPROVAL, PLAN OF ALLOCATION,**
) **AWARD OF ATTORNEYS' FEES AND**
vs. ) **EXPENSES, AND AWARDS TO**
) **PLAINTIFFS PURSUANT TO 15 U.S.C.**
MERCURY SYSTEMS, INC., MARK ) **§78u-4(a)(4)**
ASLETT, MICHAEL D. RUPPERT, )
WILLIAM L. BALLHAUS, and DAVID E. )
FARNSWORTH, )
)
Defendants. )
)
)

I, William Feyling, pursuant to 28 U.S.C. §1746, declare as follows:

1.      I am the Administrator of Lead Plaintiff Carpenters Pension Trust Fund for Northern California ("Lead Plaintiff" or the "Fund"). On February 27, 2024, the Court appointed the Fund as Lead Plaintiff in this Action. ECF No. 22. The Fund is a Taft-Hartley defined benefit pension plan based in Northern California that provides retirement and other benefits to union carpenters and their beneficiaries. As reflected in the certification filed by the Fund to be appointed as the Lead Plaintiff (ECF No. 13-2), the Fund suffered substantial losses as a result of the alleged violations of the federal securities laws in this Action.

2.      I respectfully submit this Declaration in support of final approval of the Settlement of $32.5 million in cash (the "Settlement"), the Plan of Allocation, Lead Counsel's fee and expense request, and the Fund's request for an award pursuant to 15 U.S.C. §78u-4(a)(4) relating to its representation of the Class. I have personal knowledge of the matters related to the Fund's request,

and of the other matters set forth in this Declaration, and if called upon, I could and would testify competently thereto.

3.    The Fund understands that the Private Securities Litigation Reform Act of 1995 encourages institutional investors to oversee securities class actions.  The Fund is an institutional investor that committed itself to prosecuting this litigation on the Proposed Class's behalf.  In seeking appointment as Lead Plaintiff and Class Representative in this Action, the Fund understood its fiduciary duties to serve the interests of the Proposed Class by participating in the management and prosecution of the Action.  The Fund's outside counsel, Weinberg, Roger & Rosenfeld, P.C., has been assisting the Fund throughout this Action in all aspects of the litigation, including communicating with and monitoring Lead Counsel.

4.    Since the Fund was appointed Lead Plaintiff on February 27, 2024, it has, among other things: (i) defeated Defendants' effort to dismiss the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF Nos. 83, 86, 89, 96, 100); (ii) responded to Defendants' demands for document requests and interrogatories, and collected and provided documents and information for discovery; (iii) been kept informed regarding the status of this Action; (iv) reviewed pleadings and documents filed in this Action; (v) provided input regarding litigation and settlement strategy; (vi) supervised and remained informed about mediation and settlement negotiations; and (vii) considered and ultimately approved the proposed Settlement.

5.    After seriously considering the grounds for the Settlement, as well as the risks and uncertainties associated with continued litigation, trial, and appeals, the Fund agreed to accept the mediator's recommendation to settle this Action for $32,500,000.  In agreeing to the Settlement, the Fund considered the real possibility that Plaintiffs' claims might not ultimately succeed or that a jury could significantly limit the Proposed Class's damages.  The Fund also understood that even

if Plaintiffs prevailed at trial, Defendants would likely appeal that decision, and that the appeal process would, at a minimum, substantially delay any recovery by the Proposed Class. Weighing these substantial risks against the immediacy and amount of the recovery, the Fund believes that the $32,500,000 Settlement is an excellent result for the Proposed Class.

6. Based on its involvement during the prosecution and resolution of the Action, the Fund believes that the Settlement represents a recovery that would not have been possible without the vigorous efforts of Lead Counsel. Thus, the Fund supports Lead Counsel's request for 25% attorneys' fee award plus up to $425,000 in expenses incurred by Lead Counsel in litigating this Action, and believes that Lead Counsel's request is fair and reasonable in light of the Settlement obtained on behalf of Plaintiffs and the Proposed Class.

7. The Fund has evaluated Lead Counsel's fee request by considering, among other things: the amount and quality of work performed; the recovery obtained; and the complexities and challenges that Lead Counsel faced. The Fund further believes that the litigation expenses requested by Lead Counsel are reasonable and represent costs and expenses necessary for the prosecution and resolution of this Action. Based on the foregoing, the Fund supports Lead Counsel's motion for attorneys' fees and litigation expenses.

8. The Fund understands that an award representing a plaintiff's reasonable costs and expenses, including lost wages, relating to its representation of the class is authorized under 15 U.S.C. §78u-4(a)(4). Since the Fund's involvement in this Action began in February 2024, the Fund has spent time and expense in representing the Proposed Class, including with respect to the actions described in ¶¶3-4, which would otherwise have been focused on the daily business activities of the Fund. I spent 8 hours performing the tasks set forth in ¶¶3-4. My hourly rate is $175.00. In addition, Fund support staff spent 4 hours performing the tasks set forth in ¶¶3-4 at

an hourly rate $110.00 per hour. Therefore, I believe the Fund's request for an award of $1,840.00 is appropriate and reasonable.

9.      In light of the foregoing, the Fund respectfully requests that the Court grant final approval of the Settlement, Lead Counsel's attorneys' fee and expense application, and the Fund's request for an award in the amount of $1,840.00 in consideration of the Fund's time and expense incurred in representing the Proposed Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 12th day of March, 2026, at Oakland, California.

_____
WILLIAM FEYLING

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2026.

s/ Michael G. Capeci

MICHAEL G. CAPECI