UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:23-cv-13065-WGY |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | DECLARATION OF THEL WHITLEY IN SUPPORT OF: (1) PLAINTIFFS' MOTION |
| vs. | ) ) | FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL |
| MERCURY SYSTEMS, INC., MARK ASLETT, and WILLIAM L. BALLHAUS, | ) ) ) | OF PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND |
| Defendants. | ) ) ) | EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78U-4(A)(4) |

I, Thel Whitley, hereby declare as follows:

1.      I am the Chairperson of the North Collier Fire Control and Rescue District Firefighters' Pension Plan ("North Collier"), one of the named plaintiffs in the above-captioned securities class action ("Litigation").[1] I submit this Declaration in support of: (a) Plaintiffs' motion for final approval of the proposed Settlement of the Litigation for $32.5 million in cash and approval of the proposed Plan of Allocation; (b) Lead Counsel's application for an award of attorneys' fees and expenses; and (c) North Collier's request to recover its reasonable costs incurred in connection with the prosecution of the Litigation.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Plaintiff North Collier is a defined benefit public pension fund based in Fort Meyers, Florida that provides retirement, death, and disability benefits to firefighters.

3.       On December 13, 2023, North Collier filed a federal securities class action against Mercury Systems, Inc. ("Mercury"), defendant Aslett, and defendant Ruppert, on behalf of Mercury investors that purchased or otherwise acquired Mercury common stock between December 7, 2020 and June 23, 2023, which alleged, *inter alia,* that alleged Defendants had violated of Sections 10(b) and 20(a) of the Exchange Act by making materially false and misleading statements regarding the full integration of its acquisitions and the effects on the Company's financial condition.  ECF 1.

4.      Shortly thereafter, putative class members, including Carpenters Fund and UPRRS, filed three competing motions seeking appointment as lead plaintiff.  ECFs 8, 11, 14.  On February 27, 2024, the Court appointed Carpenters Fund as Lead Plaintiff, and approved Carpenters Fund's

---

[1]      Capitalized terms not defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated December 1, 2025 (ECF 145, the "Stipulation").

choice of lead counsel (Robbins Geller and G&E).  ECF 22.  At that time, North Collier agreed to serve as a named plaintiff.

5.    In serving as a named plaintiff, North Collier has monitored all aspects of the prosecution and settlement of this Litigation, through its regular communications with G&E. North Collier has communicated with G&E in connection with every material event in the case and when important decisions needed to be made.  When necessary, I briefed other representatives of North Collier on the status of the Litigation.

6.    Based on its active participation in the prosecution of this Litigation, North Collier has been able to capably oversee the prosecution of this case as well as the ultimate settlement of the Litigation.  North Collier was able to directly observe the substantial efforts undertaken by Lead Counsel to obtain a favorable proposed recovery for the Class, notwithstanding the meaningful and multiple risks plaintiffs faced in this litigation.

7.    North Collier, consistent with its strong interest in the outcome of this litigation and the exercise of its fiduciary duties to the Class, worked diligently to ensure that the recovery in this Litigation was maximized to the greatest extent possible in light of the risks and circumstances of the case.

8.    Throughout the Litigation, North Collier engaged in frequent discussions with G&E concerning case developments and strategy, and received frequent status reports from G&E. Among other things, in its role as a named plaintiff, North Collier has:

    a.    Analyzed the merits of the case prior to filing its initial complaint including evaluating: (i) the potential alleged wrongdoing of and securities claims against Mercury and the other defendants; and (ii) the critical legal and procedural issues involved in prosecuting the Litigation;

2

b.      Reviewed and commented on pleadings filed in the Litigation, including the initial complaint, the amended complaint, and the operative Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws;

c.      Submitted certifications and additional support in connection with the filing of the initial complaint and amended complaint on April 18, 2024 and motion for class certification on July 18, 2025;

d.      Reviewed on briefs filed in the Litigation, including Plaintiffs' opposition to Defendants' motion to dismiss the amended complaint, and motion  papers in support of Plaintiffs' motion for leave to file the Second Amended Complaint and motion to certify the Class

e.      Reviewed court orders and participated in discussions with G&E  regarding same;

f.      Coordinated with G&E concerning the types of documents to locate, collect, and produce on behalf of North Collier in response to discovery requests served by Defendants, and in responding to written discovery;

g.      Consulted with G&E regarding Lead Counsel's review and assessment of the document discovery obtained from Defendants;

h.      Prepared for a deposition scheduled for September 15, 2025.

