UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>vs.<br><br>MERCURY SYSTEMS, INC., MARK ASLETT, and WILLIAM L. BALLHAUS,<br><br>     Defendants. | No. 1:23-cv-13065-WGY<br><br>**DECLARATION OF UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL, PLAN OF ALLOCATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78U-4(A)(4)** |

I, Laura Santa Sánchez, pursuant to 28 U.S.C. §1746, declare as follows:

1.      I am the Executive Director of the University of Puerto Rico Retirement System ("UPRRS"). UPRRS is a single-employer defined benefit pension plan with more than $1.5 billion in assets under management operated for the benefit of thousands of participants, pensioners, and beneficiaries.

2.      I respectfully submit this Declaration in support of final approval of the Settlement of $32.5 million in cash (the "Settlement"), the Plan of Allocation, Lead Counsel's fee and expense request, and UPRRS's request for an award pursuant to 15 U.S.C. §78u-4(a)(4) relating to its representation of the Class.  I have personal knowledge of the matters relating to UPRRS and of the other matters set forth in this Declaration, am authorized to make this declaration on behalf of UPRRS, and if called upon, I could and would testify competently thereto.

3.      UPRRS has served as a named Plaintiff since the filing of the Amended Class Action Complaint (the "AC") on April 18, 2024.  ECF No. 57.

4.      As reflected in UPRRS's certification attached to the AC (ECF No. 57-1), UPRRS suffered substantial losses as a result of the alleged violations of the federal securities laws in this Litigation.

5.      UPRRS understands that the Private Securities Litigation Reform Act of 1995 encourages institutional investors to oversee securities class actions.  UPRRS is an institutional investor that committed itself to assisting in the prosecution of this litigation on the Class's behalf. UPRRS understands its fiduciary duties to serve the interests of the Class by participating in the management and prosecution of the Litigation.

6.      Since April 18, 2024, when it began serving as a named Plaintiff in the AC, UPRRS has, among other things: (i) reviewed pleadings and documents filed in this Litigation; (ii)

responded to Defendants' demands for document requests and interrogatories, and collected and provided over three thousand pages of documents and other information for discovery; (iii) been kept informed regarding the status of this Litigation; (iv) prepared for deposition; (v) provided input regarding litigation and settlement strategy; and (vi) remained informed about mediation and settlement negotiations.

7.    UPRRS has seriously considered the grounds for the Settlement, as well as the risks and uncertainties associated with continued litigation, trial, and appeals, and believes the $32,500,000 Settlement is in the best interest of the Class. In agreeing to the Settlement, UPRRS considered the real possibility that Plaintiffs' claims might not ultimately succeed or that a jury could significantly limit the Class's damages.  UPRRS also understood that even if Plaintiffs prevailed at trial, Defendants would likely appeal that decision, and that the appeal process would, at a minimum, substantially delay any recovery by the Class.  Weighing these substantial risks against the immediacy and amount of the recovery, UPRRS believes that the $32,500,000 Settlement is an excellent result for the Class.

8.    Based on its involvement during the prosecution and resolution of the Litigation, UPRRS believes that the Settlement represents a recovery that would not have been possible without the vigorous efforts of Lead Counsel. Thus, UPRRS supports Lead Counsel's request for an award of attorneys' fees of 25% plus up to $425,000 in expenses incurred by Lead Counsel in litigating this Litigation, and believes that Lead Counsel's request is fair and reasonable in light of the Settlement obtained on behalf of Plaintiffs and the Class

9.    UPRRS has evaluated Lead Counsel's fee request by considering, among other things: the amount and quality of work performed; the recovery obtained; and the complexities and challenges that Lead Counsel faced.  UPRRS further believes that the litigation expenses

requested by Lead Counsel are reasonable and represent costs and expenses necessary for the prosecution and resolution of this Litigation. Based on the foregoing, UPRRS supports Lead Counsel's motion for attorneys' fees and litigation expenses.

10.    UPRRS also understands that the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(4) authorizes an award based on Plaintiffs' representation of the Class. For this reason, in connection with Lead Counsel's application for an award of attorneys' fees and expenses, UPRRS also respectfully requests that the Court grant an award of $1,750 to UPRRS for the time and effort UPRRS expended representing class members in this Litigation, overseeing Lead Counsel's efforts, and reviewing and authorizing important decisions in the litigation. UPRRS estimates that its representatives, including myself, have spent at least 15 hours on this case. The time that my colleagues and I devoted to representing the Class in this Litigation was time we could have otherwise spent on other activities at UPRRS. As a result, the value of the time and resources committed by UPRRS to oversee this Litigation far exceeds the total $1,750 award requested.

11.    In light of the foregoing, UPRRS respectfully requests that the Court grant final approval of the Settlement, Lead Counsel's attorneys' fee and expense application, and UPRRS's request for an award in the amount of $1,750 in connection with UPRRS's representation of the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this ___30th___ day of March, 2026, at San Juan, Puerto Rico.

LAURA SANTA SÁNCHEZ

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2026.

s/ Michael G. Capeci
MICHAEL G. CAPECI
