UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>MERCURY SYSTEMS, INC., et al.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:23-cv-13065-WGY<br><br>CLASS ACTION<br><br>DECLARATION OF SPENCER A. BURKHOLZ FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

4925-3849-7177.v3

I, SPENCER A. BURKHOLZ, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Co-Lead Counsel of record for Lead Plaintiff Carpenters Pension Trust Fund for Northern California, named plaintiffs University of Puerto Rico Retirement System and North Collier Fire Control and Rescue District Firefighters' Pension Plan, and the Class herein.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 7,038.10.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $5,880,296.00.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent

- 1 -

cases set by the Firm for each individual. These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.      The Firm seeks an award of $350,898.46 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit B.

6.      The following is additional information regarding certain of these expenses:

(a)      Filing and Attorney Service Fees: $2,090.70. These expenses have been paid to the Court for filing fees and to an attorney service firm who served process of subpoenas. The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)      Transportation, Hotels, and Meals: $34,472.41. In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings, meet with witnesses, experts, mediators and opposing counsel, and take or defend depositions. The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(c)      Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $15,310.64. The vendors who were paid for these services are listed in the attached Exhibit E.

(d)      Experts/Consultants: $259,031.00:

(i)      Crowninshield Financial Research, Inc. ("Crowninshield"): $211,213.00. Through Crowninshield, Plaintiffs retained the services of Dr. Steven P. Feinstein,

- 2 -

Ph.D., CFA, who provided his expert opinion on: (i) whether Mercury Systems' common stock traded in an efficient market; and (ii) a methodology for quantifying class-wide damages under §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. Dr. Feinstein's services included: (i) consulting with Lead Counsel; (ii) reviewing and analyzing numerous documents produced by the parties in discovery; (iii) drafting a 48-page expert report with exhibits in support of class certification; (iv) preparing for and attending one deposition; and (v) preparing the plan of allocation.

(ii)    Vega Economics: $30,272.50. Through Vega Economics, Plaintiffs retained the services of Jon Bellman ("Bellman"), through Bellman's firm Reality Check LLC, who provided: (i) consulting advice to Plaintiffs regarding the technical details of Mercury Systems' integration of acquired companies and ERP systems before and during the Class Period; and (ii) related strategic advice concerning Bellman's anticipated service as an expert witness for Plaintiffs.

(iii)    Dr. Timothy J. Galpin, Ph.D.: $17,545.50. Plaintiffs retained the services of Dr. Timothy J. Galpin, Ph.D., who provided consulting advice to Plaintiffs regarding the "roll-up" acquisition strategy used by Mercury Systems to acquire companies.

(e)    Photocopies: $413.91. In connection with this case, the Firm made 568 black and white copies. Robbins Geller requests $0.15 per copy for a total of $85.20. Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to the Litigation. The Firm also paid $328.71 to outside copy vendors. A breakdown of these outside charges by date and vendor is set forth in the attached Exhibit F.

- 3 -

4925-3849-7177.v3

(f)    Online Legal and Financial Research: $15,305.74.  This category includes vendors such as LexisNexis Products, PACER, Refinitiv, and Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs). This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.  As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(g)    eDiscovery Database Hosting: $5,628.30.  Robbins Geller has installed top tier database software, infrastructure, and security.  The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200 firms.  Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Tier III data center with automatic replication to a datacenter located in a different geographic location.  By hosting in-house, Robbins Geller is able to charge a reduced all-in rate that includes many services which are often charged as extra fees when hosted by a third-party

- 4 -

4925-3849-7177.v3

vendor. Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost. Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more). Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor. Utilizing this secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize AI technology, and has reduced the expense of maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount requested reflects charges for the hosting of over 425,000 pages of documents received by parties and non-parties in this action.

(h)     Mediation Fees (Phillips ADR Enterprises, P.C.): $17,500.00. These are the fees of the mediator, David M. Murphy of Phillips ADR Enterprises, P.C., who conducted the one mediation session and subsequent negotiations that resulted in the settlement of the Litigation.

7.     The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.     The identification and background of my Firm and its partners is attached hereto as Exhibit G.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of April, 2026, at San Diego, California.

_____
SPENCER A. BURKHOLZ

- 5 -

4925-3849-7177.v3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2026.

s/ Michael G. Capeci
MICHAEL G. CAPECI