UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:23-cv-13065-WGY |
| Plaintiff, | ) ) ) ) | CLASS ACTION |
| vs. | ) ) | DECLARATION OF KARIN E. FISCH FILED ON BEHALF OF GRANT & EISENHOFER P.A. IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |
| MERCURY SYSTEMS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

4918-1301-9798.v1

I, Karin E. Fisch, declare as follows:

1.      I am a Principal of the law firm of Grant & Eisenhofer P.A. ("G&E").  I am submitting this declaration in support of the application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action (the "Litigation").

2.      G&E is Co-Lead Counsel for the Class and represents named plaintiff North Collier Fire Control and Rescue District Firefighters' Pension Plan.

3.      The information in this declaration regarding G&E's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by G&E in the ordinary course of business.  I am the Principal who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  Based on this review, I believe that the time reflected in G&E's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      The number of hours spent on the Litigation by my firm is 2,493.3.  A breakdown of the lodestar is provided in Exhibit A.  Based on my work in the action, as well as the review of time records reflecting work performed by other attorneys and professional support staff employees at or on behalf of G&E in the Action ("Timekeepers"), as reported by the Timekeepers, I directed the preparation of the table set forth as Exhibit A hereto.  The table in Exhibit A: (i) identifies the names and employment positions (i.e., titles) of the Timekeepers; (ii) provides the number of hours that each Timekeeper expended in connection with work on the Litigation through

- 1 -

December 18, 2025 (i.e., the date the Preliminary Approval Order was entered by the Court (ECF 146)); (iii) provides each Timekeeper's current hourly rate unless otherwise noted; and (iv) provides the lodestar of each Timekeeper and the entire firm. For Timekeepers who are no longer employed by G&E, the hourly rate used is the hourly rate for such employee in his or her final year of employment by my firm. The table in Exhibit A was prepared from daily time records regularly prepared and maintained by my firm in the ordinary course of business, which are available at the request of the Court.

5.      The lodestar amount for attorney/paraprofessional time based on G&E's current rates is $1,891,680.00. The hourly rates shown in Exhibit A are consistent with hourly rates submitted by G&E in other securities class action litigation. *See, e.g., Sjunde Ap-Fonden, et al. v. General Electric Company, et al.*, No. 1:17-cv-8457 (S.D.N.Y.) (ECF Nos. 491-5, 500); *City of Atlanta Police Officers' Pension Plan and City of Atlanta Firefighters' Pension Plan v. Celsius Holdings, Inc. et al.*, No. 9:22-cv-80418 (S.D. Fla.) (ECF Nos. 122-2; 129).

6.      G&E seeks an award of $27,709.22 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in Exhibit B.

7.      The following is additional information regarding certain of these expenses:

(a)      Process Server Fees: $2,070.00. These expenses have been paid to process server firms who served subpoenas on third parties. *See* Exhibit C.

(b)      Transportation, Hotels, and Meals: $3,317.64  In connection with the prosecution of this case, G&E has paid for travel expenses to attend a court hearing, mediation and in preparation for a client deposition. The date, destination, and purpose of each trip is set forth in Exhibit D.

4918-1301-9798.v1

(c)    Transcription Services: $1,549.00.    The vendors who were paid for deposition transcripts are listed in Exhibit E.

(d)    Mediation Services: $17,500.00.    These are the fees for the mediation conducted by David Murphy, Esq. of Phillips ADR Enterprises, P.C., which led to the settlement of this Litigation.

(e)    Duplication Services: $296.20.    Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the duplication services were identified as related to this case.

(f)    E-Discovery Data Hosting and Processing Services: $1,431.00.    G&E utilized an e-discovery vendor in order to host, review, and produce client documents requested by Defendants during discovery.    The vendor paid for e-discovery services is listed in Exhibit B.

(g)    Case-Related Research: $1,251.98.    This category includes vendors such as Westlaw, LexisNexis, Courtlink and PACER.    These resources were used to obtain access to legal research databases.    This expense represents the expense incurred by G&E for use of these services in connection with this Litigation.    The charges for these vendors vary depending upon the type of services requested.

8.    The expenses pertaining to this case are reflected in the books and records of G&E. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

9.    The identification and background of G&E and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.    Executed this 7th day of April 2026, at New York, New York.

- 3 -

4918-1301-9798.v1

KARIN E. FISCH

4918-1301-9798.v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2026.

s/ Michael G. Capeci
MICHAEL G. CAPECI