UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:23-cv-13065-WGY <br><br> CLASS ACTION |
| Plaintiff, | ) ) ) | DECLARATION OF MITCHELL M.Z. TWERSKY FILED ON BEHALF OF ABRAHAM, FRUCHTER & TWERSKY, |
| vs. | ) ) | LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND |
| MERCURY SYSTEMS, INC., et al., | ) ) | EXPENSES |
| Defendants. | ) ) ) | |

4918-1301-9798.v1

I, Mitchell M.Z. Twersky, declare as follows:

1.    I am a partner at the firm of Abraham, Fruchter & Twersky, LLP (the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.    This Firm is counsel of record for plaintiff University of Puerto Rico Retirement System ("UPRRS").

3.    The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.    After the reductions referred to above, the number of hours spent on the Litigation by my Firm is 275.70.  A breakdown of the lodestar is provided in Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $288,300.00.  The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other securities class action litigation.  The Firm's rates are set based on periodic analysis of rates charged by firms

1

performing comparable work both on the plaintiff and defense side.  For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.    My Firm seeks an award of $997.70 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in Exhibit B.

6.    The following is additional information regarding certain of these expenses:

(a)    Transportation, Hotels, and Meals: $734.23. In connection with the prosecution of this case, the Firm has paid, among other things, for travel expenses to defend UPRRS's deposition in Puerto Rico.  The date, destination, and purpose of such travel is set forth in Exhibit C.

(b)    Online Legal and Factual Research: $224.64. This category includes vendors such as PACER, Westlaw and Bloomberg. These resources were used to obtain access to legal and factual research and for cite-checking of briefs.  This expense represents the expense incurred by the Firm for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested. This is set forth in Exhibit D.

(c)    Shipping Fees: $38.83.  These are the fees paid to ship courtesy copies via Federal Express. This is set forth in Exhibit E.

7.    The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

2

8.      The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st day of March, 2026, at New York, New York.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 7, 2026.

s/ Michael G. Capeci

MICHAEL G. CAPECI