UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTH COLLIER FIRE CONTROL AND RESCUE DISTRICT FIREFIGHTERS' PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERCURY SYSTEMS, INC., et al.,<br><br>Defendants. | No. 1:23-cv-13065-WGY<br><br><u>CLASS ACTION</u><br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff Carpenters Pension Trust Fund for Northern California and named plaintiffs North Collier Fire Control and Rescue District Firefighters' Pension Plan and University of Puerto Rico Retirement System (together, "Plaintiffs"), on behalf of themselves and the proposed Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Awards to Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4).[1]

## I. INTRODUCTION

In accordance with the Court's Order Preliminarily Approving Settlement and Providing for Notice (ECF 146) (the "Preliminary Approval Order"), the Court-approved Claims Administrator for the Settlement, Verita Global ("Verita"), conducted an extensive notice program, including mailing or emailing over 50,900 Postcard Notices to potential Class Members and their nominees.[2] The Postcard Notice directed Class Members to the settlement website and the long form Notice, which informed recipients of, among other things, the essential terms of the $32,500,000 Settlement, the Plan of Allocation, and Lead Counsel's intention to apply to the Court for attorneys' fees in an amount not to exceed 30% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $425,000, plus interest on both amounts.

---

[1] All capitalized terms not defined herein have the same meanings used in the Stipulation of Settlement filed on December 1, 2025 (ECF 145) (the "Stipulation").

[2] *See* Supplemental Declaration of Ross D. Murray Regarding: (A) Continued Dissemination of Notice; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received to Date, dated May 5, 2026 ("Supp. Mailing Decl."), submitted herewith.

In addition, the Notice and Proof of Claim and Release form, along with the papers in support of final approval of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and Expense Application, were made available on the website established for the Litigation, www.MercurySecuritiesSettlement.com. *See* ECF 157 at ¶14; Supp. Mailing Decl., ¶6. The Summary Notice was published in the national edition of *The Wall Street Journal* and transmitted once over *Business Wire*, a national newswire service, on January 15, 2026. *See* ECF 157 at ¶11.

The deadline to file objections to any aspect of the Settlement or for persons to request exclusion from the Class (April 21, 2026) has now passed. ECF 146, ¶¶17, 20. Plaintiffs and Lead Counsel are pleased to advise the Court that they have not received a single objection to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or awards to Plaintiffs. In addition, five requests for exclusion from the Class were received. *See* Supp. Mailing Decl., ¶8. As discussed in Plaintiffs' opening papers, Plaintiffs endorse both the Settlement and Lead Counsel's requested attorneys' fees and expenses in sworn declarations (*see generally* ECF 154, 155, 156). Plaintiffs' support and the total absence of objections are testaments to the fairness, adequacy, and reasonableness of the Settlement, the Plan of Allocation, and the Fee and Expense Application. Therefore, and for all the reasons set forth in the briefs and declarations filed in support, Plaintiffs respectfully request that the Court approve the Settlement, Plan of Allocation, and the Fee and Expense Application.

## II. ARGUMENT

### A. The Class's Reaction Strongly Supports Approval of the Settlement and Plan of Allocation

Plaintiffs and Lead Counsel respectfully submit that the opening papers in support of the motion for final approval of the proposed $32,500,000 Settlement and Plan of Allocation amply

demonstrate that the motion should be granted. Now that the time for submitting objections has passed, the Class's reaction to the Settlement further supports approval.

Courts recognize that the "'favorable reaction of [the] class to settlement, albeit not dispositive, constitutes strong evidence of fairness of proposed settlement and supports judicial approval.'"[3] *Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015); *see also Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) ("The number of requests for exclusion from the settlement, as well as the number and substance of objections filed . . . . constitutes strong evidence of fairness of proposed settlement and supports judicial approval."). Following the extensive notice program undertaken in accordance with the Court's Preliminary Approval Order, the fact that there was not a single objection to the Settlement strongly supports approval.

Similarly, there have been no objections to the Plan of Allocation. As discussed in Plaintiffs' opening papers, like the Settlement as a whole, the Plan of Allocation must be fair and reasonable. *See Hill*, 2015 WL 127728, at *11 ("A plan for allocating settlement proceeds, like the settlement itself, should be approved if it is fair, reasonable and adequate."). Here, Lead Counsel believes that the Plan of Allocation, which was developed after careful consideration and analysis and in consultation with a damages expert, is fair and reasonable. The Class's reaction provides additional strong support for approving the Plan of Allocation.

### B. The Class's Reaction Also Strongly Supports Approval of Lead Counsel's Fee and Expense Application

As is true with the Settlement, not a single Class Member has objected to Lead Counsel's motion for an award of attorneys' fees of 25% of the Settlement Fund, payment of litigation

[3] Citations are omitted and emphasis added throughout unless otherwise indicated.

expenses of $381,236.78, and payments of $4,013.00 to Plaintiffs, in the aggregate, pursuant to the Private Securities Litigation Reform Act of 1995. All of these awards are notably ***less*** than the amounts provided in the Notice and Postcard Notice to the Class. The fact that there are no objections to Lead Counsel's Fee and Expense Application is strong evidence that the requested amount of fees and expenses is reasonable. *See Hill*, 2015 WL 127728, at *19 ("[T]he favorable reaction of the class . . . support[s] approval of the requested fees."); *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 351 (D. Mass. 2015) (finding "overwhelmingly positive" reaction of class to settlement and "quite low number of opt-outs" weighed in favor of requested fee), *aff'd*, 809 F.3d 78 (1st Cir. 2015).

## III. CONCLUSION

For the foregoing reasons, and for the reasons detailed in Plaintiffs' and Lead Counsel's opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve: (i) the Settlement; (ii) the Plan of Allocation; and (iii) Lead Counsel's request for attorneys' fees and expenses, including awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4). Proposed orders are submitted herewith.

DATED: May 5, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN (*pro hac vice*)
MICHAEL G. CAPECI (*pro hac vice*)
MAGDALENE ECONOMOU (*pro hac vice*)
JONATHAN A. OHLMANN (*pro hac vice*)

s/ Michael G. Capeci
MICHAEL G. CAPECI

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com
meconomou@rgrdlaw.com
johlmann@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
SPENCER A. BURKHOLZ (*pro hac vice*)
LAURA ANDRACCHIO (*pro hac vice*)
ASHLEY M. PRICE (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
landracchio@rgrdlaw.com
aprice@rgrdlaw.com

GRANT & EISENHOFER P.A.
KARIN E. FISCH (*pro hac vice*)
CECILIA E. STEIN (*pro hac vice*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: 646/722-8500
646/722-8501 (fax)
kfisch@gelaw.com
cstein@gelaw.com

Lead Counsel for Lead Plaintiff

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: 781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Local Counsel

KRAW LAW GROUP
GEORGE M. KRAW
LISA SCHWANTZ
605 Ellis Street, Suite 200
Mountain View, CA 94043
Telephone: 650/314-7800
650/314-7899 (fax)
gkraw@kraw.com
lschwantz@kraw.com

Additional Counsel for Lead Plaintiff

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
JACK G. FRUCHTER
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: 212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
jfruchter@aftlaw.com

Additional Counsel for University of Puerto Rico Retirement System

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 5, 2026.

s/ Michael G. Capeci
MICHAEL G. CAPECI