i.      Participated in the Parties' mediation process and consulted with Lead Counsel concerning the settlement negotiations that ultimately led to the agreement in principle to settle the Litigation; and

k.      Evaluated and approved the mediator's recommendation issued by David Murphy, Esq. that the Litigation be settled for $32.5 million in cash.

3

9.      Based on North Collier's oversight of the prosecution and negotiations for the proposed Settlement of this Litigation, North Collier strongly endorses the Settlement and believes it provides a favorable recovery for the Class, especially when measured against the substantial risks of establishing liability at summary judgment or at trial. North Collier also endorses the proposed Plan of Allocation, and believes that it represents a fair and reasonable method for valuing Claims submitted by Class Members, and for distributing the Net Settlement Fund to Class Members who submit valid and timely Claims.

10.     North Collier also supports Lead Counsel's request for attorneys' fees in the amount of 25% of the Settlement Amount which was approved by all Plaintiffs. North Collier takes seriously its role as a named Plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Class and to reasonably compensate counsel for the work involved and the substantial risks they undertook in litigating the action. North Collier believes the requested fee is fair and reasonable in light of the outstanding result obtained for the Class, the excellent work performed by Lead Counsel, and the risks undertaken by counsel.

11.     North Collier further believes that Lead Counsel's litigation expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of this securities class action. As a result, North Collier has approved the request for payment of Lead Counsel's litigation expenses.

12.     Based on the foregoing, and consistent with its obligation to the Class to obtain the best result at the most efficient cost, North Collier supports Lead Counsel's application for an award of attorneys' fees and expenses.

4

13.    North Collier understands that an award of a representative party's reasonable costs and expenses is authorized under the PSLRA.  For this reason, in connection with Class Counsel's request for payment of litigation expenses, North Collier seeks payment for the time dedicated to the representation of the Class in the Litigation.

14.    As Chairperson of North Collier, my primary responsibilities involve investment related matters. I also oversee any litigation in which North Collier is involved. The work that I performed is summarized in ¶ 8 above.

15.    North Collier seeks payment in the amount of $423.00 for the nine hours it spent on the litigation, as set forth in the chart below:

| Personnel | Hours | Hourly Rate | Total |
|---|---|---|---|
| Thel Whitley | 9 | $47.00 | $423.00 |

16.    I currently am retired and serve as Chairperson of North Collier in a volunteer capacity.   The hourly rate above was calculated based on my annual retirement income.

17.    While I devoted a significant amount of time to this Litigation on behalf of North Collier, the request for payment, as set forth in the table above, is based on a conservative estimate of the number of hours I spent on this litigation.

16.    In conclusion, North Collier was closely involved with the prosecution and settlement of this Litigation, strongly endorses the proposed Settlement as fair, reasonable, and adequate, and believes that it represents a highly favorable recovery for the Class in light of the risks of continued litigation and trial.  North Collier has reviewed and endorses the proposed Plan of Allocation as fair and reasonable for the Class.  North Collier further respectfully requests that the Court approve Lead Counsel's application for an award of attorneys' fees and expenses.  And finally, North Collier requests payment for its costs under the PSLRA as set forth above.

5

I have reviewed the foregoing with counsel and on the basis of that consultation, I declare under the laws of the United States of America that the above statements are true and correct, to the best of my knowledge and belief, and that I have authority to execute this Declaration on behalf of North Collier.

Executed this __3__ day of April, 2026.

Thel Whitely
Chair Person
North Collier Fire Control and Rescue District
Firefighters' Pension Plan

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2026.

s/ Michael G. Capeci

MICHAEL G. CAPECI